IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **LaSHAN ARCENEAUX,** *Individually,* and as next friend of **M.O.,** *a minor,* | )( | Civil Action No.: 4:17-cv-3234 |
| *Plaintiff,* | )( )( )( | |
| V. | )( )( | (JURY TRIAL) |
| **KLEIN ISD,** *et al.,* | )( )( | |
| *Defendants.* | )( | |

**PLAINTIFF'S 1st AMENDED ORIGINAL COMPLAINT FOR
DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, and DAMAGES**

TO THE HONORABLE JUDGE OF THE COURT:

NOW COMES PLAINTIFF LaSHAN ARCENEAUX, *Individually, and as next friend of* **M.O.,** *a minor;* complaining of **KLEIN INDEPENDENT SCHOOL DISTRICT and BRET CHAMPION, BRIAN GREENEY, LANCE ALEXANDER, BENJIE ARNOLD, MARGARET BOLLATO, THOMAS HENSLEY, STEPHEN NAETZKER, JENNIFER WALTON, and KIMBERLY WALTERS**, all Individually, and amends her complaint *as a matter of course* pursuant to FRCP 15 and will show the following:

### I.   INTRODUCTORY STATEMENT

1.   M.O., 17, a student at Klein Oak High School (Klein Oak), has respectfully sat for the Pledge of Allegiance (the Pledge) hundreds of times between starting high school in 2014 and the date of this filing. She intends to continue doing so despite repeated harassment by both classmates and Klein Oak teachers and administrators, and despite the failure of Klein Oak administrators to take adequate measures to protect her rights. During the 2014-15 academic year, the harassment came at the hands of teacher, Stephen Naetzker. Jennifer Walton, M.O.'s

journalism teacher, harassed her for the practice during the 2015-16 school year. Her 2016-17 school year was marred by a woefully inadequate response to bullying of M.O. by a classmate and by a perceived need to avoid potential harassment from sociology teacher Benjie Arnold. Throughout current 2017-18 academic year has been punctuated by repeated instances of derisive treatment and opprobrium by Mr. Arnold. The harassment to which M.O. was subjected caused her mother, LaShan Arceneaux (LaShan), to withdraw M.O. from Klein Oak in favor of homeschooling, at her own expense, during the spring semester of the 2016-17 academic year. Throughout this three-and-a-half-year period, M.O.'s class principal, Kimberly Walters, and her guidance counsellor, Margaret Bollato, despite knowledge of these continuing violations repeatedly failed to take actions sufficient to prevent the violations. Between 2014 and the summer of 2017, Klein Oak Principal Brian Greeney also failed to take action to protect M.O.'s rights. Since the summer of 2017, Principal Greeney's successor, Thomas Hensley, has similarly failed to deter such violations.

2.     The right of a public student not to be forced to stand for the Pledge is a very old one. *West Virginia Bd. of Ed. v. Barnette*, 319 U.S. 624, 63 S. Ct. 1178, 87 L. Ed. 1628 (1943) ("We think the action of the local authorities in compelling the flag salute and pledge transcends constitutional limitations on their power and invades the sphere of intellect and spirit which it is the purpose of the First Amendment to our Constitution to reserve from all official control"). The plaintiff seeks appropriate declaratory and injunctive relief, as well as damages, to remedy these violations.

## II.     JURISDICTION AND VENUE

3. This is an action arising under 42 U.S.C. §§ 1983 and 1988 to redress the deprivation, under color of state law, of rights secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution.

4. Declaratory relief is authorized by Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 and 2202.

5. This Court has jurisdiction under 28 U.S.C. § 1331 (federal questions jurisdiction) and § 1343 (civil rights jurisdiction).

6. This Court has supplemental jurisdiction over Plaintiff's state claims under 28 U.S.C. §1367.

7. Venue in this district is proper under 28 U.S.C. § 1391(b)(1), because each of the defendants resides in this district, and under § 1391(b)(2), because a substantial part of the events giving rise to the Plaintiffs' claims occurred in this district.

### III.   PARTIES

8. Plaintiff LaShan Arceneaux, individually and as next friend of her minor daughter, M.O., is a resident of Harris County, Texas.

