IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LaSHAN ARCENEAUX, *Individually, and as next friend of* M.O., *a minor,* | § § § | Civil Action No.:4:17-cv-3234 |
| *Plaintiffs,* | § § | |
| v. | § § | JURY TRIAL |
| KLEIN INDEPENDENT SCHOOL DIST., BRET CHAMPION, *Individually,* BRIAN GREENEY, *Individually,* THOMAS HENSLEY, *Individually,* KIMBERLY WALTERS, *Individually,* LANCE ALEXANDER, *Individually,* BENJIE ARNOLD, *Individually,* MARGARET BOLLATO, *Individually,* STEPHEN NAETZKER, *Individually,* JENNIFER WALTON, *Individually,* | § § § § § § § § § § § | |
| *Defendants.* | § | |

**BRET CHAMPION, BRIAN GREENEY, THOMAS HENSLEY, KIMBERLY
WALTERS, LANCE ALEXANDER, AND JENNIFER WALTON'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFFS'
FIRST AMENDED COMPLAINT**

Defendants Bret Champion, Brian Greeney, Thomas Hensley, Kimberly Walters, Lance Alexander, and Jennifer Walton (collectively the KISD individual defendants) file their Answer and Affirmative Defenses to LaShaun Arceneaux, individually and as next friend of M.O., a minor's (collectively Arceneaux) First Amended Complaint (complaint) as follows:

1.      The KISD individual defendants admit that M.O. sat during the Pledge of Allegiance numerous times while attending Klein Oak High School as set forth in

paragraph 1 of the complaint. The KISD individual defendants deny the remaining allegations in paragraph 1 of the complaint.

2.      Paragraph 2 of the complaint does not allege factual allegations requiring admission or denial.

3.      The KISD individual defendants admit the factual allegations set forth in paragraph 3 of the complaint.

4.      The KISD individual defendants admit the factual allegations set forth in paragraph 4 of the complaint.

5.      The KISD individual defendants admit the factual allegations set forth in paragraph 5 of the complaint.

6.      The KISD individual defendants deny the factual allegations set forth in paragraph 6 of the complaint.

7.      The KISD individual defendants admit the factual allegations set forth in paragraph 7 of the complaint.

8.      The KISD individual defendants admit the factual allegations set forth in paragraph 8 of the complaint.

9.      The KISD individual defendants admit the factual allegations set forth in paragraph 9 of the complaint.

10.      The KISD individual defendants admit the factual allegations set forth in paragraph 10 of the complaint.

11.      The KISD individual defendants admit the factual allegations set forth in paragraph 11 of the complaint.

12.   The KISD individual defendants admit the factual allegations set forth in paragraph 12 of the complaint.

13.   The KISD individual defendants admit the factual allegations set forth in paragraph 13 of the complaint.

14.   The KISD individual defendants admit the factual allegations set forth in paragraph 14 of the complaint.

15.   The KISD individual defendants admit the factual allegations set forth in paragraph 15 of the complaint.

16.   The KISD individual defendants admit the factual allegations set forth in paragraph 16 of the complaint.

17.   The KISD individual defendants are without sufficient information to admit or deny the factual allegations set forth in paragraph 17 of the complaint.

18.   The KISD individual defendants admit the factual allegations set forth in paragraph 18 of the complaint.

19.   The KISD individual defendants admit the factual allegations set forth in paragraph 19 of the complaint.

20.   Paragraph 20 of the complaint does not allege factual allegations requiring admission or denial.

21.   The KISD individual defendants admit the factual allegations set forth in paragraph 21 of the complaint.

22.   The KISD individual defendants admit the factual allegations set forth in paragraph 22 of the complaint.

23.     The KISD individual defendants admit the factual allegations set forth in paragraph 23 of the complaint.

24.     The KISD individual defendants admit that M.O. had Naetzker as teacher during the 2014-2015 school year as set forth in paragraph 24 of the complaint. The KISD individual defendants are without sufficient information to admit or deny the remaining allegations set forth in paragraph 24 of the complaint.

25.     The KISD individual defendants admit that Naetzker referred M.O. to the assistant principal's office at least once during the 2014-2015 school year as set forth in paragraph 25 of the complaint.  The KISD individual defendants are without sufficient information to admit or deny the remaining allegations set forth in paragraph 25 of the complaint.

26.     The KISD individual defendants admit that Naetzker referred M.O. to Walters and that M.O. stated to Walters that it was for sitting out the pledge as set forth in paragraph 26 of the complaint.  The KISD individual defendants deny the remaining factual allegations set forth in paragraph 26 of the complaint.

