IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LaSHAN ARCENEAUX, *individually*, | § | |
| *and as next friend of* M.O., *a minor,* | § | |
| | § | |
| **Plaintiffs** | § | |
| | § | |
| v. | § | |
| | § | |
| KLEIN INDEPENDENT SCHOOL DIST., | § | |
| BRET CHAMPION, *individually*, | § | |
| BRIAN GREENEY, *individually*, | § | |
| THOMAS HENSLEY, *individually*, | § | Civil Action No. 4:17-cv-3234 |
| KIMBERLY WALTERS, *individually*, | § | |
| LANCE ALEXANDER, *individually*, | § | |
| BENJIE ARNOLD, *individually*, | § | |
| MARGARET BOLLATO, *individually*, | § | |
| STEPHEN NAETZKER, *individually*, and | § | |
| JENNIFER WALTON, *individually*, | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT STEPHEN NAETZKER'S REPLY TO PLAINTIFFF'S RESPONSE TO DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT**

COMES NOW Stephen Naetzker ("Naetzker" or "Defendant"), and files this Reply to Plaintiffs' Response to Defendant's Motion for Partial Dismissal of Plaintiffs' First Amended Original Complaint.  In support thereof, Defendant states as follows:

SUMMARY

Plaintiff Arceneaux's claim that by allegedly "coercing M.O. to recite the Pledge, including the declaration that the United States is 'one nation, under God,'" Naetzker "interfered in LaShan's right as a parent to determine and guide the religious upbringing of her child," is meritless as a matter of law.  For this reason, Arceneaux's only claim against Naetzker should be dismissed with prejudice.

Plaintiff Arceneaux concedes that her claim against Naetzker is barred by the two-year statute of limitations. As a result, Arceneaux's claims against Naetzker should be dismissed with prejudice.

Except with regard to her meritless "religious upbringing" claim, Plaintiff Arceneaux has not identified any other claim for which she claims to have standing against Naetzker, notwithstanding that he requests this Court to dismiss her from this suit *in toto* for lack of standing. For this reason, as Arceneaux's "religious upbringing" claim is meritless, the Court should dismiss, with prejudice, Arceneaux as a Plaintiff in this litigation.

Additionally, as Plaintiffs concede the facts demonstrating that any claim for injunctive relief against Naetzker would be moot, and because Plaintiffs now claim that they never intended to seek injunctive relief against Naetzker, the Court should dismiss any claims for injunctive relief against Naetzker with prejudice.

TABLE OF CONTENTS

SUMMARY ..................................................................................................................... I

TABLE OF CONTENTS ................................................................................................. III

ARGUMENTS AND AUTHORITIES ..................................................................................1

    A.    Plaintiff Arceneaux's Contention that Naetzker's Alleged Conduct
             Violated Her Right to Determine the Religious Upbringing of M.O. is
             Meritless As A Matter of Law. ...............................................................1

    B.    Plaintiff Arceneaux Concedes that Her Claim Against Naetzker is Barred
             by the Statute of Limitations. .................................................................2

    C.    Plaintiff Arceneaux Concedes that She Lacks Standing For All of
             Plaintiffs' Claims Against Naetzker, Except Her "Religious Upbringing"
             Claim. ....................................................................................................4

    D.    Plaintiffs' Claims Against Defendant for Injunctive Relief Are Moot. ...................4

CONCLUSION................................................................................................................5

<u>ARGUMENTS AND AUTHORITIES</u>

A.    **Plaintiff Arceneaux's Contention that Naetzker's Alleged Conduct Violated Her Right to Determine the Religious Upbringing of M.O. is Meritless As A Matter of Law.**

The Pledge of Allegiance to the United States and its use of "one nation under God" is constitutional. *See Croft v.* Perry, 624 F.3d 157, 164-65 (5th Cir. 2010); *Sherman v. Community Consolidated School District 21*, 980 F.2d 437, 445 (7th Cir. 1992); *Myers v. Loudoun County Public* Schools, 418 F.3d 395, 407–08 (4th Cir. 2005); *Newdow v. Rio Linda Union School District*, 597 F.3d 1007, 1037 (9th Cir. 2010).   When determining the constitutionality of the Texas Pledge of Allegiance, which was designed to mirror the national pledge of allegiance, the Fifth Circuit examined the constitutionality of the United States Pledge of Allegiance. *Croft*, 624 F.3d at 164-65.   Relying on United States Supreme Court's jurisprudence, the Fifth Circuit held that the United States Pledge of Allegiance is constitutional. *Id.* (citing *Lynch v. Donnelly*, 465 U.S. 668, 676, 104 S.Ct. 1355, 79 L.Ed.2d 604 (1984); *County of Allegheny v. ACLU*, 492 U.S. 573, 602–03, 109 S.Ct. 3086 (1989); and *Elk Grove Unified School District. v. Newdow*, 542 U.S. 1, 32, 124 S.Ct. 2301, 159 L.Ed.2d 98 (2004)).

