IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LaSHAN ARCENEAUX, *Individually, and as next friend of* M.O., *a minor,* | § § § | Civil Action No.:4:17-cv-3234 |
| *Plaintiffs,* | § § | |
| v. | § § | JURY TRIAL |
| KLEIN INDEPENDENT SCHOOL DIST., BRET CHAMPION, *Individually,* BRIAN GREENEY, *Individually,* THOMAS HENSLEY, *Individually,* KIMBERLY WALTERS, *Individually,* LANCE ALEXANDER, *Individually,* BENJIE ARNOLD, *Individually,* STEPHEN NAETZKER, *Individually,* JENNIFER WALTON, *Individually,* | § § § § § § § § § § § | |
| *Defendants.* | § | |

## KLEIN INDEPENDENT SCHOOL DISTRICT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendant Klein Independent School District (KISD) files its Answer and Affirmative Defenses to LaShaun Arceneaux, individually and as next friend of M.O., a minor's (collectively Arceneaux) Second Amended Complaint as follows:

1. KISD admits that M.O. sat during the Pledge of Allegiance numerous times while attending Klein Oak High School as set forth in paragraph 1 of the complaint. KISD denies the remaining allegations in paragraph 1 of the complaint.

2. Paragraph 2 of the complaint does not allege factual allegations requiring admission or denial.

3. KISD admits the factual allegations set forth in paragraph 3 of the complaint.

4. KISD admits the factual allegations set forth in paragraph 4 of the complaint.

5. KISD admits the factual allegations set forth in paragraph 5 of the complaint.

6. KISD admits the factual allegations set forth in paragraph 6 of the complaint.

7. KISD admits the factual allegations set forth in paragraph 7 of the complaint.

8. KISD admits the factual allegations set forth in paragraph 8 of the complaint.

9. KISD admits the factual allegations set forth in paragraph 9 of the complaint.

10. KISD admits the factual allegations set forth in paragraph 10 of the complaint.

11. KISD admits the factual allegations set forth in paragraph 11 of the complaint.

12. KISD admits the factual allegations set forth in paragraph 12 of the complaint.

13. KISD admits the factual allegations set forth in paragraph 13 of the complaint.

14. KISD admits the factual allegations set forth in paragraph 14 of the complaint.

15. KISD admits the factual allegations set forth in paragraph 15 of the complaint.

16. KISD is without sufficient information to admit or deny the factual allegations set forth in paragraph 16 of the complaint.

17. KISD admits the factual allegations set forth in paragraph 17 of the complaint.

18. Paragraph 18 of the complaint does not allege factual allegations requiring admission or denial.

19. Paragraph 19 of the complaint does not allege factual allegations requiring admission or denial.

20. KISD admits the factual allegations set forth in paragraph 20 of the complaint.

21. KISD admits the factual allegations set forth in paragraph 21 of the complaint.

22. KISD admits the factual allegations set forth in paragraph 22 of the complaint.

23. KISD admits the factual allegations set forth in paragraph 23 of the complaint.

24. KISD admits that parental requests are student records as set forth in paragraph 24 of the complaint. KISD denies the remaining factual allegations set forth in paragraph 24 of the complaint.

25. KISD admits the factual allegations set forth in paragraph 25 of the complaint.

26. KISD admits the factual allegations set forth in paragraph 26 of the complaint.

27. KISD admits the factual allegations set forth in paragraph 27 of the complaint.

28. KISD admits the factual allegations set forth in paragraph 28 of the complaint.

29. KISD admits the factual allegations set forth in paragraph 29 of the complaint.

30. KISD admits the factual allegations set forth in paragraph 30 of the complaint.

31. KISD admits that M.O. had Naetzker as teacher during the 2014-2015 school year as set forth in paragraph 31 of the complaint. KISD is without sufficient information to admit or deny the remaining allegations set forth in paragraph 31 of the complaint.

32. KISD admits that Naetzker referred M.O. to the assistant principal's office at least once during the 2014-2015 school year as set forth in paragraph 32 of the complaint. KISD is without sufficient information to admit or deny the remaining allegations set forth in paragraph 32 of the complaint.

33. KISD admits that Naetzker referred M.O. to Walters and that M.O. stated to Walters that it was for sitting out the pledge as set forth in paragraph 33 of the complaint. KISD denies the remaining factual allegations set forth in paragraph 33 of the complaint.

