United States District Court
Southern District of Texas
**ENTERED**
July 20, 2018
David J. Bradley, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| LASHAN ARCENEAUX, INDIVIDUALLY, AND AS NEXT FRIEND OF M.O., A MINOR, | § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. H-17-3234 |
| KLEIN INDEPENDENT SCHOOL DISTRICT, *et al.*, | § § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

LaShan Arcenaux, the mother of M.O., a minor, sued Angie Richard, a teacher and debate coach at Klein Oak High School, along with several other teachers, administrators, and the Klein Independent School District.  Arceneaux alleged that the defendants discriminated against M.O. based on her choice to sit during the recitation of the Pledge of Allegiance.  Klein ISD, Benjie Arnold, and Stephen Naetzker moved to dismiss.  The court addressed those motions in a May 29, 2018 Memorandum and Opinion.  (Docket Entry No. 49).  Richard separately moved to dismiss the claims asserted against her in her individual capacity, M.O. responded, and Richard replied.  (Docket Entry Nos. 46, 54, 57).

In the second amended complaint, Arceneaux alleged that Richard retaliated against M.O. for filing this lawsuit, bullied M.O., and fostered an educational environment that encouraged other students to do so as well, in violation of the school's anti-bullying policies.  The complaint allegations against Richard include: (1) incidents of Richard prohibiting M.O. from discussing this

1

lawsuit with other students; (2) admonishing M.O. for refusing to discuss the lawsuit with Richard; (3) failing to enforce Klein ISD's anti-bullying policy; (4) excluding M.O. from debate team events; and (5) refusing to speak to M.O.

Based on careful review of the pleadings; the motion, response, and reply; the record; and the applicable law, Richard's motion to dismiss, (Docket Entry No. 46), is granted in part and denied in part.  The Establishment Clause claim against Richard is dismissed, with prejudice and without leave to amend, for the reasons stated in the May 29, 2018 Memorandum and Opinion.  The free-speech claim, M.O.'s equal-protection claim, and the retaliation claim are adequately pleaded and may go forward.

The reasons for these rulings are explained below.

## I.     Background

The May 29 Memorandum and Opinion set out a detailed summary of the facts alleged in the second amended complaint.  (Docket Entry No. 49 at 3–8).  This Memorandum and Opinion addresses only the allegations against Angie Richard.

The Klein ISD Pledge Policy, which tracks a Texas statute, provides:

A board shall require students, once during each school day, to recite the pledges of allegiance to the United States and Texas flags.

On written request from a student's parent or guardian, a district shall excuse the student from reciting a pledge of allegiance.

(Docket Entry No. 37 ¶ 21).

At Klein Oak High School, the Pledge is recited every morning.  M.O. is a 17-year-old student at Klein Oak who sits during, and does not recite, the Pledge.

On October 25, 2017, the day after this lawsuit was filed, Richard intervened to prevent

students from talking with M.O. about this lawsuit in her classroom outside class time. (*Id.* ¶ 89). On November 4, 2017, at a weekend debate-team event at Klein Oak, another student, J., told M.O. to "go fuck off" and to "go fuck yourself." (*Id.* ¶ 90). M.O. reported the incident to Richard. Although J. admitted making the statements, Richard told M.O. not to report the incident to the school until the following Monday, to avoid giving the school a bad reputation at the debate event. J. was not disciplined for these actions.

In December 2017, another student stole food from M.O.'s bookbag during Richard's class. The student admitted the theft to Richard but received no discipline. (*Id.* ¶ 94). The same month, Richard repeatedly asked M.O. for details about her lawsuit and about how students were treating her. When M.O. refused to discuss the case, Richard threatened to send M.O. to the principal's office. At one point, during class time, Richard shouted "[f]ine, just ignore me." (*Id.* ¶ 95). Arceneaux also alleges that Richard withheld information about debate-team events from M.O., including when the team's yearbook photo would be taken; demoted M.O. on the debate team; and told other students that M.O. was "a liar" and that her participation on the debate team was meaningless. Richard stopped speaking with M.O. and communicated with her only through student intermediaries or another faculty member. (*Id.* ¶ 98).

## II.     The Legal Standard

### A.     Motion to Dismiss

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," FED.

R. CIV. P. 8(a)(2).  To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Elsensohn v. St. Tammany Par. Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008).  In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court elaborated on the pleading standards discussed in *Twombly*. The Court explained that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).  *Iqbal* explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  (citing *Twombly*, 550 U.S. at 556).

