United States District Court
Southern District of Texas

**ENTERED**

April 10, 2019

David J. Bradley, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| LaSHAN ARCENEAUX, *Individually, and as next friend of* M.O., *a minor*, | § | Civil Action No.:4:17-cv-3234 |
| | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | JURY TRIAL |
| | § | |
| KLEIN INDEPENDENT SCHOOL DIST., | § | |
| BRET CHAMPION, *Individually*, | § | |
| BRIAN GREENEY, *Individually*, | § | |
| THOMAS HENSLEY, *Individually*, | § | |
| KIMBERLY WALTERS, *Individually*, | § | |
| LANCE ALEXANDER, *Individually*, | § | |
| BENJIE ARNOLD, *Individually*, | § | |
| ANGIE RICHARD, *Individually*, | § | |
| STEPHEN NAETZKER, *Individually*, | § | |
| JENNIFER WALTON, *Individually*, | § | |
| | § | |
| *Defendants*. | § | |

Pursuant to the agreement of LaShan Arceneaux, individually and as next friend of, M.O., (Plaintiffs) and Klein Independent School District (KISD), Brent Champion, Brian Greeney, Thomas Hensley, Kimberly Walters, Lance Alexander, Benjie Arnold, Angie Richard, Stephen Naetzker, and Jennifer Walton (Defendants) (Plaintiffs and Defendants are collectively referred to as Parties), the Court hereby Orders that confidential documents produced by the Parties in this action shall be treated as provided below:

1.     Plaintiffs and Defendants assert that documents potentially relevant to this litigation may contain confidential personal information relating to employees of KISD, confidential health information, confidential student records, law enforcement investigation files, and other confidential or proprietary information.  However, Plaintiffs and Defendants

agree to produce such documents (confidential material) subject to the following Protective Order terms.

2.      Any Party may, in good faith, designate as "CONFIDENTIAL" any discovery material that it furnishes or receives in this action which contains information that the Party considers to be confidential, or private, personal information.  All information, documents, and records found within student records, law enforcement investigation files, and the personnel files (i.e., payroll information, benefits information, employment applications, performance reviews, disciplinary actions, grievances, and information maintained by a supervisor or human resources department) of Klein Independent School District's current and former employees is deemed confidential material, and may be used solely for the purposes of this litigation and for no other purpose, even if such information, documents, and records are not marked as "CONFIDENTIAL" as outlined in paragraph 4 below.  Confidential material shall be subject to discovery, disclosure, and inspection only by:

> (a)      Legal counsel retained by a Party or associated with a Party's approval to represent it in this lawsuit and the necessary paralegal, secretarial and clerical personnel employed by such counsel;
>
> (b)      Individual Parties and officers, directors, staff personnel, employees or agents of the Parties who are aiding counsel in the preparation and prosecution of claims or defenses in this lawsuit;
>
> (c)      Independent experts or consultants including mediators and their staff engaged by counsel or a Party for assistance in the preparation and prosecution of claims or defenses in this lawsuit;
>
> (d)      Court reporters and employees of court reporters preparing transcripts of depositions in this lawsuit; and

2

(e)    Any copying or graphics service accustomed to handling "confidential material" engaged in connection with this lawsuit.

Any document designated to be covered under the terms of this paragraph shall be stamped "CONFIDENTIAL," by the Party requesting confidentiality, and all discovery material so designated shall be used solely for the preparation and prosecution of claims or defenses in this lawsuit. No person who receives any discovery material designated "CONFIDENTIAL" may either disclose it to persons other than those described in this paragraph or use it for purposes other than those specified in this paragraph. Before any of those persons listed in paragraph 2(c) may receive any "CONFIDENTIAL" discovery material, they must sign a declaration in the form attached hereto as Exhibit A. As to each person to whom any information contained in the "confidential material" is revealed or shown pursuant to this Protective Order, such information may be used only for discovery and preparation for pretrial motions and pretrial proceedings, trial or appeals in this litigation, but may not be used for any other purpose not directly related to this litigation except pursuant to Court order.

