**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MARI OLIVER,** | )( | |
| | )( | |
| *Plaintiff,* | )( | **Civil Action No. 4:17-cv-3234** |
| | )( | |
| **V.** | )( | |
| | )( | |
| **KLEIN INDEPENDENT SCHOOL DIST.,** | )( | |
| **BRET CHAMPION,** *Individually,* | )( | |
| **BRIAN GREENEY,** *Individually,* | )( | **(JURY TRIAL)** |
| **THOMAS HENSLEY,** *Individually,* | )( | |
| **KIMBERLY WALTERS,** *Individually,* | )( | |
| **LANCE ALEXANDER,** *Individually,* | )( | |
| **BENJIE ARNOLD,** *Individually,* | )( | |
| **ANGIE RICHARD,** *Individually,* | )( | **PLAINTIFF'S FOURTH AMENDED** |
| **STEPHEN NAETZKER,** *Individually, and* | )( | **COMPLAINT FOR DECLARATORY** |
| **JENNIFER WALTON,** *Individually,* | )( | **JUDGMENT AND DAMAGES** |
| | )( | |
| *Defendants.* | )( | |
| | )( | |

**INTRODUCTION**

**TO THE HONORABLE JUDGE OF THE COURT:**

NOW COMES PLAINTIFF MARI OLIVER*; complaining of* **KLEIN**

**INDEPENDENT SCHOOL DISTRICT and BRET CHAMPION, BRIAN GREENEY,**

**BENJIE ARNOLD, ANGIE RICHARD, THOMAS HENSLEY, STEPHEN NAETZKER,**

**JENNIFER WALTON, and KIMBERLY WALTERS,** all Individually, and amends her

complaint pursuant to the minute entry following the motion hearing held December 9, 2019

(Dkt. # 100) and will show the following:

### I.     INTRODUCTORY STATEMENT

1.     Mari Oliver, a graduate of Klein Oak High School (Klein Oak), respectfully sat

for the Pledge of Allegiance (the Pledge) hundreds of times between starting high school in 2014

and the date of her graduation despite repeated harassment by students and Klein Oak teachers, and despite the failure of Klein Oak administrators to take adequate measures to protect her rights.

2.     During the 2014-15 academic year, the harassment came at the hands of teacher Stephen Naetzker.

3.     Jennifer Walton, Mari Oliver's journalism teacher, harassed her for the practice during the 2015-16 school year.

4.     Mari's 2016-17 school year was marred by continued harassment from students, with administrators taking only cursory and ineffective actions in response.

5.     Her final year at Klein Oak, the 2017-18 academic year, was punctuated by repeated violations of her rights by defendants Benjie Arnold and Angie Richard.

6.     Throughout this period, her class principal, Kimberly Walters, repeatedly failed to take actions sufficient to prevent the violations. Between 2014 and the summer of 2017, Klein Oak Principal Brian Greeney also failed to take action to protect Mari Oliver's rights. After the summer of 2017, Principal Greeney's successor, Thomas Hensley, similarly failed to deter such violations.

7.     The right of a student not to be forced to stand for the Pledge is well established. *West Virginia Bd. of Ed. v. Barnette*, 319 U.S. 624, 63 S. Ct. 1178, 87 L. Ed. 1628 (1943) ("We think the action of the local authorities in compelling the flag salute and pledge transcends constitutional limitations on their power and invades the sphere of intellect and spirit which it is the purpose of the First Amendment to our Constitution to reserve from all official control.") The plaintiff seeks appropriate damages and declaratory relief.

## II.     JURISDICTION AND VENUE

8.      This is an action arising under 42 U.S.C. §§ 1983 and 1988 to redress the deprivation, under color of state law, of rights secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution.

9.      Declaratory relief is authorized by Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202.

10.     This Court has jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) and § 1343 (civil rights jurisdiction).

11.     Venue in this district is proper under 28 U.S.C. § 1391(b)(1), because each of the defendants resides in this district, and under § 1391(b)(2), because a substantial part of the events giving rise to the Plaintiffs' claims occurred in this district.

