IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARI OLIVER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| KLEIN INDEPENDENT SCHOOL DIST., | § | |
| BRET CHAMPION, *individually*, | § | |
| BRIAN GREENEY, *individually*, | § | |
| THOMAS HENSLEY, *individually*, | § | Civil Action No. 4:17-cv-3234 |
| KIMBERLY WALTERS, *individually*, | § | |
| LANCE ALEXANDER, *individually*, | § | |
| BENJIE ARNOLD, *individually*, | § | |
| ANGIE RICHARD, *individually*, | § | |
| STEPHEN NAETZKER, *individually*, and | § | |
| JENNIFER WALTON, *individually*, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' JOINT MOTION FOR RECONSIDERATION OF THE COURT'S PROHIBITION ON MOTIONS FOR SUMMARY JUDGMENT AND REQUEST FOR AN EXPEDITED RULING**

NOW COME Defendants and file this Joint Motion for Reconsideration of the Court's Prohibition on Motions for Summary Judgment and Request for an Expedited Ruling, and would respectfully show unto the Court as follows:

**BACKGROUND**

1. On April 8, 2019, the Court stayed this case pending the filing of a Third Amended Complaint by Plaintiff. Dkt. 74. In the same order, the Court directed the parties to file a joint proposed scheduling order two weeks after the filing of the Third Amended Complaint, but by no later than July 26, 2019. Dkt. 74.

2. On July 12, 2019, Plaintiff filed her Third Amended Complaint. Dkt. 77.

3. On July 26, 2019, Defendants filed their Joint Notice Regarding Defendants' Proposed Amended Scheduling Order. Dkt. 81.

4. On August 2, 2019, all of the individual Defendants filed their respective Motions to Dismiss Plaintiff's Third Amended Complaint. Dkts. 82-83, 86. In their respective Motions to Dismiss, the individual Defendants asserted their entitlement to qualified immunity. *See* Dkts. 82-83, 86. The Motions to Dismiss have been fully briefed and are pending before the Court.

5. On December 9, 2019, at a hearing before the Court, the Court announced that portions of the Motions to Dismiss would be granted and portions would be denied. The Court further denied Plaintiff's motion to proceed under a pseudonym.

6. At the December 9, 2019 hearing, the Court also announced that the parties would be prohibited from filing motions for summary judgment.

7. On December 10, 2019, the Court entered an Amended Scheduling and Docket Control Order. Dkt. 101.

8. On December 11, 2019, Mari Oliver filed her Fourth Amended Complaint under her own name. Dkts. 103, 104.

## ARGUMENT

**A. The Individual Defendants are Entitled to File Motions for Summary Judgment Asserting Qualified Immunity.**

The qualified immunity defense affords governmental officials not just immunity from liability, but immunity from suit. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). A denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable final decision. *Helton v. Clements*, 787 F.2d 1016, 1017 (5th Cir. 1986) (per curiam) (citing *Mitchell*).

1. **The Individual Defendants are Entitled to Assert Qualified Immunity in Motions for Summary Judgment, Even if the Court Denies Defendants' Motions to Dismiss Based on Qualified Immunity.**

Even if the Court were to deny portions of the individual Defendants' Motions to Dismiss, Defendants are still entitled to an opportunity to file motions for summary judgment in order to present evidence demonstrating their entitlement to qualified immunity. *Mitchell*, 472 U.S. at 526 ("Even if the plaintiff's complaint adequately alleges the commission of acts that violated clearly established law, the defendant is entitled to summary judgment if discovery fails to uncover evidence sufficient to create a genuine issue as to whether the defendant in fact committed those acts.").

Moreover, Federal Rule of Civil Procedure 56 provides all parties the opportunity to seek judgment from the Court, without having to stand trial. The Court's *sua sponte* prohibition on motions for summary judgment violates the parties' due process rights, by denying them the procedural rights provided by Rule 56.