9. Defendant Klein Independent School District (Klein ISD) is a governmental entity existing under the laws of the state of Texas and located in Harris County, Texas and was served with process.

10. Defendant Bret Champion is an individual and resident of Harris County, Texas and was served with process.

11. Defendant Brian Greeney is an individual and resident of Harris County, Texas and can be served with process at 22603 Northcrest Drive, Klein, Texas 77389 or wherever he is found.

12. Defendant Thomas Hensley is an individual and resident of Harris County, Texas and can be served with process at 22603 Northcrest Drive, Klein, Texas 77389 or wherever he is found.

13. Defendant Kimberly Walters is an individual and resident of Harris County, Texas and can be served with process at 22603 Northcrest Drive, Klein, Texas 77389 or wherever she is found.

14. Defendant Lance Alexander is an individual and resident of Harris County, Texas and can be served with process at 22603 Northcrest Drive, Klein, Texas 77389 or wherever he is found.

15. Defendant Benjie Arnold is an individual and resident of Harris County, Texas and can be served with process at 22603 Northcrest Drive, Klein, Texas 77389 or wherever he is found.

16. Defendant Margaret Bollato is an individual and resident of Harris County, Texas and can be served with process at 22603 Northcrest Drive, Klein, Texas 77389 or wherever she is found.

17. Defendant Stephen Naetzker is an individual and resident of Harris County, Texas and can be served with process at 22603 Northcrest Drive, Klein, Texas 77389 or wherever he is found.

18. Defendant Jennifer Walton is an individual and resident of Harris County, Texas and can be served with process at 22603 Northcrest Drive, Klein, Texas 77389 or wherever she is found.

## IV. FACTS

19. LaShan Arceneaux is the mother of M.O., 17.

20. Texas law directs each school district to "require students, once during each school day at each campus, to recite (1) the pledge of allegiance to the United States flag . . . and (2) the pledge of allegiance to the state flag . . ." (collectively, the Pledge). Tex. Educ. Code § 25.082.

21. The Klein ISD School Board's policy regarding the Pledge is stated in the Board Policy Manual (the Policy Manual), which states:

> A board shall require students, once during each school day, to recite the pledges of allegiance to the United States and Texas flags.
>
> On written request from a student's parent or guardian, a district shall excuse the student from reciting a pledge of allegiance.

Klein Indep. Sch. Dist., Klein ISD Board Policy Manual, Policy EC(LEGAL), School Day (Nov. 5, 2015), https://pol.tasb.org/Policy/Download/595?filename=EC(LEGAL).pdf.

22. The Policy Manual explains that the designation "(LEGAL)" denotes "the working core of legal provisions, critical to day-to-day, month-to-month decision making, regarding District governance and management." Klein Indep. Sch. Dist., Klein ISD Board Policy Manual, Policy EC(LEGAL), Introduction, (Mar. 27, 2014), https://pol.tasb.org/Policy/Download/595?filename=A18(LEGAL).pdf.

23. In accordance with Klein ISD policy, Klein Oak High School (Klein Oak) provides a daily opportunity for students to participate in the recitation of the Pledge. During the 2014-15, 2015-16, and 2016-17 academic years, the Pledge was recited in a different period each day. In the 2017-18 academic year, the Pledge recitation occurs every day during second period.

**Stephen Naetzker repeatedly takes disciplinary action against M.O. for refraining from the Pledge.**

24. In approximately September of 2014, M.O. was seated in Defendant Stephen Naetzker's World Geography classroom when the Pledge recitation took place. M.O. did not stand for the recitation.

25. As a result of M.O.'s failure to join her classmates in reciting the Pledge, Mr. Naetzker issued a "write up" for M.O. a form of discipline at Klein Oak.

26. In response to the "write up," M.O. was sent to the office of Defendant Kimberly Walters, the principal for M.O.'s class. In Principal Walters' office, M.O. told Principal Walters that Mr. Naetzker wrote her up for sitting out the Pledge. Principal Walters informed her that Mr. Naetzker had the right to write her up for not standing because of his military service.

27. Upon information and belief, Principal Walters took no action against Stephen Naetzker for his discipline of M.O.

28. On the final day of classes before the 2014 Thanksgiving break, on or around November 26, 2014, Stephen Naetzker confiscated M.O.'s phone because of what he described as the "lack of respect" she demonstrated by sitting out the Pledge. He told her she would get her phone back at the end of the day.