27.     The KISD individual defendants deny the factual allegations set forth in paragraph 27 of the complaint.

28.     The KISD individual defendants admit that on at least one occasion, Naetzker confiscated M.O.'s cell phone and stated that it would be returned at end of the day as set forth in paragraph 28 of the complaint.  The KISD individual defendants deny the remaining allegations set forth in paragraph 28 of the complaint.

29.     The KISD individual defendants admit the factual allegations set forth in paragraph 29 of the complaint.

30.      The KISD individual defendants admit that Walters and M.O. did not discuss cell phone confiscation after the break as set forth in paragraph 30 of the complaint.  The KISD individual defendants deny the remaining allegations set forth in paragraph 30 of the complaint.

31.     The KISD individual defendants are without sufficient information to admit or deny the factual allegations set forth in paragraph 31 of the complaint.

32.     The KISD individual defendants admit that in the fall semester of the 2015-2016 school year, after having previously been standing for pledge, M.O. remained seated and Walton indicated to her that pledge had begun as set forth in paragraph 32 of the complaint.  The KISD individual defendants deny the remaining allegations set forth in paragraph 32 of the complaint.

33.     The KISD individual defendants admit that at some point during the Fall 2015 semester, M.O. approached Walton and discussed not standing for the pledge as set forth in paragraph 33 of the complaint.  The KISD individual defendants deny the remaining allegations set forth in paragraph 33 of the complaint.

34.     The KISD individual defendants deny the factual allegations set forth in paragraph 34 of the complaint.

35.     The KISD individual defendants admit that M.O. discussed her decision to not stand for the pledge with a guidance counselor as set forth in paragraph 35 of the

complaint.  The KISD individual defendants deny the remaining allegations set forth in paragraph 35 of the complaint.

36.    The KISD individual defendants admit that M.O. continued to not stand for pledge for remainder of the 2015-2016 school year as set forth in paragraph 36 of the complaint.  The KISD individual defendants deny the remaining allegations set forth in paragraph 33 of the complaint.

37.    The KISD individual defendants admit the factual allegations set forth in paragraph 37 of the complaint.

38.    The KISD individual defendants admit no disciplinary action was taken against Walters as set forth in paragraph 38 of the complaint. The KISD individual defendants deny the remaining allegations set forth in paragraph 38 of the complaint.

39.    The KISD individual defendants admit that Alexander would tell students walking in halls to stop during morning announcements as set forth in paragraph 39 of the complaint.  The KISD individual defendants deny the remaining allegations set forth in paragraph 39 of the complaint.

40.    The KISD individual defendants admit that M.O. talked to Walters about her alleged encounter with Alexander as set forth in paragraph 40 of the complaint.  The KISD individual defendants deny the remaining allegations set forth in paragraph 40 of the complaint.

41.    The KISD individual defendants admit that Greeney meet with Arceneaux and M.O. during summer of 2016, and that part of the discussion involved M.O.'s decision not to stand during the pledge as set forth in paragraph 41 of the complaint. The KISD

6

individual defendants further admit that Greeney reiterated that she did not need to stand and that teachers had been informed and would be reminded again during training as set forth in paragraph 41 of the complaint.  The KISD individual defendants deny any remaining allegations set forth in paragraph 41 of the complaint.

42.     The KISD individual defendants are without sufficient information to admit or deny the factual allegations set forth in paragraph 42 of the complaint.

43.     The KISD individual defendants are without sufficient information to admit or deny the factual allegations set forth in paragraph 43 of the complaint.

44.     The KISD individual defendants admit the factual allegations set forth in paragraph 44 of the complaint.

45.     The KISD individual defendants admit that M.O. had an altercation with another student as set forth in paragraph 45 of the complaint.  The KISD individual defendants are without sufficient information to admit or deny the remaining allegations set forth in paragraph 45 of the complaint.

46.     The KISD individual defendants are without sufficient information to admit or deny the factual allegations set forth in paragraph 46 of the complaint.

47.     The KISD individual defendants admit the factual allegations set forth in paragraph 47 of the complaint.

48.     The KISD individual defendants admit the factual allegations set forth in paragraph 48 of the complaint.

49.     The KISD individual defendants deny the factual allegations set forth in paragraph 49 of the complaint.

50.     The KISD individual defendants admit the factual allegations set forth in paragraph 50 of the complaint.

51.     The KISD individual defendants admit the factual allegations set forth in paragraph 51 of the complaint.

52.     The KISD individual defendants are without sufficient information to admit or deny the factual allegations set forth in paragraph 52 of the complaint.