In *Croft*, the Fifth Circuit held that the district court properly dismissed the parents' complaint brought on the behalf of their children challenging the Pledge on First Amendment religion clause grounds because, in part:

> Here the state cannot be said to have coerced students to engage in a religious exercise.   A pledge of allegiance to a flag is not a prototypical religious activity.   And, as we have explained, despite the challenged 'under God' amendment, the pledge's effect remains patriotic; its religious component is minimal and, when contextualized, clearly understandable as an acknowledgement of the state's religious heritage.

*Croft*, 624 F.3d at 170.   Additionally, the Fifth Circuit found that,

> The pledge is a patriotic exercise, and it is made no less so by the acknowledgement of Texas's religious heritage via the inclusion of the phrase 'under God.'   A pledge can constitutionally acknowledge the existence of, and even value, a religious belief without impermissibly favoring that value or belief, without advancing belief over non-belief, and without coercing participation in a religious exercise.

*Id*. at 170.

Here, Plaintiffs allege that Naetzker "interfered in [Arceneaux]'s right as a parent to determine and guide the religious upbringing of her child," by allegedly "coercing M.O. to recite the Pledge, including the declaration that the United States is 'one nation, under God.'"  Dkt. 16, p. 16 [¶100].  The Pledge is not a religious exercise and, therefore, any alleged coercion to recite the Pledge cannot, as a matter of law, be said to interfere in Arceneaux's right to the determine and guide M.O.'s religious upbringing.  *Id*. at 170.  Under *Croft*, Arceneaux's claim is meritless and should be dismissed, just like the district court in *Croft* dismissed the claims therein.  *Id*. at 170 ("Accordingly, the district court's judgment dismissing the complaint is AFFIRMED.").

## B.   Plaintiff Arceneaux Concedes that Her Claim Against Naetzker is Barred by the Statute of Limitations.

In Naetzker's Motion for Partial Dismissal, he expressly seeks dismissal of Arceneaux, individually, from this litigation because she did not plead any claims on her own behalf and her claims are barred by the applicable two-year statute of limitations.[1]

Arceneaux concedes that the only claim that she brought on her own behalf is barred by the two-year statute of limitations. Dkt. 33, pp. 4-5, 7-8.  A claim that is barred by the statute of limitations should be dismissed with prejudice because any proposed amendment would be futile. *Naan Properties, LLC v. Metromedia Co.*, No. CV H-13-1119, 2013 WL 12173754, at *7

---

[1] Despite Plaintiff's contention that Defendant Naetzker did not *expressly* limit his argument to Arceneaux's claims, Naetzker's Motion for Partial Dismissal only asserted that Plaintiff Arceneaux's claims are barred by the statute of limitations. *See* Dkt. 28, pp. 2, 7-8.

(S.D. Tex. Nov. 18, 2013), report and recommendation adopted, No. 4:13-CV-1119, 2013 WL 12174047 (S.D. Tex. Dec. 19, 2013); *Senior v. Texas*, No. CIV.A. H-12-0298, 2012 WL 5879610, at \*3 (S.D. Tex. Nov. 20, 2012).   The Court should dismiss Plaintiff's claims with prejudice based on the futility of amending Plaintiff's claims.   *Washington v. Weaver*, No. 08-30392, 2008 WL 4948612, at \*1 (5th Cir. Nov. 20, 2008) (citing *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000); *see also U.S. ex rel. Wismer v. Branch Banking & Trust Co.*, No. 3:13-CV-1894-B, 2014 WL 1407584, at \*5 (N.D. Tex. Apr. 11, 2014); *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (holding that dismissal under Rule 12(b)(6) without affording the plaintiff a right to amend is proper "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.").