34. KISD denies the factual allegations set forth in paragraph 34 of the complaint.

35. KISD admits that on at least one occasion, Naetzker confiscated M.O.'s cell phone and stated that it would be returned at end of the day as set forth in paragraph 35 of

the complaint. KISD denies the remaining allegations set forth in paragraph 35 of the complaint.

36. KISD admits the factual allegations set forth in paragraph 36 of the complaint.

37. KISD admits that Walters and M.O. did not discuss cell phone confiscation after the break as set forth in paragraph 37 of the complaint. KISD denies the remaining allegations set forth in paragraph 37 of the complaint.

38. KISD is without sufficient information to admit or deny the factual allegations set forth in paragraph 38 of the complaint.

39. KISD admits that in the fall semester of the 2015-2016 school year, after having previously been standing for pledge, M.O. remained seated and Walton indicated to her that pledge had begun as set forth in paragraph 39 of the complaint. KISD denies the remaining allegations set forth in paragraph 39 of the complaint.

40. KISD admits that at some point during the Fall 2015 semester, M.O. approached Walton and discussed not standing for the pledge as set forth in paragraph 40 of the complaint. KISD denies the remaining allegations set forth in paragraph 30 of the complaint.

41. KISD denies the factual allegations set forth in paragraph 41 of the complaint.

42. KISD admits that M.O. discussed her decision to not stand for the pledge with a guidance counselor as set forth in paragraph 42 of the complaint. KISD denies the remaining allegations set forth in paragraph 42 of the complaint.

43. KISD admits that M.O. continued to not stand for pledge for remainder of the 2015-2016 school year as set forth in paragraph 43 of the complaint. KISD denies the remaining allegations set forth in paragraph 43 of the complaint.

44. KISD admits the factual allegations set forth in paragraph 44 of the complaint.

45. KISD admits no disciplinary action was taken against Walters as set forth in paragraph 45 of the complaint. KISD denies the remaining allegations set forth in paragraph 45 of the complaint.

46. KISD admits that Alexander would tell students walking in halls to stop during morning announcements as set forth in paragraph 46 of the complaint. KISD denies the remaining allegations set forth in paragraph 46 of the complaint.

47. KISD admits that M.O. talked to Walters about her alleged encounter with Alexander as set forth in paragraph 47 of the complaint. KISD denies the remaining allegations set forth in paragraph 47 of the complaint.

48. KISD admits that Greeney meet with Arceneaux and M.O. during summer of 2016, and that part of the discussion involved M.O.'s decision not to stand during the pledge as set forth in paragraph 48 of the complaint. The KISD individual defendants further admit that Greeney reiterated that she did not need to stand and that teachers had been informed and would be reminded again during training as set forth in paragraph 48 of the complaint. KISD denies any remaining allegations set forth in paragraph 48 of the complaint.

49. KISD is without sufficient information to admit or deny the factual allegations set forth in paragraph 49 of the complaint.

50. KISD is without sufficient information to admit or deny the factual allegations set forth in paragraph 50 of the complaint.

51. KISD admits the factual allegations set forth in paragraph 51 of the complaint.

52. KISD admits that M.O. had an altercation with another student as set forth in paragraph 52 of the complaint. KISD is without sufficient information to admit or deny the remaining allegations set forth in paragraph 52 of the complaint.

53. KISD is without sufficient information to admit or deny the factual allegations set forth in paragraph 53 of the complaint.

54. KISD admits the factual allegations set forth in paragraph 54 of the complaint.

55. KISD denies the factual allegations set forth in paragraph 55 of the complaint.

56. KISD admits the factual allegations set forth in paragraph 56 of the complaint.

57. KISD admits the factual allegations set forth in paragraph 57 of the complaint.

58. KISD is without sufficient information to admit or deny the factual allegations set forth in paragraph 58 of the complaint.

59. KISD admits the factual allegations set forth in paragraph 59 of the complaint.

60. KISD admits that Arceneaux threatened legal action as set forth in paragraph 60 of the complaint. KISD denies the remaining allegations set forth in paragraph 60 of the complaint.

61. KISD admits that assistant principals and police officers were in the area, but not in response to M.O. as set forth in paragraph 61 of the complaint. KISD denies the remaining allegations set forth in paragraph 61 of the complaint.

62. KISD admits the factual allegations set forth in paragraph 62 of the complaint.

63. KISD admits that M.O. was escorted back to class and deny the remaining allegations set forth in paragraph 63 of the complaint.