"[I]n deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).  A court may "consider documents integral to and explicitly relied on in the complaint, that the defendant appends to his motion to dismiss, as well as the full text of documents that are partially quoted or referred to in the complaint." *In re Sec. Litig. BMC Software, Inc.*, 183 F. Supp. 2d 860, 882 (S.D. Tex. 2001) (internal quotation marks omitted).  Consideration of documents attached to a defendant's motion to dismiss is limited to "documents that are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Scanlan v. Tex. A & M. Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).  The court can also consider government documents and similar matters of public record without converting the motion into one seeking summary judgment. *See Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th

Cir. 2011); *Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 193 n.3 (5th Cir. 1988) (quoting 5 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1366); *Jathanna v. Spring Branch Indep. Sch. Dist.*, 2012 WL 6096675, at *3 (S.D. Tex. Dec. 7, 2012)).

### B.    Qualified Immunity

"Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 233(2009).  To determine whether qualified immunity applies, courts use the two-part analysis set from *Saucier v. Katz*, 533 U.S. 194, 210 (2001), *overruled in part by Pearson*, 555 U.S. at 129. Courts must decide "(1) whether facts alleged or shown by plaintiff make out the violation of a constitutional right, and (2) if so, whether that right was clearly established at the time of the defendant's alleged misconduct." *Pasco v. Knoblauch,* 566 F.3d 572, 579 (5th Cir. 2009). Government officials are shielded from liability when "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  The "of which a reasonable person would have known" language does not add to the "clearly established law" requirement because "a reasonably competent public official should know the law governing his conduct." *Kinney v. Weaver*, 367 F.3d 337, 349 (5th Cir. 2004) (citing *Harlow*, 457 U.S. at 818–19).

"To be clearly established for purposes of qualified immunity, the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 256 (5th Cir. 2005).  "There need not be 'commanding precedent' that holds that the 'very action in question' is unlawful; the unlawfulness

need only be 'readily apparent from relevant precedent in sufficiently similar situations.'" *Brown v. Miller*, 519 F.3d 231, 236–37 (5th Cir. 2008) (citing *Atteberry*, 430 F.3d at 257).

While a plaintiff bears the burden to defeat a qualified immunity defense, that need not be accomplished at the motion to dismiss. *Brown v. City of Houston*, 297 F. Supp. 3d 748, 773 (S.D. Tex. 2017), *reconsideration denied sub nom. Brown v. City of Houston, Texas*, No. CV H-17-1749, 2018 WL 1333883 (S.D. Tex. Mar. 15, 2018); *see Martone v. Livingston*, No. 4:13-CV-3369, 2014 WL 3534696, at *4, 2014 U.S. Dist. LEXIS 96375, at *12 (S.D. Tex. July 16, 2014) ("In the context of a motion to dismiss, the plaintiff's burden is discharged if 'the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity.'"). "When an official's intent or the reasons for his or her actions are an essential element of the underlying violation . . . factual disputes over intent [are] just like any other factual dispute that can justify a denial of qualified immunity." *Kinney*, 367 F.3d at 373.

## III.    Analysis

### A.    The Free-Speech Claim

Richard makes two arguments for dismissing M.O.'s First Amendment free-speech claim. First, she argues that M.O. has failed to sufficiently plead facts that support that claim. Second, she argues that she is entitled to qualified immunity. (Docket Entry No. 46 at 7).

### 1.    Sufficient Pleading

The First Amendment provides that "Congress shall make now law . . . abridging the freedom of speech." U.S. CONST. amend. I. While a student's right to free speech is "applied in light of the special characteristics of the school environment," *Tinker v. Des Moines Indep. Sch. Dist.*, 393 U.S. 503, 506 (1969), "certainly where there is no finding and no showing that engaging

in the forbidden conduct would 'materially and substantially interfere with the requirements of appropriate discipline in the operation of the school,' the prohibition cannot be sustained." *Id.* at 509 (citing *Burnside v. Byars*, 363 F.2d 744, 749 (5th Cir. 1966)).