3.    The "confidential material" shall be disclosed only to the individuals identified in paragraph 2. Plaintiffs and Defendants will designate "confidential material" as such upon production of such material. If "confidential material" has already been produced prior to the entry of this Protective Order, Plaintiffs and Defendants will designate such materials as "CONFIDENTIAL" by providing written notice to Plaintiffs' counsel or Defendants' counsel as outlined in paragraph 4 below.

4.      Documents that the producing Party deems to be "confidential material" shall be so designated by clearly marking "CONFIDENTIAL" on each page produced, but without obstructing any of the content of such documents.

5.      Any Party may, in good faith, designate as "ATTORNEY'S EYES ONLY" any discovery material that is a medical record, including but not limited to records protected by the Health Insurance Portability and Accountability Act Privacy Regulations, 45 CFR § 164.512(e). All information, documents, and records found within patient files and other health care records provided by any health care provider is deemed a "medical record" for the purposes of this Protective Order and may be used solely for the purposes of this litigation and for no other purpose, even if such information, documents, and records are not marked as "ATTORNEY'S EYES ONLY" as outlined in paragraph ◇ below. "ATTORNEY'S EYES ONLY" material shall be subject to discovery, disclosure, and inspection only by:

(a)     Legal counsel retained by a Party or associated with a Party's approval to represent it in this lawsuit and the necessary paralegal, secretarial and clerical personnel employed by such counsel;

(b)     Independent experts or consultants, including mediators and their staff, engaged by counsel to a Party for assistance in the preparation and prosecution of claims or defenses in this lawsuit and that are not employees or consultants of any Party;

(c)     Court reporters and employees of court reporters preparing transcripts of depositions in this lawsuit; and

(d)     Any copying or graphics service accustomed to handling "confidential material" engaged in connection with this lawsuit.

Any document designated to be covered under the terms of this paragraph shall be stamped "ATTORNEY'S EYES ONLY" by the Party requesting confidentiality, and all discovery material so designated shall be used solely for the preparation and prosecution of claims or defenses in this lawsuit.   No person who receives any discovery material designated "ATTORNEY'S EYES ONLY" may either disclose it to persons other than those described in this paragraph or use it for purposes other than those specified in this paragraph.   Before any of those persons listed in paragraph 3(b) may receive any "ATTORNEY'S EYES ONLY" discovery material, they must sign a declaration in the form attached hereto as Exhibit A.   As to each person to whom any information contained in the "medical record" is revealed or shown pursuant to this Protective Order, such information may be used only for discovery and preparation for pretrial motions and pretrial proceedings, trial or appeals in this litigation, but may not be used for any other purpose not directly related to this litigation except pursuant to Court order.

6.      The "medical records" shall be disclosed only to the individuals identified in paragraph 5.   Plaintiffs and Defendants will designate "medical records" as such upon production of such material.   If "medical records" have already been produced prior to the entry of this Protective Order, Plaintiffs and Defendants will designate such materials as "ATTORNEY'S EYES ONLY" by providing written notice to Plaintiffs' counsel or Defendants' counsel as outlined in paragraph 7 below.

7.      Documents that the producing Party deems to be "medical records" shall be so designated by clearly marking "ATTORNEY'S EYES ONLY" on each page produces, but without obstructing any of the content of such documents.

8.     The following procedures govern the use of "confidential material" and "medical records" in depositions of witnesses.  Deposition testimony dealing with material protected by this Protective Order may be designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" by so advising the court reporter.  The court reporter shall designate those portions of the testimony as such; shall identify the pages occupied by that testimony in the Table of Contents, and shall mark the cover page of such transcript to reflect that the transcript contains "confidential material" or "medical records."   If the deposition is being given by a person who is not entitled to receive "confidential material," pursuant to paragraph 2, or "medical records," pursuant to paragraph 5, then that witness and his or her counsel, if any, must first be advised on the record: (i) that the information is being disclosed pursuant to this Protective Order, (ii) that the witness and his or her counsel are bound by the provisions of this Protective Order, (iii) that the sanctions for violation of this Protective Order may include the penalties which the Court may impose for contempt, and (iv) that the witness and his or her counsel, if any, must then sign a statement in the form attached as Exhibit A.  If a deposition witness refuses to execute the attached Exhibit A, the witness will nonetheless remain subject to this Protective Order, and counsel may show the witness "confidential material" and may question the witness about "confidential material," but in no event will the witness be permitted to retain a copy of the "confidential material."  "Confidential materials" may be used as deposition exhibits for witnesses who refuse to execute the attached Exhibit A, but deposition transcripts provided to such witnesses shall not contain the portions of deposition exhibits containing information