### III.     PARTIES

12.     Plaintiff Mari Oliver, at all times relevant to the claims herein, was a resident of Harris County, Texas. She presently resides Cook County, Illinois.

13.     Defendant Klein Independent School District (Klein ISD), a governmental entity existing under the laws of the state of Texas, is located in Harris County, Texas and can be served with process by serving Superintendent Bret Champion at 7200 Spring Cypress Road, Klein, Texas 77379 or wherever he is found.

14.     Defendant Bret Champion is an individual and resident of Harris County, Texas and has been served with process.

15.     Defendant Brian Greeney is an individual and resident of Harris County, Texas and has been served with process.

16.     Defendant Thomas Hensley is an individual and resident of Harris County, Texas and has been served with process.

17.     Defendant Kimberly Walters is an individual and resident of Harris County, Texas and has been served with process.

18.     Defendant Lance Alexander is an individual and resident of Harris County, Texas and has been served with process.

19.     Defendant Benjie Arnold is an individual and resident of Harris County, Texas and has been served with process.

20.     Defendant Stephen Naetzker is an individual and resident of Harris County, Texas and has been served with process.

21.     Defendant Angie Richard is an individual and resident of Harris County, Texas and has been served with process.

22.     Defendant Jennifer Walton is an individual and resident of Harris County, Texas and has been served with process.

## IV.     FACTS

**Klein ISD Policies**

23.     Texas law directs each school district to "require students, once during each school day at each campus, to recite (1) the pledge of allegiance to the United States flag . . . and (2) the pledge of allegiance to the state flag . . ." (collectively, the Pledge). Tex. Educ. Code § 25.082(a).

24.     Texas law allows a parent to exempt her child from the Pledge requirement by submitting a written request without specifying the form or proper recipient of such a request and provides no procedure for a student to exempt herself from the policy should she wish to do so. Tex. Educ. Code § 25.082(c).

25.     The Klein ISD Board Policy Manual (the Policy Manual) "contains policies

governing the operation of this District." *See* Policy A18(LEGAL), Introduction, attached hereto

as Exhibit "A." The Policy Manual explains that the designation "(LEGAL)" denotes "the

working core of legal provisions, critical to day-to-day, month-to-month decision making,

regarding District governance and management," and that "(LOCAL)" denotes policies that

"generally expand on, or qualify, the legally referenced provisions" or that "stand alone,

reflecting the Board's intentions in areas not otherwise addressed by law." Id.

      26.    Under Policy EC(LEGAL) of the Policy Manual:

> A board shall require students, once during each school day, to recite the pledges of allegiance to the United States and Texas flags.
>
> On written request from a student's parent or guardian, a district shall excuse the student from reciting a pledge of allegiance.

(the Pledge Policy). *See* Policy EC(LEGAL), School Day, attached hereto as Exhibit "B."

      27.    Policy EC(LOCAL) does not expand on or qualify Policy EC(LEGAL) with

regard to the Pledge Policy. *See* Policy EC(LOCAL), School Day, attached hereto as Exhibit

"C."

      28.    In accordance with Klein ISD policy, Klein Oak High School (Klein Oak)

provides a designated period daily for students to participate in the recitation of the Pledge.

During the 2014-15, 2015-16, and 2016-17 academic years, the Pledge was recited in a different

period each day. In the 2017-18 academic year, the Pledge recitation occurred every day during

second period.

      29.    Notices submitted pursuant to Policy EC(LEGAL) are considered a student record

under Tex. Gov't Code § 552.114 and therefore exempt from disclosure under the Texas Public

Information Act. Whether Klein ISD has received notices described in Policy EC(LEGAL) from

other parents, and how Klein ISD responded to such notices, is therefore in the exclusive control

of Klein ISD.

*Plaintiff's Third Amended Complaint*                                                         *pg. 5*

30.     Policy DH(LOCAL) states, "Each District employee shall perform his or her duties in accordance with state and federal law, District policy, and ethical standards. [See DH(EXHIBIT)]" *See* Policy DH(LOCAL), Employee Standards of Conduct, attached hereto as Exhibit "D" (bracketed text in original). The policy then states:

> Each employee shall comply with the standards of conduct set out in this policy and with any other policies, regulations, and guidelines that impose duties, requirements, or standards attendant to his or her status as a District employee. Violation of any policies, regulations, or guidelines may result in disciplinary action, including termination of employment. [See DCD and DF series]

Id (bracketed text in original).