For these reasons, notwithstanding the Court's oral announcement at the December 9, 2019, hearing that portions of the Motions to Dismiss would be denied, Defendants should still be entitled to file motions for summary judgment asserting qualified immunity.

2. **Klein ISD is Entitled to Assert its Entitlement to Governmental Immunity by Means of A Motion for Summary Judgment.**

In order to establish liability of a governmental entity under §1983, a plaintiff must demonstrate that an official policy or custom *of the governmental entity* was the "moving force" which caused a violation of constitutional rights. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978), and noting that "the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur").

This comports with the Supreme Court's explanation that "[a] municipality or other local government may be liable under [§1983] if *the governmental body itself* 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation…under § 1983, local governments are responsible only for 'their own illegal acts.'" *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (emphasis and omissions added) (citing *Monell*, 436 U.S. at 692, and *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986)); *see also Pembaur*, 475 U.S. at 480 (under §1983, "recovery from a municipality is limited to acts that are, properly speaking, acts 'of the municipality'—that is, acts which the municipality has officially sanctioned or ordered"); *see also id*. at 483 ("municipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question").

A plaintiff who claims to have been injured due to an officially promulgated policy must specifically identify the policy at issue and must show a direct causal link between the governmental policy and the constitutional deprivation. *Piotrowski*, 237 F.3d at 580; *see also Whitley v. Hanna*, 726 F.3d 631, 648-49 (5th Cir. 2013). A school district is liable under § 1983 only if a final policymaker adopts a policy that is the moving force behind a constitutional violation. *Yara v. Perryton Indep. Sch. Dist.*, 560 F. App'x 356, 359 (5th Cir. 2014) (citing *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003)). The final policymaker for a school district is the district's board of trustees. *Jett v. Dallas Indep. Sch. Dist.*, 7 F.3d 1241, 1245 (5th Cir. 1993); *see also, e.g., Rivera*, 349 F.3d at 247.

In the absence of proof of an officially promulgated governmental policy, a plaintiff may establish municipal liability through proof that a deprivation was caused by a municipal custom

that is so widespread as to have the force of law. *Piotrowski,* 237 F.3d at 579 (citing *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc)). A custom capable of supporting municipal liability under § 1983 requires evidence of persistent, often repeated, constant violations by the governmental entity. *Id*. at 579-81. A custom "consists of actions that have occurred for so long and with such frequency that the course of conduct demonstrates the governing body's knowledge and acceptance of the disputed conduct." *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 169 (5th Cir. 2010); *see also, e.g.*, *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 852 (5th Cir. 2009) ("27 incidents of excessive force over a period of four years do not reflect a pattern that can be said to represent official policy of condoning excessive force").

A custom creating municipal liability only arises when the policymaker acquiesces to persistent, often repeated, constant constitutional violations by employees of the governmental entity. *Yara*, 560 F. App'x at 359 (citing *James v. Harris County*, 577 F.3d 612, 617 (5th Cir. 2009)). Plaintiffs who provide no evidence that a school board has knowledge of the allegedly unconstitutional conduct fail to meet their burden of establishing a custom capable of supporting municipal liability under § 1983. *See Yara*, 560 F. App'x at 359; *see also, e.g.*, *Hicks-Fields v. Harris County, Tex.*, 860 F.3d 803, 808 (5th Cir. 2017) (noting that plaintiffs must establish actual or constructive knowledge of the objectionable custom by the policymaker).

Pending a scheduling order setting out a deadline for motions for summary judgment, Klein ISD intended to present its evidence and good faith arguments as to why it should be granted summary judgment. Federal Rule of Civil Procedure 56 provides Klein ISD the option to seek judgment in its favor without having to stand trial. The Court's prohibition on motions

for summary judgment will result in Klein ISD being forced to stand trial when the evidence is clear that it should prevail on summary judgment.

### 3. The Court's Prohibition on Motions for Summary Judgment is an Appealable Order.

The Court's prohibition on motions for summary judgment orally announced at the December 9, 2019, hearing is an appealable order.