29. After classes ended for the day, M.O. returned to Mr. Naetzker to retrieve her phone. Rather than return her property, however, Mr. Naetzker escorted her to her school bus. Principal Walters was on "bus duty" that afternoon. Mr. Naetzker handed M.O.'s phone to Principal Walters, who returned it to M.O.

30. Principal Walters told M.O. at the time that they would discuss her issue with Mr. Naetzker after the break. No such conversation took place.

31. During the spring semester of the 2014-15 school year, Mr. Naetzker read passages from the Holy Bible[1] to his class on several occasions.

**Jennifer Walton repeatedly singles out M.O. for refraining from participation in the Pledge**

32. Late in the fall semester of the 2015-16 school year, M.O. was sitting in the classroom of Defendant Jennifer Walton, her journalism teacher, when the daily Pledge recital took place. When Jennifer Walton saw that M.O. had remained seated, she instructed M.O. to stand. M.O. refused.

33. After journalism class ended that day, M.O. had a lengthy discussion with Jennifer Walton concerning her decision not to stand for the Pledge.

34. Following their discussion, when the Pledge again occurred in Jennifer Walton's class, she singled M.O. out for remaining seated and again instructed her to stand. M.O. refused.

35. Approximately one week later, M.O. discussed Jennifer Walton's actions with her guidance counsellor, Defendant Margaret Bollato. Bollato recommended that M.O. either stand for the Pledge in Walton's class or switch out of Walton's class at the winter break in order to avoid the conflict.

36. For the remainder of the fall 2015 semester, M.O. continued to sit for the Pledge, including in Jennifer Walton's class. Jennifer Walton continued to single M.O. out for her decision and occasionally directed M.O. to stand for the Pledge.

37. During the break between the fall 2015 and spring 2016 semesters, M.O. decided to switch out of Jennifer Walton's journalism class and instead enroll in the Klein Oak Debate Team in the spring semester of 2016.

38. No disciplinary action was taken against Jennifer Walton for singling M.O. out in class for peacefully and non-disruptively engaging in free speech.

---

[1] The Holy Bible is the main religious text of the Christian religion.

**Encounter with Principal Lance Alexander**

39.     In the spring semester of the 2015-16 school year, M.O. had left her classroom to run a teacher-approved errand. While M.O. was walking down the hall, the Pledge began over the school's intercom public address system. As the Pledge continued, M.O. encountered Defendant Principal Lance Alexander in the hallway, who instructed her to stop walking during the Pledge. M.O. stopped momentarily, but then continued walking, to which Principal Alexander rolled his eyes and made a disapproving noise.

40.     Later that day, M.O. spoke to Principal Walters about the incident and the prior instances of teachers treating her negatively for her decision not to participate in the Pledge. M.O. asked if Principal Alexander could be informed that she had the right to not stop walking during the Pledge, at which point Principal Walters asked M.O. to leave the office.

41.     During the summer of 2016, LaShan and M.O. met with Defendant Dr. Brian Greeney, Klein Oak's principal at the time, to discuss what steps could be taken to avoid conflicts over the Pledge in the future. Principal Greeney assured them that nothing would happen in the coming year and that he would talk to the teachers and staff during the training session taking place before the new school year began.

**Veterans Day, 2016**

42.     Between the start of the 2016-17 academic year and November 11, 2016, M.O. consistently refrained from participating in the daily recitation of the Pledge.

43.     On November 11, 2016, Veterans Day, M.O. again sat out the Pledge.

44.     The recitation took place while M.O. was in her algebra classroom, though her teacher, Juddy Burks, was not in the classroom at the time.

45. In response to M.O.'s decision to sit during the Pledge that day, another classmate, H.R., stood up from her desk and called M.O. a "bitch."

46. Immediately after the incident in Mr. Burks's classroom and while still on school grounds, H.R. harassed M.O. by posting at least four pictures on the social media platform Snapchat, one of which included the message: "Like if you don't respect [our] country then get the fuck out of it[.]"