53.     The KISD individual defendants admit the factual allegations set forth in paragraph 53 of the complaint.

54.     The KISD individual defendants admit that Arceneaux threatened legal action as set forth in paragraph 54 of the complaint. The KISD individual defendants deny the remaining allegations set forth in paragraph 54 of the complaint.

55.     The KISD individual defendants admit that assistant principals and police officers were in the area, but not in response to M.O. as set forth in paragraph 55 of the complaint.  The KISD individual defendants deny the remaining allegations set forth in paragraph 55 of the complaint.

56.     The KISD individual defendants admit the factual allegations set forth in paragraph 56 of the complaint.

57.     The KISD individual defendants admit that M.O. was escorted back to class and deny the remaining allegations set forth in paragraph 57 of the complaint.

58.     The KISD individual defendants deny the factual allegations set forth in paragraph 58 of the complaint.

59.     The KISD individual defendants are without sufficient information to admit or deny the factual allegations set forth in paragraph 59 of the complaint.

60.     The KISD individual defendants are without sufficient information to admit or deny the factual allegations set forth in paragraph 60 of the complaint.

61.     The KISD individual defendants are without sufficient information to admit or deny the factual allegations set forth in paragraph 61 of the complaint.

62.     The KISD individual defendants admit the factual allegations set forth in paragraph 62 of the complaint.

63.     The KISD individual defendants admit the factual allegations set forth in paragraph 63 of the complaint.

64.     The KISD individual defendants admit the factual allegations set forth in paragraph 64 of the complaint.

65.     The KISD individual defendants deny the factual allegations set forth in paragraph 65 of the complaint.

66.     The KISD individual defendants admit the factual allegations set forth in paragraph 66 of the complaint.

67.     The KISD individual defendants admit that M.O. changed out of Arnold's class, but deny that Greeny made the decision to change M.O.'s schedule as set forth in paragraph 67 of the complaint.

68.     The KISD individual defendants admit that M.O. changed out of Arnold's class, but deny that Greeny made the decision to change M.O.'s schedule as set forth in paragraph 68 of the complaint.

69.     The KISD individual defendants admit that during her junior year, M.O. was withdrawn from Klein Oak by Arceneaux as set forth in paragraph 69 of the complaint. The KISD individual defendants deny the remaining allegations set forth in paragraph 69 of the complaint.

70.     The KISD individual defendants admit the factual allegations set forth in paragraph 70 of the complaint.

71.     The KISD individual defendants are without sufficient information to admit or deny the factual allegations set forth in paragraph 71 of the complaint.

72.     The KISD individual defendants admit the factual allegations set forth in paragraph 72 of the complaint.

73.     The KISD individual defendants admit the factual allegations set forth in paragraph 73 of the complaint.

74.     The KISD individual defendants admit the factual allegations set forth in paragraph 74 of the complaint.

75.     The KISD individual defendants admit the factual allegations set forth in paragraph no. 75 of the complaint.

76.     The KISD individual defendants are without sufficient information to admit or deny the factual allegations set forth in paragraph 76 of the complaint.