The only claims against Naetzker in the First Amended Complaint arise from alleged conduct during the 2014-2015 school year, with the last apparent allegation arising in the Spring of 2015.   *See* Dkt. 16 at 6-7 [¶¶24-31].   Plaintiff admits that M.O. is neither in Naetzker's class presently, nor will she ever again take a class presided over by Naetzker. Dkt. 33, p. 9. Additionally, Naetzker left employment with Klein Independent School District at the end of the 2014-2015 school year.   *See* Dkt. 28-1, p. 4.   Therefore, if Plaintiff Arceneaux had any claim against Naetzker, it had to be filed within two-years, by no later than the Spring of 2017. Plaintiff Arceneaux did not file her Original Complaint until October 24, 2017,[2] and thus, any and all claims that Plaintiff Arceneaux had against Naetzker arising from conduct as M.O.'s teacher are barred by the applicable statute of limitations.

Plaintiff's request to dismiss her claim against Naetzker without prejudice is meritless because regardless of what discovery reveals, any cause of action by Arceneaux will necessarily

---

[2] *See* Dkt. 1.

be barred by the statute of limitations and amending her claims would be futile. *See Washington*, 2008 WL 4948612, at \*1; *Naan Properties, LLC*, 2013 WL 12173754, at \*7; *Senior*, 2012 WL 5879610, at \*3.  As a result, Plaintiff Arceneaux's claim against Naetzker should be dismissed with prejudice because her claims are barred by the two-year statute of limitations.

**C.      Plaintiff Arceneaux Concedes that She Lacks Standing For All of Plaintiffs' Claims Against Naetzker, Except Her "Religious Upbringing" Claim.**

In Naetzker's Motion for Partial Dismissal, he seeks dismissal of Arceneaux, individually, from this litigation because she did not plead any claims on her own behalf.  In her Response, Arceneaux only claims to have alleged the "religious upbringing" claim pursuant to 42 U.S.C. § 1983 against Naetzker, and she did not dispute that she lacks standing to assert the other claims asserted in Plaintiffs' First Amended Complaint. Dkt. 33, pp. 4-8.  Accordingly, Arceneaux has conceded that she lacks standing to assert the following asserted claims against Naetzker in this litigation: First Amendment freedom of speech and establishment of religion claims, and Due Process and Equal Protection Clause claims under the Fourteenth Amendment. For the reasons stated in Sections A and B, *supra*, and Section C, Arceneaux should be dismissed from this litigation.

**D.      Plaintiffs' Claims Against Defendant for Injunctive Relief Are Moot.**

In Plaintiffs' Amended Original Complaint, Plaintiffs appear to request injunctive relief against Naetzker.  *See* Dkt. 16, p. 2 [¶2].  In their Response, Plaintiffs concede that M.O. is neither in Naetzker's geography class presently, nor will she ever take a class presided by him ever again. Dkt. 33, pp. 5, 9.  Additionally, Plaintiffs now claim that that they did not intend to seek injunctive relief against Naetzker are moot. *Id*.  For these reasons, Plaintiffs' claims for injunctive relief against Naetzker are moot, and this Court should dismiss them with prejudice.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant Stephen Naetzker prays that his Motion for Partial Dismissal be granted, that Plaintiff Arceneaux be dismissed from this lawsuit for lack of standing, that Plaintiff Arceneaux's claims be barred by the applicable statute of limitations, that Plaintiffs' claim for injunctive relief against Naetzker be dismissed as moot, and for such other relief, both general and special, at law or in equity, to which Naetzker is entitled.

Respectfully submitted,

/s/ Thomas P. Brandt
**THOMAS P. BRANDT**
State Bar No. 02883500
tbrandt@fhmbk.com
**FRANCISCO J. VALENZUELA**
State Bar No. 24056464
fvalenzuela@fhmbk.com
**CAROLINE SILEO**
State Bar No. 24091651
csileo@fhmbk.com

**FANNING HARPER MARTINSON
BRANDT & KUTCHIN, P.C.**
Two Energy Square
4849 Greenville Ave., Suite 1300
Dallas, Texas 75206
(214) 369-1300 (office)
(214) 987-9649 (telecopier)

**ATTORNEYS FOR DEFENDANTS BENJIE ARNOLD AND STEPHEN NAETZKER**

## CERTIFICATE OF SERVICE

This is to certify that on 15th day of February, 2018, I electronically filed the foregoing document with the clerk of the Court for the United States District Court, Southern District of Texas, using the electronic case filing system of the Court, and served this document on all attorneys of record in accordance with Rule 5 of the Federal Rules of Civil Procedure.

/s/ Thomas P. Brandt
**THOMAS P. BRANDT**