64. KISD denies the factual allegations set forth in paragraph 64 of the complaint.

65. KISD is without sufficient information to admit or deny the factual allegations set forth in paragraph 65 of the complaint.

66. KISD is without sufficient information to admit or deny the factual allegations set forth in paragraph 66 of the complaint.

67. KISD is without sufficient information to admit or deny the factual allegations set forth in paragraph 67 of the complaint.

68. KISD admits the factual allegations set forth in paragraph 68 of the complaint.

69. KISD admits the factual allegations set forth in paragraph 69 of the complaint.

70. KISD admits the factual allegations set forth in paragraph 70 of the complaint.

71. KISD denies the factual allegations set forth in paragraph 71 of the complaint.

72. KISD admits the factual allegations set forth in paragraph 72 of the complaint.

73. KISD admits that M.O. changed out of Arnold's class, but deny that Greeny made the decision to change M.O.'s schedule as set forth in paragraph 73 of the complaint.

74. KISD admits that M.O. changed out of Arnold's class, but deny that Greeney made the decision to change M.O.'s schedule as set forth in paragraph 74 of the complaint.

75. KISD admits that during her junior year, M.O. was withdrawn from Klein Oak by Arceneaux as set forth in paragraph 75 of the complaint. KISD denies the remaining allegations set forth in paragraph 75 of the complaint.

76. KISD admits the factual allegations set forth in paragraph 76 of the complaint.

77. KISD is without sufficient information to admit or deny the factual allegations set forth in paragraph 77 of the complaint.

78. KISD admits the factual allegations set forth in paragraph 78 of the complaint.

79. KISD admits the factual allegations set forth in paragraph 79 of the complaint.

80. KISD admits the factual allegations set forth in paragraph 80 of the complaint.

81. KISD admits the factual allegations set forth in paragraph 81 of the complaint.

82. KISD is without sufficient information to admit or deny the factual allegations set forth in paragraph 82 of the complaint.

83. KISD admits the factual allegations set forth in paragraph 83 of the complaint.

84. KISD denies the factual allegations set forth in paragraph 84 of the complaint.

85. KISD admits the factual allegations set forth in paragraph 85 of the complaint.

86. KISD admits the factual allegations set forth in paragraph 86 of the complaint.

87. KISD denies the factual allegations set forth in paragraph 87 of the complaint.

88. KISD denies the factual allegations set forth in paragraph 88 of the complaint.

89. KISD is without sufficient information to admit or deny the factual allegations set forth in paragraph 89 of the complaint.

90. KISD admits the factual allegations set forth in paragraph 90 of the complaint.

91. KISD admits the factual allegations set forth in paragraph 91 of the complaint.

92. KISD is without sufficient information to admit or deny the factual allegations set forth in paragraph 92 of the complaint.

93. KISD denies the factual allegations set forth in paragraph 93 of the complaint.

94. KISD is without sufficient information to admit or deny the factual allegations set forth in paragraph 94 of the complaint.

95. KISD is without sufficient information to admit or deny the factual allegations set forth in paragraph 95 of the complaint.

96. KISD admits the factual allegations set forth in paragraph 96 of the complaint.

97. KISD admits the factual allegations set forth in paragraph 97 of the complaint.

98. KISD is without sufficient information to admit or deny the factual allegations set forth in paragraph 98 of the complaint.

99. KISD admits the factual allegations set forth in paragraph 99 of the complaint.

100. KISD is without sufficient information to admit or deny the factual allegations set forth in paragraph 100 of the complaint.