M.O. alleges that, on October 25, 2017, Richard stopped M.O. from talking to other students about her lawsuit against the school.  (Docket Entry No. 37 ¶ 89).  School officials may restrict private, personal expression to the extent that it would "materially and substantially interfere with the requirements of appropriate discipline in the operation of the school," or "impinge upon the rights of other students." *Morgan v. Swanson*, 659 F.3d. 359, 375 (5th Cir. 2011) (citing *Tinker*, 393 U.S. at 509).  M.O. has alleged enough facts to show that Richard abridged her speech.  M.O.'s speech—sitting during the Pledge, filing a lawsuit, or talking to students before or after class does not substantially interfere with the work of the school or impinge on the rights of other students.

The plaintiffs also allege that Richard violated M.O.'s First Amendment rights by discriminating against her for refusing to discuss this lawsuit with Richard.  The "right of freedom of thought protected by the First Amendment against state action includes both the right to speak freely and the right to refrain from speaking at all." *Wooley v. Maynard*, 430 U.S. 705, 714 (1977). "Indeed, the right to speak and the right not to speak are complementary components of the broader concept of 'individual freedom of mind'; any difference [between them] is without constitutional significance." *Brinsdon v. McAllen Indep. Sch. Dist.*, 863 F.3d 338, 348 (5th Cir. 2017) (citing *Riley v. Nat'l Fed'n of the Blind of North Carolina, Inc.*, 487 U.S. 781, 796–97(1988)).  The second amended complaint alleges that Richard repeatedly tried to compel M.O. to talk to her about this lawsuit and threatened to send M.O. to the principal's office on multiple occasions when she refused.  At one point, Richard allegedly yelled, "[f]ine, just ignore me" at M.O., in front of the other

students during class.  The complaint allegations show that M.O.'s speech, and refusal to discuss the case with Richard, did not substantially interfere with the work of the school or impinge on the rights of the other students, and that there was no educational rationale for requiring M.O. to discuss pending litigation with Richard.

At this stage, M.O. has sufficiently pleaded a plausible free-speech claim.

### 2.    Qualified Immunity

Richard argues that even if a free-speech claim is sufficiently pleaded, she is nonetheless entitled to qualified immunity.  Richard is not entitled to qualified immunity on this record.

The law establishing that student speech can only be limited when it interferes with "the work of the school or impinges upon the rights of other students" is clearly established.  *See Tinker*, 393 U.S. 503 (1969); *Brinsdon*, 863 F.3d at 338; *Burnside*, 363 F.2d at 744.  The Supreme Court also clearly established, over 70 years ago, that it is unconstitutional to require a child to stand for the Pledge of Allegiance.  *West Virginia State Bd. Of Educ. v. Barnette*, 319 U.S. 624 (1943).

Limitations on student speech are narrow.  They cannot reasonably be interpreted to include M.O.'s discussion of her lawsuit based on her decision to sit for the Pledge.  *See Bell v. Itwamba Cnty. Sch. Bd.*, 799 F.3d 379, 390 (5th Cir. 2015) (a student's right to free speech is not violated by restricting off-campus speech that intentionally threatens, harasses, or intimidates a teacher); *Morse v. Fredrick*, 551 U.S. 393, 425 (2007) (a student's right to free speech is not violated by a principal who confiscated a banner promoting illegal drug use); *Hazelwood Sch. Dist. v. Kuhlmeier*, 484 U.S. 260 (1988) (a student's right to free speech is not violated when educators exercise editorial control over school-sponsored speech, "so long as their actions are reasonably related to legitimate pedagogical concerns"); *Bethel Sch. Dist. v. Fraser*, 478 U.S. 675 (1986) (a student's right to free

speech is not violated by disciplining a student for offensively lewd and indecent speech).  It is undisputed that a school may not require a student to stand during the Pledge, discussing a lawsuit does not impinge upon other students' rights or interfere with the work of the school, and "a reasonably competent public official should know the law governing [her] conduct."  *See Harlow*, 457 U.S. at 818–19.

Richard is not entitled to qualified immunity on the present record, because the record provides no basis to infer that a reasonable school official would find M.O.'s speech to be a threat to the school's work or to other students' rights.