6

marked "confidential material." A deposition witness who refuses to execute the attached Exhibit A shall not be shown "medical records," counsel shall not question the witness about "medical records," and the witness shall not be permitted to retain a copy of the "medical records." Notwithstanding the foregoing, a deposition witness not otherwise entitled to receive "confidential material," pursuant to paragraph 2, or "medical records," pursuant to paragraph 5, may be shown "confidential material" or "medical records" without compliance with the requirements of this paragraph where it is affirmatively demonstrated that the witness had access to the material in question prior to its disclosure in this litigation by the Parties.

9.     Nothing in this Protective Order shall be considered or construed as a waiver of any Party's right to object to (a) the production of any documents or information or (2) the introduction of any documents or information as evidence in a motion, pleading, or at trial on any permissible ground under the Federal Rules of Civil Procedure or Federal Rules of Evidence.

10.    Nothing in this Protective Order shall bar or otherwise restrict any attorney from referring or relying upon his or her examination of discovery material designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" by a Party when rendering advice to his or her client with respect to this lawsuit. However, in rendering such advice or in otherwise communicating with his or her client, the attorney shall not disclose the contents or source of any discovery material designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" in any manner contrary to the terms of this Protective Order.

11.     Nothing contained in this Protective Order shall have the effect of rendering "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" any information or material which: (i) is or becomes generally available to the public other than by disclosure by the Parties, their agents or attorneys, or any person who received such information or material form any of them; (ii) was available to, or in the possession of, the Parties hereto on a non-confidential basis prior to its disclosure in this litigation by the Parties; or (iii) was disclosed by the Plaintiffs in their Complaint as it now exists.

12.     Nothing in this Protective Order shall waive or modify any past, present or future duty as to confidentiality, if any, which may arise independently whether by contract or otherwise.

13.     Plaintiffs and Defendants may object to the unnecessary or improper disclosure of "confidential material" or "medical records" to a third-party witness and may seek appropriate relief to prevent such disclosure.

14.     In the event that any Party to this litigation disagrees at any stage of these proceedings with the designation by the designating Party of any information as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY," the Parties shall first try to resolve such dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting Party may invoke this Protective Order by objecting in writing to the Party who has designated the document or information as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY." The designating Party shall be required to move the Court for an order preserving the designated status of such information within fourteen (14) days of receipt of the written objection, and failure to do so shall

constitute a termination of the restricted status of such item. If the Party designating the information as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" timely makes the motion, the information shall be treated in the manner designated until such time as the Court rules on the motion.

15. In the event that any Party to this litigation believes that another Party, or any person entitled to receive "confidential material," pursuant to paragraph 2, or "medical records," pursuant to paragraph 5, has released "confidential material" or "medical records" in violation of this Protective Order, the Party may move the Court for an order imposing sanctions against the releasing Party or person entitled to receive "confidential material," pursuant to paragraph 2, or "medical records," pursuant to paragraph 5. Sanctions for violation of this Protective Order may include the penalties which the Court may impose for contempt.

16. Nothing in this Protective Order shall be construed to prevent any Party from complying with any state or federal law or regulation that may prohibit a Party from producing any information, document, or record that is subject to the protection provided by this Protective Order.

17. Nothing in this Protective Order shall be construed to prevent any Party from complying with any state or federal law or regulation that may require production to a requesting non-Party any information, document, or record that is subject to the protection provided by this Protective Order.