31.     The Klein ISD Educators' Code of Ethics states, in relevant part:

> Standard 1.7. The educator shall comply with state regulations, written local school board policies, and other state and federal laws.
>
> . . .
>
> Standard 3.1. The educator shall not reveal confidential information concerning students unless disclosure serves lawful professional purposes or is required by law.
>
> Standard 3.2. The educator shall not intentionally, knowingly, or recklessly treat a student or minor in a manner that adversely affects or endangers the learning, physical health, mental health, or safety of the student or minor.
>
> . . .
>
> Standard 3.4. The educator shall not exclude a student from participation in a program, deny benefits to a student, or grant an advantage to a student on the basis of race, color, gender, disability, national origin, religion, family status, or sexual orientation.

*See* Policy DH(EXHIBIT), Employee Standards of Conduct, attached hereto as Exhibit "E.

32.     The Klein ISD Board of Trustees has the authority to suspend or discharge an educator (employed under either a probationary, term, or continuing contract) for good cause, pursuant to Texas law. *See* Policy DFAA(LEGAL), Probationary Contracts - Suspension/Termination During Contract, attached hereto as Exhibit "F;" Policy

DFBA(LEGAL), Term Contracts - Suspension/Termination During Contract, attached hereto as Exhibit "G;" Policy DFCA(LEGAL), Continuing Contracts - Suspension/Termination, attached hereto as Exhibit "H."

33.    The Klein ISD Board of Trustees delegated to the superintendent its statutory authority to suspend an educator, particularly during investigations into misconduct, and made dismissal of an educator for good cause contingent on the recommendation of the superintendent and approval of the Board of Trustees. *See* Policy DFAA(LOCAL), Probationary Contracts - Suspension/Termination During Contract, attached hereto as Exhibit "I;" Policy DFBA(LOCAL), Term Contracts - Suspension/Termination During Contract, attached hereto as Exhibit "J;" Policy DFCA(LOCAL), Continuing Contracts - Suspension/Termination, attached hereto as Exhibit "K;" Policy BJA(LOCAL), Superintendent - Qualifications and Duties, attached hereto as Exhibit "L."

34.    Texas state law gives school principals the responsibility to "[a]ssume administrative responsibility and instructional leadership, under the supervision of the superintendent, for discipline at the campus" and the Klein ISD Board of Trustees has not expanded on or qualified that provision.  *See* Policy DP(LEGAL), Personnel Positions, attached hereto as Exhibit "M;" Policy DP(LOCAL), Personnel Positions, attached hereto as Exhibit "N."

35.    Klein ISD expressly prohibits the bullying of any student on school property, including a school bus and at any school-related or school-sponsored activity on or off campus. *See* Policy FFI(LEGAL), Student Welfare - Freedom From Bullying, attached hereto as Exhibit "O;" Policy FFI(LOCAL), Student Welfare - Freedom From Bullying, attached hereto as Exhibit "P."

**Stephen Naetzker repeatedly took disciplinary action against Mari Oliver for refraining from reciting the Pledge.**

36.     In approximately September of 2014, Mari Oliver (Mari) was seated in Defendant Stephen Naetzker's classroom when the pledge recitation took place. Mari neglected to stand up for the recitation.

37.     As a result of Mari's failure to join her classmates in reciting the Pledge, Mr. Naetzker issued a "write up" for Mari, a form of discipline at Klein Oak.

38.     In response to the "write up," Mari was sent to the office of Defendant Kimberly Walters, the principal for Mari's class. During her meeting with Principal Walters, Mari told Principal Walters that Mr. Naetzker wrote her up for sitting out the pledge. Principal Walters informed her that Mr. Naetzker had the right to write her up for not standing because of his military service.

39.     Principal Walters took no action against Stephen Naetzker for his discipline of Mari.

40.     After she was punished by Defendant Naetzker, Mari Oliver began intermittently sitting during the recitation of the United States and Texas pledges of allegiance, motivated by philosophical differences with the religious portions of the pledges, as well as concerns about racial inequality.