The Fifth Circuit, applying the three factor test developed by the Supreme Court in *Mitchell v. Forsyth*, found that a district court's order notifying the parties that it would not rule on pending and future motions (including pending motions to dismiss asserting immunity) was an appealable order. *Helton*, 787 F.2d at 1017; *see also Edwards v. Cass County, Tex.*, 919 F.2d 273, 274-75 (5th Cir. 1990) (applying *Mitchell* and *Helton* to a denial of leave to file a motion for summary judgment).

The Fifth Circuit held, first, that "the refusal to rule on a claim of immunity until trial is 'effectively unreviewable on appeal from a final judgment.'" *Helton*, 787 F.2d at 1017 (citing *Mitchell*, 472 U.S. at 527). A defendant's immunity from suit "and the burden of avoidable pretrial matters is effectively lost if the case erroneously goes to trial." *Id*. (citing *Mitchell*, 472 U.S. at 525-26).

The Fifth Circuit next held that a district court's "refusal to rule on such claims 'conclusively determines the defendant's claim of right not to *stand trial* … because 'there are simply no further steps that can be taken in the District Court to avoid the trial the defendant maintains is barred.'" *Id*. (citing *Mitchell*, 472 U.S. at 527-28) (emphasis in the original).

Finally, the Fifth Circuit held that regardless of whether a district court denies or refuses to rule on a claim of qualified immunity, "the claim of immunity in both cases 'is conceptually

distinct from the merits of the plaintiff's claim that his rights have been violated.'" *Id*. (citing *Mitchell*, 472 U.S. at 527-28).

In *Edwards*, the Fifth Circuit found that it lacked appellate jurisdiction over the district court's denial of the defendant's attempt to file an untimely motion for summary judgment three months after the expiration of the dispositive motion deadline on the eve of trial. *Edwards*, 919 F.2d at 274-76. The Fifth Circuit noted that, unlike in *Helton*, there was no refusal to rule on a motion asserting qualified immunity. *Id*. at 275. The court further noted that the right not to stand trial when asserting qualified immunity announced in *Mitchell*, only makes sense, as applicable to this Motion, when the district court had "the obligation to decide the issue and has failed or refused to do so." *Id*. at 275.[1]

### 4. Defendants Believe They Have Good Faith Bases for Filing Motions for Summary Judgment.

Though the Court has announced that it intends to partially deny the Motions to Dismiss based on qualified immunity, those Motions are based solely on Plaintiff's Third Amended Complaint. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); Dkts. 82-83, 86. Defendants strongly believe that the evidence including, but not limited to, Oliver and Arceneaux's deposition testimony,[2] as well as that of the individual Defendants, will demonstrate that the individual Defendants are entitled to qualified immunity.

---

[1] *See also*, *Craft v. Wipf*, 810 F.2d 170, 173 (8th Cir. 1987) (per curiam) (the court of appeals allowed an appeal from the district court's announced refusal to consider any additional motions before trial).
[2] For example, Oliver and Arceneaux both testified that no written request was submitted excusing Oliver from reciting the Pledge of Allegiance, as required under Texas Government Code Section 25.082. App. pp. 2-3, 6-7. This **evidence** from Oliver and her mother is in direct contradiction to Oliver's **argument** in her response to the Motions to Dismiss that such a written request had been submitted. *See* Dkt. 88, pp. 20. The lack of such a written request is indispensable to the specific context in which the individual Defendants' assertions of qualified immunity must be analyzed and considered. *See, e.g.*, *D.C. v. Wesby*, __ U.S. __, 138 S. Ct. 577, 589 (2018); *Mullenix v. Luna*, __ U.S. __, 136 S. Ct. 305, 308 (2015); *Rich v. Palko*, 920 F.3d 288, 294, n. 4 (5th Cir. 2019); *Vincent v. City of Sulphur*, 805 F.3d 543, 547 (5th Cir. 2015).