47. Upon hearing about this incident, LaShan sent an email to Principal Walters in which she stated:

> [H.R.] took it upon herself to call [M.O.] out for not saying the pledge and got the other student to join in. This occurred in Coach Burks's class. He was out of the room. [M.O.] has [H.R.] in her next class as well.
>
> Her behavior was uncalled for and abusive. I am beyond tired today and will no longer tolerate this type of behavior. Students do it because it's allowed and they know they can get away with it because there are no repercussions for their actions.
>
> Can you please address this issue. I will stand behind my daughter's right to not say the pledge (in a silent, respectful manner).

48. Upon information and belief, Klein ISD expressly prohibits "the bullying of any student on school property, including a school bus and at any school-related or school-sponsored activity on or off campus."

49. Upon information and belief, in response to this incident, H.R. was told that if she apologized for her actions, she would not face punishment.

50. Later on November 11, 2016, H.R. apologized to M.O. in Principal Walters' office, stating that she did it because members of her family are in the military.

51. On November 14, 2016, LaShan sent an email to Principal Greeney and Defendant Bret Champion, Klein ISD's superintendent, informing them that the school was

failing to address the ongoing issue and that school officials had repeatedly placed the onus for dealing with the issue on M.O.

52. On or about December 9, 2016, M.O. encountered H.R. at school while waiting at the elevators. H.R. said to a classmate, "There's the bitch that sits for the Pledge."

53. Later that day, upon hearing about this second incident with H.R., LaShan called Principal Walters, who then asked that M.O. come to her office so the three of them could discuss the incident.

54. During the call, LaShan stated that she was considering taking legal action, at which point Principal Walters used a two-way radio to request assistance.

55. When M.O. left Principal Walters' office, Principals Schwebach and Crowson, as well as several school police officers equipped with Tasers and firearms, were waiting outside the office.

56. M.O. informed them that she was going to go back to her classroom to collect her things and then wait outside the building for LaShan to pick her up.

57. Principals Schwebach and Crowson and the officers escorted M.O. back to her classroom to collect her belongings.

58. While escorting M.O., Principal Crowson accused M.O. of acting like a criminal.

59. While collecting her belongings, M.O. asked a classmate, M.G., to accompany her as a witness. That student and the teacher, Angie Richard, accompanied M.O. back into the hall.

60. Upon encountering school police officers and principals outside the classroom, Ms. Richard took the M.G. by the arm and returned to the classroom.

61. M.O. was then escorted to the door of the school, at which point she went out of the building alone to the parking lot, where she waited by the flag pole for her mother to arrive.

62. When LaShan arrived at the school, she and M.O. went back inside and waited outside Principal Greeney's office.

63. Principal Greeney and Principal Walters were speaking inside Principal Greeney's office.

64. When Principal Walters left Principal Greeney's office, she directed M.O. and LaShan inside.

65. During the ensuing conversation, LaShan reiterated that she would be pursuing legal action, and Principal Greeney acknowledged that the harassment M.O. faced had been an ongoing problem.

66. The day after the conversation with Principal Greeney, H.R. was removed from the classes M.O. shared with her for the remainder of the fall semester.

**LaShan withdraws M.O. from Klein Oak in favor of homeschooling**

67. When classes resumed after the winter break, M.O. was enrolled in the Sociology class taught by Defendant Benjie Arnold (Benjie Arnold). Principal Greeney removed M.O. from Benjie Arnold's sociology class on the first day of the semester.

68. Upon information and belief, Principal Greeney removed M.O. from Benjie Arnold's class because H.R. was also in the class and because he believed M.O.'s practice of sitting during the recitation of the Pledge would create conflict with Benjie Arnold, despite M.O.'s interest in the course material.

69. Shortly after M.O. was withdrawn from Benjie Arnold's sociology class, LaShan withdrew her from Klein Oak and chose to homeschool M.O. instead, at her own expense, a decision which was substantially motivated by the treatment M.O. had been subjected to at Klein Oak.

70. While homeschooled, M.O. continued to participate in debate competitions though she was advised by the school that she could not represent Klein Oak at the competitions and that any costs associated with the competitions would be incurred by LaShan.

71. Between January 26, 2017 and August 21, 2017, LaShan incurred expenses in excess of $10,000 as a consequence of M.O.'s homeschooling.