77.     The KISD individual defendants admit the factual allegations set forth in paragraph 77 of the complaint.

78.     The KISD individual defendants deny the factual allegations set forth in paragraph 78 of the complaint.

10

79.     The KISD individual defendants admit the factual allegations set forth in paragraph 79 of the complaint.

80.     The KISD individual defendants admit the factual allegations set forth in paragraph 80 of the complaint.

81.     The KISD individual defendants deny the factual allegations set forth in paragraph 81 of the complaint.

82.     The KISD individual defendants deny the factual allegations set forth in paragraph 82 of the complaint.

83.     Paragraph 83 of the complaint does not allege factual allegations requiring admission or denial.

84.     Paragraph 84 of the complaint does not allege factual allegations requiring admission or denial.

85.     Paragraph 85 of the complaint does not allege factual allegations requiring admission or denial.

86.     The KISD individual defendants deny the factual allegations set forth in paragraph 86 of the complaint.

87.     The KISD individual defendants deny the factual allegations set forth in paragraph 87 of the complaint.

88.     The KISD individual defendants deny the factual allegations set forth in paragraph 88 of the complaint.

89.     Paragraph 89 of the complaint does not allege factual allegations requiring admission or denial.

90.     Paragraph 90 of the complaint does not allege factual allegations requiring admission or denial.

91.     Paragraph 91 of the complaint does not allege factual allegations requiring admission or denial.

92.     The KISD individual defendants deny the factual allegations set forth in paragraph 92 of the complaint.

93.     The KISD individual defendants deny the factual allegations set forth in paragraph 93 of the complaint.

94.     The KISD individual defendants deny the factual allegations set forth in paragraph 94 of the complaint.

95.     Paragraph 95 of the complaint does not allege factual allegations requiring admission or denial.

96.     Paragraph 96 of the complaint does not allege factual allegations requiring admission or denial.

97.     Paragraph 97 of the complaint does not allege factual allegations requiring admission or denial.

98.     The KISD individual defendants deny the factual allegations set forth in paragraph 98 of the complaint.

99.     The KISD individual defendants deny the factual allegations set forth in paragraph 99 of the complaint.

100.    The KISD individual defendants deny the factual allegations set forth in paragraph 100 of the complaint.

101.    The KISD individual defendants deny the factual allegations set forth in paragraph 101 of the complaint.

102.    Paragraph 102 of the complaint does not allege factual allegations requiring admission or denial.

103.    Paragraph 103 of the complaint does not allege factual allegations requiring admission or denial.

104.    The KISD individual defendants deny the factual allegations set forth in paragraph 104 of the complaint.

105.    The KISD individual defendants deny the factual allegations set forth in paragraph 105 of the complaint.

106.    The KISD individual defendants deny the factual allegations set forth in paragraph 106 of the complaint.

107.    Paragraph 107 of the complaint does not allege factual allegations requiring admission or denial.

108.    Paragraph 108 of the complaint does not allege factual allegations requiring admission or denial.

109.    The KISD individual defendants deny the factual allegations set forth in paragraph 109 of the complaint.

110.    The KISD individual defendants deny the factual allegations set forth in paragraph 110 of the complaint.

111.    The KISD individual defendants deny the factual allegations set forth in paragraph 111 of the complaint.

112.    The KISD individual defendants deny the factual allegations set forth in paragraph 112 of the complaint.

113.    Paragraph 113 of the complaint does not allege factual allegations requiring admission or denial.

114.    Paragraph 114 of the complaint does not allege factual allegations requiring admission or denial.

115.    The KISD individual defendants deny the factual allegations set forth in paragraph 115 of the complaint.

116.    The KISD individual defendants deny the factual allegations set forth in paragraph 110 of the complaint.

117.    The KISD individual defendants deny the factual allegations set forth in paragraph 117 of the complaint.

118.    The KISD individual defendants deny the factual allegations set forth in paragraph 118 of the complaint.

119.    The KISD individual defendants deny the factual allegations set forth in paragraph 119 of the complaint.

120.    The KISD individual defendants deny the factual allegations set forth in paragraph 120 of the complaint.

121.    The KISD individual defendants deny that plaintiff is entitled to any of the relief sought in the Request for Relief.

## **Affirmative Defenses**

1.    The KISD individual defendants are entitled to qualified immunity.

2.      Plaintiffs fail to state a claim on which relief can be granted.

3.      The KISD individual defendants are entitled to statutory professional immunity and official immunity to plaintiffs' state law claims.

4.      Pursuant to Federal Rule of Civil Procedure 9(3), the KISD individual defendants specifically deny that plaintiffs have complied with all conditions precedent to suit. Specifically, plaintiffs failed to provide the pre-suit notice required by section 110.006 of the Texas Civil Practice and Remedies Code.

5.      Plaintiffs' State law claim against individual defendants are barred by plaintiffs' failure to exhaust administrative remedies.

6.      Some, or all, of plaintiffs' claims for injunctive relief are moot.

Respectfully submitted,

ROGERS, MORRIS, & GROVER, L.L.P.

CLAY T. GROVER (attorney-in-charge)
State Bar No. 08550180
Fed. I.D. No.  15064
cgrover@rmgllp.com
JONATHAN G. BRUSH
State Bar No. 24045576
Fed. I.D. No.  619970
jbrush@rmgllp.com
ROGERS, MORRIS & GROVER, LLP
5718 Westheimer Rd., Suite 1200
Houston, Texas 77057
Telephone: (713) 960-6000
Facsimile: (713) 960-6025

*Attorneys for Defendants Bret Champion, Brian Greeney, Thomas Hensley, Kimberly Walters, Lance Alexander, Margaret Bollato, and Jennifer Walton*

15

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2018, I electronically filed the foregoing document using the CM/ECF system, which will send electronic notification of the filing to the following:

Randall L. Kallinen
Kallinen Law PLLC
511 Broadway Street
Houston, Texas 77012

Geoffrey T. Blackwell
American Atheist Legal Center
1220 L St. NW, Suite 100-313
Washington, D.C. 20005

*Attorneys for Defendants Bret Champion, Brian Greeney, Thomas Hensley, Kimberly Walters, Lance Alexander, Margaret Bollato, and Jennifer Walton*