101. KISD denies the factual allegations set forth in paragraph 101 of the complaint.

102. Paragraph 102 of the complaint does not allege factual allegations requiring admission or denial.

103. Paragraph 103 of the complaint does not allege factual allegations requiring admission or denial.

104. Paragraph 104 of the complaint does not allege factual allegations requiring admission or denial.

105. KISD denies the factual allegations set forth in paragraph 105 of the complaint.

106. KISD denies the factual allegations set forth in paragraph 106 of the complaint.

107. KISD denies the factual allegations set forth in paragraph 107 of the complaint.

108. Paragraph 108 of the complaint does not allege factual allegations requiring admission or denial.

109. Paragraph 109 of the complaint does not allege factual allegations requiring admission or denial.

110. Paragraph 110 of the complaint does not allege factual allegations requiring admission or denial.

111. KISD denies the factual allegations set forth in paragraph 111 of the complaint.

112. KISD denies the factual allegations set forth in paragraph 112 of the complaint.

113. KISD denies the factual allegations set forth in paragraph 113 of the complaint.

114. Paragraph 114 of the complaint does not allege factual allegations requiring admission or denial.

115. Paragraph 115 of the complaint does not allege factual allegations requiring admission or denial.

116. Paragraph 116 of the complaint does not allege factual allegations requiring admission or denial.

117. KISD denies the factual allegations set forth in paragraph 117 of the complaint.

118. KISD denies the factual allegations set forth in paragraph 118 of the complaint.

119. KISD denies the factual allegations set forth in paragraph 119 of the complaint.

120. KISD denies the factual allegations set forth in paragraph 120 of the complaint.

121. Paragraph 121 of the complaint does not allege factual allegations requiring admission or denial.

122. Paragraph 122 of the complaint does not allege factual allegations requiring admission or denial.

123. KISD denies the factual allegations set forth in paragraph 123 of the complaint.

124. KISD denies the factual allegations set forth in paragraph 124 of the complaint.

125. KISD denies the factual allegations set forth in paragraph 125 of the complaint.

126. KISD denies the factual allegations set forth in paragraph 126 of the complaint.

127. KISD denies the factual allegations set forth in paragraph 127 of the complaint.

128. KISD denies the factual allegations set forth in paragraph 128 of the complaint.

129. Paragraph 129 of the complaint does not allege factual allegations requiring admission or denial.

130. KISD admits the factual allegations set forth in paragraph 130 of the complaint.

131. KISD denies the factual allegations set forth in paragraph 131 of the complaint.

132. KISD denies the factual allegations set forth in paragraph 132 of the complaint.

133. KISD denies the factual allegations set forth in paragraph 133 of the complaint.

134. KISD denies the factual allegations set forth in paragraph 134 of the complaint.

135. Paragraph 135 of the complaint does not allege factual allegations requiring admission or denial.

136. Paragraph 136 of the complaint does not allege factual allegations requiring admission or denial.

137. KISD denies the factual allegations set forth in paragraph 137 of the complaint.

138. KISD denies the factual allegations set forth in paragraph 138 of the complaint.

139. KISD denies the factual allegations set forth in paragraph 139 of the complaint.

140. KISD denies the factual allegations set forth in paragraph 140 of the complaint.

141. KISD denies the factual allegations set forth in paragraph 141 of the complaint.

142. KISD denies that plaintiff is entitled to any of the relief sought in the Request for Relief, including subparagraphs a. – g.

## **Affirmative Defenses**

1. Plaintiffs fail to state a claim on which relief can be granted.

2. Some, or all, of Arceneaux's individual claims are barred by the statute of limitations.

3.   Some, or all, of Plaintiffs' claims for injunctive relief are moot.

>
> Respectfully submitted,
>
> ROGERS, MORRIS, & GROVER, L.L.P.
>
> /s/ Clay T. Grover
> _____
> CLAY T. GROVER (attorney-in-charge)
> State Bar No. 08550180
> Fed. I.D. No. 15064
> cgrover@rmgllp.com
> JONATHAN G. BRUSH
> State Bar No. 24045576
> Fed. I.D. No. 619970
> jbrush@rmgllp.com
> 5718 Westheimer Rd., Suite 1200
> Houston, Texas 77057
> Telephone: (713) 960-6000
> Facsimile: (713) 960-6025
>
> *Attorneys for Defendants Bret Champion, Brian Greeney, Thomas Hensley, Kimberly Walters, Lance Alexander, and Jennifer Walton*


## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2018, I electronically filed the foregoing document using the CM/ECF system, which will send electronic notification of the filing to the following:

Randall L. Kallinen
Kallinen Law PLLC
511 Broadway Street
Houston, Texas 77012
*(Attorney for Plaintiff)*

Geoffrey T. Blackwell
American Atheists Legal Center
1220 L. St. NW, Suite 100-313
Washington, DC 20005
*(Attorney for Plaintiff)*

Thomas P. Brandt
Francisco J. Valenzuela
Caroline Sileo
Fanning Harper Martinson Brandt & Kutchin, P.C.
Two Energy Square
4849 Greenville Ave., Suite 1300
Dallas, Texas 75206
*(Attorneys for Defendants*
*Benjie Arnold and Stephen Naetzker)*

_____
*Attorneys for Defendants Bret Champion, Brian Greeney, Thomas Hensley, Kimberly Walters, Lance Alexander, and Jennifer Walton*