## B.     M.O.'s Equal-Protection Claim

Richard makes three arguments for dismissing the equal-protection claim.  First, she argues that M.O.'s equal-protection claim fails because M.O.'s Establishment Clause claim and free-speech claim fail.  Because, as discussed above, M.O.'s free-speech claim may proceed, Richard's first argument is unpersuasive.  *See Brinsdon*, 863 F.3d at 358 ("If the defendants' actions survive substantive review under the specific guarantees of the First Amendment, they are also likely to be upheld under an equal protection analysis." (citing *A.M. ex rel. McAllum v. Cash*, 585 F.3d 214, 226 n.9 (5th Cir. 2009))).  Second, Richard argues that M.O. has failed to sufficiently plead facts that support a free-speech claim.  Finally, Richard argues that she is not liable because she is entitled to qualified immunity.  (Docket Entry No. 46 at 14).

### 1.     Sufficient Pleading

Richard's second argument is that M.O. has failed to plead sufficient facts to support her contention that she was treated differently from other students based on her membership in a protected class.  Although the Fifth Circuit held in *Croft v. Perry* that reciting the Pledge of

Allegiance is a patriotic rather than a religious activity, 624 F.3d 157 (5th Cir. 2010), that holding does not limit M.O.'s ability to assert an equal-protection claim based on her sincerely held opposition to reciting the Pledge.

Richard correctly argues that M.O.'s equal-protection claim cannot be based on M.O.'s demotion within the debate team. *See Gil Ramirez Grp., L.L.C.*, 786 F.3d at 419 ("the class-of-one rationale does not apply to forms of state action . . . which by their nature involve discretionary decision-making based on a vast array of subjective, individualized assessments.") (internal quotations and citations omitted). But the second amended complaint states other factual grounds sufficient to infer that M.O. was treated differently from other similarly situated students based on her sincerely held beliefs. M.O. alleges that "Angie Richard . . . singled M.O. out, subjected her to derision and opprobrium, and otherwise discriminated against M.O. for her sincerely held beliefs, exhibited by her choice to refrain from participating in the daily recitation of the Pledge." (Docket Entry No. 37 ¶ 111). Richard failed to enforce the anti-bullying policy against a student who told M.O. to "fuck off" and against a student who stole M.O.'s belongings from her backpack, and Richard threatened to punish M.O. for refusing to discuss this lawsuit. (Docket Entry No. 37 ¶ 90 to 95). M.O. also alleges that Richard tried to exclude her from debate-team activities and the yearbook photo. Finally, M.O. alleges that Richard speaks to M.O. only through other students and faculty. These facts indicate that Richard treated M.O. more harshly than other students.

Interpreting the sufficiently pleaded facts in a light most favorable to the plaintiff, M.O. has sufficiently pleaded an equal-protection claim based on unequal treatment between her and other students at Oak Klein High School based on her sincerely held beliefs.

### 2.    Qualified Immunity

Finally, Richard claims that M.O.'s equal-protection claim should be dismissed because she is entitled to qualified immunity.  As discussed above, M.O. has alleged enough facts to overcome that defense at this stage.  Additionally, Richard's intent is an element of the equal-protection claim. The facts alleged, at this stage, are sufficient to raise a factual dispute about Richard's intent.  *See Kinney*, 376 F.3d at 373.  Once the parties have conducted discovery and the record is better developed, Richard may raise this defense again.

### C.    The Retaliation Claim

Arceneaux asserts a retaliation claim, alleging a violation of M.O.'s right to petition the government for a redress of grievances.  (Docket Entry No. 54 at 15).  Richard's motion did not address whether this claim fails as a matter of law.  Richard argues only that the claim should be dismissed because it was not raised in the second amended complaint.  To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  The title of the facts regarding Richard in the second amended complaint is "Angie Richard's retaliatory conduct toward M.O. after the filing of the initial complaint." (Docket Entry No. 37 at 15).  The first incident alleged is that Richard prohibited M.O. from speaking to other students about this lawsuit.  This incident allegedly happened the day after the lawsuit was filed. (Docket Entry No. 37  ¶ 89).  The complaint also alleged that Richard threatened to send M.O. to the principal's office for refusing to discuss the case with Richard. (Docket Entry No. 37 ¶ 95).  These facts are enough to support a retaliation claim.  At this stage, M.O. has alleged enough facts to support a plausible claim for retaliation in violation of M.O.'s right to petition the government.

III.    **Conclusion**

Richard's motion to dismiss, (Docket Entry No. 46), is granted in part and denied in part. The Establishment Clause claim is dismissed, with prejudice and without leave to amend; the free-speech and equal-protection claims may go forward.

SIGNED on July 20, 2018, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge

12