18. By agreeing to the form and content of this Protective Order, the Parties acknowledge the requirements of Federal Rule of Civil Procedure 5.2 that require, in general, redaction or filing under seal certain information that is filed with the Court.

19. The Parties may, by express, written agreement, provide for exceptions to this Protective Order and any Party may seek an order of this Court modifying this Protective Order, or may move for amendment, modification, or supplementation of this Protective Order.

SIGNED and ENTERED on the _____ day of _April_ _____, 2019.

_____
JUDGE PRESIDING

**APPROVED AND ENTRY REQUESTED:**

Respectfully submitted,

AMERICAN ATHEISTS, INC.

_____
Geoffrey T. Blackwell
American Atheists Legal Center
1220 L. St. NW, Suite 100-313
Washington, DC 20005

KALLINEN LAW PLLC

/s/ Randall L. Kallinen by permission
Randall L. Kallinen
Kallinen Law PLLC
511 Broadway Street
Houston, Texas 77012

ATTORNEYS FOR PLAINTIFFS
Respectfully submitted,

FANNING HARPER MARTINSON
BRANDT & KUTCHIN, P.C.

/s/ Francisco J. Valenzuela by permission
FRANCISCO J. VALENZUELA
THOMAS P. BRANDT
CAROLINE SILEO
Fanning Harper Martinson Brandt &
Kutchin, P.C.
4849 Greenville Ave., Suite 1300
Dallas, Texas 75206

ATTORNEYS FOR DEFENDANTS
BENJIE ARNOLD, STEPHEN
NAETZKER, and ANGIE RICHARD

Respectfully submitted,

ROGERS, MORRIS & GROVER, L.L.P.

/s/ Clay T. Grover by permission
CLAY T. GROVER
State Bar No. 08550280
Fed. I.D. 15064
cgrover@rmgllp.com
JONATHAN G. BRUSH
State Bar No. 24045576
Fed. I.D. 619970
jbrush@rmgllp.com
5718 Westheimer, Suite 1200
Houston, Texas 77057
Telephone:    713/960-6000
Facsimile:    713/960-6025

ATTORNEYS FOR DEFENDANTS KISD,
BRET CHAMPION, BRIAN GREENEY,
THOMAS HENSLEY, KIMBERLY
WALTERS, LANCE ALEXANDER, and
JENNIFER WALTON

# AGREEMENT CONCERNING MATERIAL COVERED BY AGREED AMENDED PROTECTIVE ORDER

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LaSHAN ARCENEAUX, *Individually, and as next friend of* M.O., *a minor,* | § | Civil Action No.:4:17-cv-3234 |
| | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | JURY TRIAL |
| | § | |
| KLEIN INDEPENDENT SCHOOL DIST., | § | |
| BRET CHAMPION, *Individually,* | § | |
| BRIAN GREENEY, *Individually,* | § | |
| THOMAS HENSLEY, *Individually,* | § | |
| KIMBERLY WALTERS, *Individually,* | § | |
| LANCE ALEXANDER, *Individually,* | § | |
| BENJIE ARNOLD, *Individually,* | § | |
| ANGIE RICHARD, *Individually,* | § | |
| STEPHEN NAETZKER, *Individually,* | § | |
| JENNIFER WALTON, *Individually,* | § | |
| | § | |
| *Defendants.* | § | |

## AGREEMENT CONCERNING MATERIAL
## <u>COVERED BY AGREED AMENDED PROTECTIVE ORDER</u>

I have read the Agreed Amended Protective Order in this case and I agree to its terms. I understand that I must keep all information marked as "Confidential" or "Attorney's Eyes Only" secret and that I cannot show the information to anyone or discuss the information with anyone to whom the Agreed Amended Protective Order does not expressly permit. I understand that I must comply with the Agreed Protective Order at all times. I understand that if I violate the Agreed Protective Order I may be subject to sanctions that may include the penalties which the Court may impose for contempt.

Date:_____

_____
(Signature)

_____
(Please Print)

13