41.     On the final day of classes before the 2014 Thanksgiving break, on or around November 26, 2014, Stephen Naetzker confiscated Mari Oliver's phone because of what he described as her "lack of respect" she demonstrated by sitting out the Pledge. He told her she would get her phone back at the end of the day.

**Jennifer Walton repeatedly singled out Mari Oliver for refraining from participation in the Pledge**

42.     Late in the fall semester of the 2015-16 school year, Mari Oliver was sitting in the classroom of Defendant Jennifer Walton, her journalism teacher, when the Pledge recital took

place. When Jennifer Walton saw that Mari had remained seated, she instructed Mari to stand. Mari refused.

43.     After journalism class ended that day, Mari had a lengthy discussion with Jennifer Walton concerning her decision not to stand for the Pledge.

44.     Following their discussion, when the Pledge again occurred in Jennifer Walton's class, she singled Mari out for remaining seated and again instructed her to stand. Mari refused.

45.     Approximately one week later, Mari discussed Jennifer Walton's actions with her guidance counsellor, Margaret Bollato, who recommended that Mari either stand for the Pledge in Walton's class or switch out of Walton's class at the winter break in order to avoid the conflict.

46.     For the remainder of the fall 2015 semester, Mari continued to sit for the Pledge, including in Jennifer Walton's class. Jennifer Walton continued to single Mari out for her decision and occasionally directed her to stand for the Pledge.

47.     During the break between the fall 2015 and spring 2016 semesters, Mari decided to switch out of Jennifer Walton's journalism class and instead enroll in the Klein Oak Debate Team in the spring semester of 2016.

48.     No disciplinary action was taken against Jennifer Walton for singling Mari out in class for peacefully and non-disruptively engaging in free speech.

**Encounter with Principal Lance Alexander**

49.     In the spring semester of the 2015-16 school year, Mari had left her classroom to run a teacher-approved errand. While Mari was walking down the hall, the Pledge began over the school's public address system. As the Pledge continued, Mari encountered Defendant Principal Lance Alexander in the hallway, who instructed her to stop walking during the Pledge. She

stopped momentarily, but then continued walking, to which Principal Alexander rolled his eyes and made a disapproving noise.

50.     Later that day, Mari spoke to Principal Walters about the incident and the prior instances of teachers treating her negatively for her decision not to participate in the Pledge. Mari asked if Principal Alexander could be informed that she had the right to not stop walking during the Pledge, at which point Principal Walters asked Mari to leave the office.

51.     During the summer of 2016, Mari and her mother, LaShan, met with Defendant Dr. Brian Greeney, Klein Oak's principal at the time, to discuss what steps could be taken to avoid conflicts over the Pledge in the future. Principal Greeney assured them that nothing would happen in the coming year and that he would talk to the teachers and staff during the training taking place before the new school year began.

**Veterans Day, 2016**

52.     Between the start of the 2016-17 academic year and November 11, 2016, Mari consistently refrained from participating in the daily recitation of the Pledge.

53.     On November 11, 2016, Veterans Day, Mari again sat out the Pledge.

54.     The recitation took place while Mari was in her algebra classroom, though her teacher, Juddy Burks, was not in the classroom at the time.

55.     In response to Mari's decision to sit during the Pledge that day, another classmate, H.R., stood on a desk and called her a "bitch."

56.     Immediately after the incident in Mr. Burks's classroom and while still on school grounds, H.R. harassed Mari by posting at least four pictures on the social media platform Snapchat, one of which included the message: "Like if you don't respect [our] country then get the fuck out of it[.]"

57.     Upon hearing about this incident, LaShan sent an email to Principal Walters in which she stated:

> [H.R.] took it upon herself to call [Mari] out for not saying the pledge and got the other student to join in.  This occurred in Coach Burks's class.  He was out of the room.  [Mari] has [H.R.] in her next class as well.

> [H.R.'s] behavior was uncalled for and abusive.  I am beyond tired today and will no longer tolerate this type of behavior.  Students do it because it's allowed and they know they can get away with it because there are no repercussions for their actions.