The Court's December 9, 2019, announcement prohibiting motions for summary judgment improperly denies the individual Defendants their right to assert a qualified immunity defense supported by evidence. The prohibition forces the individual Defendants to stand trial without the opportunity to establish, through evidence, their immunity from suit.

Moreover, the instant litigation is distinguishable from *Edwards* because Defendants have not missed a Court ordered dispositive motion deadline. Until December 10, 2019, there has not been an applicable scheduling order in this litigation since April 8, 2019, when this Court stayed this case [Dkt. 74], and there have been pending Motions to Dismiss since August 2, 2019.[3] Consistent with the Court's oral prohibition on motions for summary judgment, the Amended Scheduling Order, entered on December 10, 2019, does not provide a dispositive motion deadline. Defendants respectfully request that the Court reconsider its prohibition on motions for summary judgment and enter a summary judgment deadline of January 31, 2020, which is 31-days from the end of the current discovery period. *See* Dkt. 101.

B. **Defendants Request An Expedited Briefing Schedule on this Joint Motion and an Expedited Decision from the Court.**

In light of the procedural posture of this matter, the quickly approaching deadlines in the Court's December 10, 2019, Amended Scheduling Order, and the Court's oral pronouncement that trial would be set for late January or early February of 2020, Defendants respectfully request that the Court order an expedited briefing schedule and enter an order on an expedited basis regarding this Joint Motion.

WHEREFORE, PREMISES CONSIDERED, Defendants request that the Court reconsider its prohibition on motions for summary judgment; order motions for summary

---

[3] Moreover, Defendant Klein ISD also intended to file a motion for summary judgment demonstrating how Oliver cannot establish a District policy, custom, or practice that caused her a constitutionally cognizable injury.

judgment to be filed by January 31, 2020; and for such other and further relief, both general or special, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

   /s/ Francisco J. Valenzuela
**THOMAS P. BRANDT**
  State Bar No. 02883500
  tbrandt@fhmbk.com
**FRANCISCO J. VALENZUELA**
  State Bar No. 24056464
  fvalenzuela@fhmbk.com
**CAROLINE SILEO**
  State Bar No. 24091651
  csileo@fhmbk.com

**FANNING HARPER MARTINSON**
  **BRANDT & KUTCHIN, P.C.**
Two Energy Square
4849 Greenville Ave., Suite 1300
Dallas, Texas 75206
(214) 369-1300 (office)
(214) 987-9649 (telecopier)

**ATTORNEYS FOR DEFENDANTS ANGIE RICHARD, BENJIE ARNOLD, AND STEPHEN NAETZKER**


   /s/ Jonathan G. Brush
**CLAY T. GROVER**
  State Bar No. 08550180
  Fed. I.D. No. 15064
**JONATHAN G. BRUSH**
  State Bar No. 24045776
  Fed. I.D. No. 619970
Rogers, Morris & Grover, LLP
5718 Westheimer Rd., Suite 1200
Houston, Texas 77057
Tel: (713) 960-6000
cgrover@rmgllp.com
jbrush@rmgllp.com

**ATTORNEYS FOR DEFENDANTS KLEIN INDEPENDENT SCHOOL DISTRICT, BRET CHAMPION, BRIAN GREENEY, THOMAS HENSLEY, KIMBERLY WALTERS, LANCE ALEXANDER, AND JENNIFER WALTON**

## CERTIFICATE OF CONFERENCE

On December 11, 2019, I conferred with Mr. Blackwell and Mr. Kallinen, counsel for Plaintiff, regarding this motion. On December 12, 2019, Mr. Kallinen indicated that Plaintiff is opposed.

  /s/ Francisco J. Valenzuela
**FRANCISCO J. VALENZUELA**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served to all parties of record, in compliance with Rule 5 of the Federal Rules of Civil Procedure, on the 12th day of December, 2019.

  /s/ Francisco J. Valenzuela
**FRANCISCO J. VALENZUELA**