72. During the summer of 2017, Principal Greeney left Klein Oak.

73. Defendant Thomas Hensley replaced Brian Greeney as Principal of Klein Oak.

74. On August 15, 2017, the American Atheists Legal Center, on behalf of LaShan and M.O., sent a letter to Principal Hensley informing him that M.O. would be returning to Klein Oak for the 2017-18 academic year and asking that Hensley "to ensure that [M.O.]'s constitutional rights are respected during her final year at Klein Oak."

75. In a letter dated August 22, 2017, Ellen H. Spalding, Esq., the attorney representing Klein ISD, responded that "KISD Policy allows a student to be excused from participation in the Pledge of Allegiance" and that Klein Oak administrators were "aware [M.O. would be] returning to Klein Oak High School, and they are pleased that she is."

**Benjie Arnold repeatedly calls attention to, and disparages, M.O.'s decision to exercise her free speech right.**

76. By the start of the 2017-2018 school year on August 21, 2017, it was widely known among the student body that M.O. regularly refrained from reciting the Pledge.

77. On August 21, 2017, M.O. resumed attending classes at Klein Oak.

78. On August 24, 2017, Benjie Arnold told the students in his sociology class, including M.O., that sitting for the Pledge was a privilege, not a right, and that people who sit for the Pledge are unappreciative and disrespectful, stating that all they do is take from society.

79. On September 20, 2017, Benjie Arnold played "Born in the U.S.A.," by Bruce Springsteen, instructing the class to write down how the song made them feel. He then gave the students a timed assignment to write down the words to the Pledge of Allegiance, indicating that, because it was written, the students were not actually pledging allegiance to the country.

80. M.O. did not write the words of the Pledge.

81. On September 21, 2017, Benjie Arnold told the class that anyone who did not complete the Pledge assignment would receive a zero and compared people who refuse to say the Pledge to Soviet communists, members of the Islamic faith seeking to impose Sharia law, and those who condone pedophilia. He then distributed all the Pledge assignments to the wrong students and had them redistribute the assignments to the correct classmate, as is his practice.

82. Between September 21, 2017 and this filing, Benjie Arnold has subjected M.O. to significantly harsher treatment than any other student by, among other behavior, berating her in class for wrong answers, calling her out because he could not "see her eyes," and instructing her to move her desk into the middle of the aisle.

## V.   LEGAL CLAIMS

### Count 1: Violation of the 1st Amendment - Freedom of Speech

83. Plaintiff reasserts all previous paragraphs.

84. The First Amendment to the United States Constitution, as incorporated and made applicable to the states by the Fourteenth Amendment, provides that "Congress shall make no law . . . abridging the freedom of speech. . . ."

85. This First Amendment right extends to public school students who do not wish to be forced to stand for the Pledge. *West Virginia Bd. of Ed. v. Barnette,* 319 U.S. 624, 63 S. Ct. 1178, 87 L. Ed. 1628 (1943).

86. Defendants Lance Alexander, Benjie Arnold, Stephen Naetzker, Jennifer Walton, and Kimberly Walters retaliated against M.O. for exercising her constitutional right to engage in protected speech.

87. Defendants Klein ISD, Bret Champion, Brian Greeney, Thomas Hensley, and Margaret Bollato were made aware of the retaliations against M.O. by Defendants Lance Alexander, Benjie Arnold, Stephen Naetzker, Jennifer Walton, and Kimberly Walters but failed to take steps to remedy the violations and prevent future violations from occurring.

88. The actions of these defendants, governmental actors acting under color of state law and whose actions are attributable to the state, constitute violations of M.O.'s First Amendment right to freedom of speech.

### Count 2: Violation of the First Amendment - Establishment of Religion

89. Plaintiff reasserts all previous paragraphs.

90. The First Amendment to the United States Constitution, as incorporated and made applicable to the states by the Fourteenth Amendment, provides that "Congress shall make no law respecting the establishment of religion . . . ."

91. This First Amendment right extends to public school students, including those who do not wish to recite the Pledge due to its religious content. *Epperson v. Arkansas*, 393 U.S. 97, 106-07 (1968).