> Can you please address this issue.  I will stand behind my daughter's right to not say the pledge (in a silent, respectful manner).

58.     In response to this incident, H.R. was told that if she apologized for her actions, she would not face punishment.

59.     Later on November 11, 2016, H.R. apologized to Mari in Principal Walters' office, stating that she did it because members of her family are in the military.

60.     On November 14, 2016, LaShan sent an email to Principal Greeney and Superintendent Champion informing them that the school was failing to address the ongoing issue, that Mari had the right to not recite the Pledge, and that school officials had repeatedly placed the onus for dealing with the issue on Mari.

61.     On or about December 9, 2016, Mari encountered H.R. at school while waiting at the elevators. H.R. said to a classmate, "There's the bitch that sits for the Pledge."

62.     Later that day, upon hearing about this second incident with H.R., Mari's mother called Principal Walters, who then asked that Mari come to her office so the three of them could discuss the incident.

63.     During the call, LaShan again stated that she was considering taking legal action, at which point Principal Walters used a two-way radio to request assistance.

64.     When Mari left Principal Walters' office, Principals Schwebach and Crowson, as

well as several school police officers equipped with Tasers and firearms, were waiting outside the office.

66.      Mari informed them that she was going to go back to her classroom to collect her things and then wait outside the building for her mother to pick her up.

66.      Principals Schwebach and Crowson and the officers escorted Mari back to her classroom to collect her belongings.

67.      While escorting Mari, Principal Crowson accused Mari of acting like a criminal.

68.      While collecting her belongings, Mari asked a classmate, M.G., to accompany her as a witness. That student and the teacher in the classroom, Defendant Angie Richard, accompanied Mari back into the haJanell.

69.      Upon encountering school security officers and principals outside the classroom, Defendant Richard took M.G. by the arm and returned with her to the classroom.

70.      Mari was then escorted to the door of the school, at which point she went out of the building alone to the parking lot where she waited by the flag pole for her mother to arrive.

71.      When LaShan arrived at the school, she and Mari went back inside and waited outside Principal Greeney's office.

72.      Principal Greeney and Principal Walters were speaking inside Principal Greeney's office.

73.      When Principal Walters left Principal Greeney's office, she directed Mari and her mother inside.

74.      During the ensuing conversation, LaShan reiterated that she would be pursuing legal action, and Principal Greeney acknowledged that the harassment Mari faced had been an ongoing problem.

75.     The day after the conversation with Principal Greeney, H.R. was removed from the classes Mari shared with her for the remainder of the fall semester.

**Mari withdraws from Klein Oak in favor of homeschooling**

76.     When classes resumed after the winter break, Mari was enrolled in the Sociology class taught by Defendant Benjie Arnold (Benjie Arnold). Principal Greeney removed Mari from Benjie Arnold's sociology class on the first day of the semester.

77.     Despite Mari's interest in the course material, Principal Greeney removed Mari from Benjie Arnold's class because H.R. was also in the class and because he believed Mari's practice of sitting during the recitation of the Pledge would create conflict with Benjie Arnold.

78.     Shortly after Mari was withdrawn from Benjie Arnold's sociology class, her mother withdrew her from Klein Oak and chose to homeschool Mari Oliver instead, at her own expense, a decision which was substantially motivated by the treatment Mari had been subjected to at Klein Oak.

79.     While homeschooled, Mari continued to participate in debate competitions though she was advised by the school that she could not represent Klein Oak at the competitions and that any costs associated with the competitions would be incurred by her or LaShan.

80.     Between January 26, 2017 and August 21, 2017, LaShan incurred expenses in excess of $10,000 as a consequence of Mari's homeschooling.

81.     During the summer of 2017, Principal Greeney left his position at Klein Oak.

82.     Defendant Thomas Hensley, who had previously served as an assistant principal at Klein Oak during the 2014-15 school year, was selected to be Brian Greeney's successor as Principal of Klein Oak.

83.     On August 15, 2017, the American Atheists Legal Center, on behalf of Mari and

her mother, sent a letter to Principal Hensley informing him that Mari would be returning to Klein Oak for the 2017-18 academic year and asking that Hensley "ensure that [Mari]'s constitutional rights are respected during her final year at Klein Oak."