92. Defendants Lance Alexander, Benjie Arnold, Stephen Naetzker, Jennifer Walton, and Kimberly Walters singled M.O. out, subjected her to derision and opprobrium, and otherwise discriminated against M.O. for her sincerely held beliefs, exhibited by her choice to refrain from participating in the daily recitation of the Pledge.

93. Defendants Klein ISD, Bret Champion, Brian Greeney, Thomas Hensley, and Margaret Bollato were made aware of the discrimination against M.O. by Defendants Lance Alexander, Benjie Arnold, Stephen Naetzker, Jennifer Walton, and Kimberly Walters but failed to take steps to remedy the violations and prevent future violations from occurring.

94. The actions of these defendants, governmental actors acting under color of state law and whose actions are attributable to the state, constitute violations of M.O.'s First Amendment right to be free from religious establishment.

### Count 3: Violation of the First Amendment - Free Exercise of Religion

95. Plaintiff reasserts all previous paragraphs.

96. The First Amendment to the United States Constitution, as incorporated and made applicable to the states by the Fourteenth Amendment, provides that "Congress shall make no law . . . prohibiting the free exercise [of religion]. . . ."

97. This First Amendment right extends to public school students. *West Virginia Bd. of Ed. v. Barnette,* 319 U.S. 624, 63 S. Ct. 1178, 87 L. Ed. 1628 (1943).

98. Defendants Lance Alexander, Benjie Arnold, Stephen Naetzker, and Jennifer Walton coerced, or attempted to coerce, M.O. into reciting the Pledge, including its religious content, against her sincerely held beliefs.

99. Defendants Klein ISD, Bret Champion, Brian Greeney, Margaret Bollato, Thomas Hensley, and Kimberly Walters were made aware of the attempts by Defendants Lance Alexander, Benjie Arnold, Stephen Naetzker, and Jennifer Walton to coerce M.O. to engage in religious observance counter to her sincerely held beliefs, but failed to take steps to remedy the violations and prevent future violations from occurring.

100. By coercing M.O. to recite the Pledge, including the declaration that the United States is "one nation, under God," Defendants Klein ISD, Bret Champion, Brian Greeney, Lance Alexander, Benjie Arnold, Margaret Bollato, Thomas Hensley, Stephen Naetzker, Jennifer Walton, and Kimberly Walters interfered in LaShan's right as a parent to determine and guide the religious upbringing of her child.

101. The actions of Defendants Klein ISD, Bret Champion, Brian Greeney, Lance Alexander, Benjie Arnold, Margaret Bollato, Thomas Hensley, Stephen Naetzker, Jennifer Walton, and Kimberly Walters, governmental actors acting under color of state law and whose actions are attributable to the state, constitute violations of M.O.'s First Amendment right to freely exercise her sincerely held beliefs.

### Count 4: Violation of the Fourteenth Amendment - Equal Protection

102. Plaintiff reasserts all previous paragraphs.

103. The Fourteenth Amendment to the Constitution provides that "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws."

104. Defendants Lance Alexander, Benjie Arnold, Margaret Bollato, Stephen Naetzker, Jennifer Walton, and Kimberly Walters singled M.O. out, subjected her to derision and opprobrium, and otherwise discriminated against M.O. for her sincerely held beliefs, exhibited by her choice to refrain from participating in the daily recitation of the Pledge.

105. Defendants Klein ISD, Bret Champion, Brian Greeney, and Thomas Hensley were made aware of the discrimination against M.O. by Defendants Lance Alexander, Benjie Arnold, Margaret Bollato, Stephen Naetzker, Jennifer Walton, and Kimberly Walters but failed to take steps to remedy the violations and prevent future violations from occurring.

106. The actions of these defendants, governmental actors acting under color of state law and whose actions are attributable to the state, constitute violations of M.O.'s Fourteenth Amendment right to the equal protection of the laws.

### Count 5: Violation of the Fourteenth Amendment - Due Process

107. Plaintiff reasserts all previous paragraphs.

108. The Fourteenth Amendment to the Constitution provides that "No State shall . . . deprive any person of life, liberty, or property, without due process of law."