84. In a letter dated August 22, 2017, Ellen H. Spalding, Esq., the attorney representing Klein ISD, responded that "KISD Policy allows a student to be excused from participation in the Pledge of Allegiance" and that Klein Oak administrators were "aware [Mari would be] returning to Klein Oak High School, and they [were] pleased that she [would]."

**Benjie Arnold repeatedly calls attention to, and disparages, Mari Oliver's decision to exercise her free speech right.**

85. Prior to the 2017-18 school year, Defendant Benjie Arnold had been repeatedly subjected to discipline.

86. In 2004, he was reprimanded for engaging in a physical altercation with a student and directed to apologize to the student and the student's parents in person.

87. In 2007 he was reprimanded for insubordination and removed from Klein Oak's coaching staff.

88. In 2008, after continued misconduct involving the athletic department, his request to return to the coaching staff was denied and he was prohibited from attending team practices.

89. In 2015, he was reprimanded for deviating from the curriculum and failing to enter grades into the school's grade tracking system.

90. By the start of the 2017-2018 school year, it was widely known among the student body and school staff that Mari regularly refrained from reciting the Pledge.

91. On August 21, 2017, Mari resumed attending classes at Klein Oak.

92. On August 24, 2017, Defendant Benjie Arnold told the students in his sociology class, including Mari, that sitting for the Pledge was a privilege, not a right, and that people who

sit for the Pledge are unappreciative and disrespectful, stating that all they do is take from society.

93.     On September 20, 2017, Benjie Arnold played "Born in the U.S.A.," by Bruce Springsteen, instructing the class to write down how the song made them feel. He then gave the students a timed assignment to write down the words to the Pledge of Allegiance, indicating that, because it was written, the students were not actually pledging allegiance to the country.

94.     Mari did not write the words of the Pledge.

95.     On September 21, 2017, Benjie Arnold told the class that anyone who did not complete the Pledge assignment would receive a zero and compared people who refuse to say the Pledge to Soviet communists, members of the Islamic faith seeking to impose Sharia law, and those who condone pedophilia. He then distributed all the Pledge assignments to the wrong students and had them redistribute the assignments to the correct classmate, as is his practice.

96.     Between September 21, 2017 and the end of the fall 2017 semester, Benjie Arnold subjected Mari Oliver to significantly harsher treatment than any other student by, among other behavior, berating her in class for wrong answers, calling her out because he could not "see her eyes," and instructing her to move her desk into the middle of the aisle.

97.     After Defendant Benjie Arnold's conduct toward Mari Oliver was brought to Defendant Kimberly Walters' attention, Principal Walters held a conference with him and again issued a reprimand. Walters did not review prior disciplinary actions that had been taken against Arnold when determining how to respond.

98.     On multiple occasions, Benjie Arnold played Christian music to his class. When this conduct was brought to Defendant Kimberly Walters' attention, Principal Walters again held a conference with him and reprimanded him, directing him not to play Christian music to his

class. Walters did not review prior disciplinary actions that had been taken against Arnold when determining how to respond.

99.     After he was directed not to play Christian music to his sociology class, Benjie Arnold announced to the class that he would no longer allow them to listen to their own music on headphones since he was not allowed to play his music to the class.

**Angie Richard's retaliatory conduct toward Mari Oliver after the filing of the initial complaint.**

100.     On October 25, 2017, the day after LaShan filed the initial complaint in this matter, Angie Richard intervened to prevent students from talking to Mari Oliver about the lawsuit in her classroom outside of class time. She then told Mari she was doing this for Mari's protection.

101.     On November 4, 2017, a member of the Klein Oak debate team, J., told Mari to "go fuck off" and to "go fuck [her]self" while both were at a debate event hosted by Klein Oak. Mari reported this incident to Defendant Richard.

102.     Upon learning of the incident, Defendant Richard spoke to J., who admitted to making the statements.

103.     Mari was counselled by Defendant Richard and Klein Oak faculty member Lynda Wesley not to report the incident until the following Monday, so that the incident would not reflect poorly on the school.