109. Defendant Stephen Naetzker deprived M.O. of her liberty and property without due process of law.

110. Defendant Kimberly Walters deprived M.O. of her liberty and property without due process of law. In addition, Defendant Kimberly Walters was aware of Stephen Naetzker's deprivation of M.O.'s liberty and property without due process but failed to take steps to remedy the violation.

111. Defendants Klein ISD, Bret Champion, and Brian Greeney were aware of the deprivations by Defendants Stephen Naetzker and Kimberly Walters but failed to take steps to remedy the violations and prevent future violations from occurring.

112. The actions of, , and Kimberly Walters, governmental actors acting under color of state law and whose actions are attributable to the state, constitute violations of M.O.'s Fourteenth Amendment right not to be deprived of property or liberty without due process of law.

### Count 6: Violation of Tex. Civ. Prac. & Rem. Code § 110.003 - Substantial Burden on Religious Exercise

113. Plaintiff reasserts all previous paragraphs.

114.  Section 110.003 of the Texas Civil Practice and Remedies Code prohibits the government from substantially burdening a sincerely held belief. Violation of § 110.003 entitles a plaintiff to, *inter alia*, declaratory relief, injunctive relief, and reasonable attorney's fees and costs.

115.  Benjie Arnold substantially burdened M.O.'s sincerely held beliefs by coercing or attempting to coerce her into reciting the Pledge, including its religious content, against her sincerely held beliefs.

116.  LaShan and M.O. received assurances from Klein ISD's attorney on August 22, 2017 that her rights would be protected.

117.  In light of Klein ISD's assurances, LaShan and M.O. could not anticipate that Benjie Arnold would begin burdening M.O.'s free exercise of her beliefs on August 24, 2017.

118.  The extremely short amount of time between Klein ISD's assurances and Benjie Arnold's actions did not provide enough time for LaShan and M.O. to provide Klein ISD notice of the impending burden, rendering the notice requirement contained in § 110.006(a) inapplicable. Tex. Civ. Prac. & Rem. Code § 110.006(b).

119.  Klein ISD was aware of the likelihood that Benjie Arnold would be hostile toward M.O. as a result of her decision to sit out the Pledge, but failed to take steps to prevent future violations by Benjie Arnold from occurring.

120.  Klein ISD's failure to act to prevent Benjie Arnold's coercive actions placed a burden on M.O.'s ability to exercise of her sincerely held beliefs and LaShan's right to determine the religious upbringing of her child.

## VI.  REQUEST FOR RELIEF

**WHEREFORE,** the plaintiff respectfully requests that this Court:

a. Enter judgment awarding the plaintiff compensatory damages against defendants jointly and severally in an amount to be determined;

b. Declare that the defendants have violated the rights of the plaintiffs for the reasons described above;

c. Enter judgment awarding the plaintiff exemplary and punitive damages against the individual defendants;

d. Award the plaintiff reasonable costs and attorneys' fees pursuant to 42 U.S.C. § 1988;

e. Award pre- and post-judgment interest;

f. Order that Klein ISD immediately instruct each and every employee that students have the right to choose not to stand for the Pledge and to discipline any Klein Oak employees that interfere with the exercise of that right.

g. Award all other relief to which plaintiff shows herself entitled.

Respectfully Submitted,
KALLINEN LAW PLLC

/s/ Randall L. Kallinen
Randall L. Kallinen
State Bar of Texas No. 00790995
U.S. Southern District of Texas Bar No.: 19417
Admitted, U.S. Supreme Court, 5th U.S. Circuit Court of Appeals, Eastern, Southern and Western Districts of Texas
511 Broadway Street
Houston, Texas 77012
Telephone: 713.320.3785
FAX: 713.893.6737
E-mail: AttorneyKallinen@aol.com
Attorney for Plaintiff

/s/Geoffrey T. Blackwell
GEOFFREY T. BLACKWELL
American Atheists Legal Center
1220 L St. NW, Suite 100-313

Washington, D.C. 20005
Telephone: 908.276.7300, ext. 10
FAX: 908.344.3927
E-mail: legal@atheists.org
Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing has been transmitted to the all counsel appearing in this cause and pro se parties on this the 21st day of December 2017, by filing with the ECF System of the United States District Court for the Southern District of Texas.

/s/ Randall L. Kallinen
Randall L. Kallinen