104.     On or around December 6, 2017, a student stole food from Mari's bookbag while in Defendant Richard's class. The student admitted the theft to Defendant Richard but was not disciplined.

105.     During November and December 2017, Defendant Richard repeatedly asked Mari for details about the current lawsuit and how students were responding. On multiple occasions,

when Mari refused to discuss the matter, Defendant Richard threatened to send her to Defendant Walters' office and once shouted, "Fine, just ignore me," at Mari during class time,

106.    On January 5, 2018, counsel for plaintiff informed Ellen H. Spalding, Esq., an attorney for Klein ISD, of the concerns raised by Defendant Richard's behavior and asked that Defendant Richard refrain from speaking with Mari about the ongoing litigation.

107.    Ellen Spalding responded that she would discuss the matter with Klein ISD administrators.

108.    Although Mari remained on the debate team, Defendant Richard began restricting information disclosed to her concerning debate team events, including the taking of the debate team's yearbook photo, and has discussed Mari with other students during class time, telling them that Mari is a liar and that her participation in debate team events and projects is meaningless.

109.    On February 21, 2018, counsel for plaintiff informed Ellen Spalding of Defendant Richard's escalating behavior. She responded that she would look into the matter and respond the following week.

110.    No further response was received.

111.    Thereafter, Defendant Richard entirely ceased speaking to Mari, communicating only through student intermediaries or another faculty member, Mrs. Cook.

## V.    LEGAL CLAIMS

### Count 1: Violation of Mari's First Amendment Right to Free Speech

112.    Plaintiff reasserts all previous paragraphs.

113.    The First Amendment to the United States Constitution, as incorporated and made applicable to the states by the Fourteenth Amendment, provides that "Congress shall make no

law . . . abridging the freedom of speech. . . ."

114.     This First Amendment right extends to public school students who do not wish to be forced to stand for the Pledge. *West Virginia Bd. of Ed. v. Barnette*, 319 U.S. 624, 63 S. Ct. 1178, 87 L. Ed. 1628 (1943).

115.     Defendants Lance Alexander, Benjie Arnold, Stephen Naetzker, and Jennifer Walton violated Mari's right to engage in protected speech by compelling her to engage in speech after she expressed her desire to refrain.

116.     Defendants Benjie Arnold, and Angie Richard, retaliated against Mari for exercising her constitutional right to engage in protected speech.

117.     Defendants Klein ISD, Bret Champion, Brian Greeney, Thomas Hensley, and Kimberly Walters were made aware of the violations against Mari by Defendants Lance Alexander, Benjie Arnold, Stephen Naetzker, Jennifer Walton, Angie Richard, but failed to take steps to remedy the violations and prevent future violations from occurring.

118.     The actions of these defendants, governmental actors acting under color of state law and whose actions are attributable to the state, constitute violations of Mari Oliver's First Amendment right to freedom of speech.

119.     The actions of these defendants show a long-standing pattern and practice within Klein Oak High School and Klein ISD regarding the treatment of students who refrain from participating in the recitation of the Pledge of Allegiance

## Count 2: Violation of Mari Oliver's First Amendment Right to the Free Exercise of Religion

120.     Plaintiff reasserts all previous paragraphs.

121.     The First Amendment to the United States Constitution, as incorporated and made

applicable to the states by the Fourteenth Amendment, provides that "Congress shall make no law . . . prohibiting the free exercise [of religion]. . . . "

122.     This First Amendment right extends to public school students. West Virginia Bd. of Ed. v. Barnette, 319 U.S. 624, 63 S. Ct. 1178, 87 L. Ed. 1628 (1943).

123.     Defendants Lance Alexander, Benjie Arnold, Stephen Naetzker, and Jennifer Walton coerced, or attempted to coerce, Mari Oliver into reciting the Pledge, including its religious content, against her sincerely held beliefs.

124.     Defendants Klein ISD, Bret Champion, Brian Greeney, Thomas Hensley, and Kimberly Walters were made aware of the attempts by Defendants Lance Alexander, Benjie Arnold, Stephen Naetzker, and Jennifer Walton to coerce Mari Oliver to engage in religious observance counter to her sincerely held beliefs, but failed to take steps to remedy the violations and prevent future violations from occurring.

125.     The actions of Defendants Klein ISD, Bret Champion, Brian Greeney, Lance Alexander, Benjie Arnold, Thomas Hensley, Stephen Naetzker, Jennifer Walton, and Kimberly Walters, governmental actors acting under color of state law and whose actions are attributable to the state, constitute violations of Mari Oliver's First Amendment right to freely exercise her sincerely held beliefs.

### Count 3: Violation of Mari Oliver's Fourteenth Amendment Right to the Equal Protection of the Laws

126.     Plaintiff reasserts all previous paragraphs.

127.     The Fourteenth Amendment to the Constitution provides that "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws."

128.     Defendants Lance Alexander, Benjie Arnold, Stephen Naetzker, Jennifer Walton, Angie Richard, and Kimberly Walters singled Mari Oliver out, subjected her to derision and

opprobrium, and otherwise discriminated against Mari Oliver for her sincerely held beliefs, exhibited by her choice to refrain from participating in the daily recitation of the Pledge.

129.    Defendants Klein ISD, Bret Champion, Brian Greeney, and Thomas Hensley were made aware of the discrimination against Mari Oliver by Defendants Lance Alexander, Benjie Arnold, Stephen Naetzker, Jennifer Walton, Angie Richard, and Kimberly Walters but failed to take steps to remedy the violations and prevent future violations from occurring.

130.    Defendants Klein ISD, Bret Champion, Brian Greeney, Thomas Hensley, and Kimberly Walters selectively failed to enforce Klein ISD's anti-bullying policy, Policies FFI(LEGAL) and FFI(LOCAL), in instances in which Mari Oliver was subjected to conduct by other students that fell within the scope of the policy, and did so out of animosity or ill will directed toward Mari Oliver as a result of her decision to refrain from participating in the daily recitation of the Pledge.

131.    Defendants Benjie Arnold, Stephen Naetzker, Jennifer Walton, and Angie Richard engaged in bullying behavior directed toward Mari Oliver and fostered an educational environment which encouraged students to engage in bullying behavior directed toward Mari Oliver, in violation of Policies FFI(LEGAL) and FFI(LOCAL) and did so out of animosity or ill will directed toward Mari Oliver as a result of her decision to refrain from participating in the daily recitation of the Pledge.

132.    The actions of these defendants, governmental actors acting under color of state law and whose actions are attributable to the state, constitute violations of Mari Oliver's Fourteenth Amendment right to the equal protection of the laws.

## VI.    REQUEST FOR RELIEF

**WHEREFORE,** the plaintiff respectfully requests that this Court:

a. Enter judgment awarding the plaintiff compensatory damages against defendants jointly and severally in an amount to be determined;

b. Declare that the defendants have violated the rights of the plaintiff for the reasons described above;

c. Enter judgment awarding the plaintiff exemplary and punitive damages against the individual defendants;

d. Award the plaintiff reasonable attorneys' fees pursuant to 42 U.S.C. § 1988;

e. Award pre- and post-judgment interest;

f. Award all other relief to which plaintiff shows herself entitled.

Respectfully Submitted,

/s/Geoffrey T. Blackwell
GEOFFREY T. BLACKWELL
American Atheists Legal Center
718 7th St. NW
Washington, D.C. 20001
Telephone: 908.276.7300, ext. 310
FAX: 908.344.3927
E-mail: legal@atheists.org
*Attorney for Plaintiff*

RANDALL L. KALLINEN
State Bar of Texas No. 00790995
U.S. Southern District of Texas Bar No.: 19417
Admitted, U.S. Supreme Court, 5th U.S. Circuit
Court of Appeals, Eastern, Southern and Western
Districts of Texas
511 Broadway Street
Houston, Texas 77012
Telephone: 713.320.3785
FAX: 713.893.6737
E-mail: AttorneyKallinen@aol.com
*Attorney for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing has been transmitted to the all counsel appearing in this cause and pro se parties on this the 11th day of December 2019, by filing with the ECF System of the United States District Court for the Southern District of Texas.

/s/ Geoffrey T. Blackwell
Geoffrey T. Blackwell