IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARI OLIVER, | § | Civil Action No.:4:17-cv-3234 |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | JURY TRIAL |
| KLEIN INDEPENDENT SCHOOL DIST., | § | |
| BRET CHAMPION, *Individually*, | § | |
| BRIAN GREENEY, *Individually*, | § | |
| THOMAS HENSLEY, *Individually*, | § | |
| KIMBERLY WALTERS, *Individually*, | § | |
| LANCE ALEXANDER, *Individually*, | § | |
| BENJIE ARNOLD, *Individually*, | § | |
| ANGIE RICHARD, *Individually*, | § | |
| STEPHEN NAETZKER, *Individually*, | § | |
| JENNIFER WALTON, *Individually*, | § | |
| | § | |
| *Defendants.* | § | |

## **KLEIN INDEPENDENT SCHOOL DISTRICT, BRET CHAMPION, BRIAN GREENEY, THOMAS HENSLEY, KIMBERLY WALTERS, LANCE ALEXANDER, AND JENNIFER WALTON'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FOURTH AMENDED COMPLAINT, SUBJECT TO THEIR RESPECTIVE RULE 12(B) MOTIONS TO DISMISS[1]**

Klein Independent School District, Bret Champion, Brian Greeney, Thomas Hensley, Kimberly Walters, Lance Alexander, and Jennifer Walton (collectively the KISD

---

[1] On July 12, 2019, Mari Oliver filed her Third Amended Complaint under the pseudonym "Jane Doe." Dkts. No. 77, 78. On August 2, 2019, all individual defendants filed motions to dismiss, asserting the defense of qualified immunity, and an objection to Mari Oliver pursuing under a pseudonym. Dkts. No. 83-86. On December 9, 2019, a hearing was held in this matter regarding various motions before the Court. Dkt. No. 100. At this hearing, the Court denied Mari Oliver's motion to proceed anonymously. *Id*. The Court also discussed its anticipated ruling on, but did not render, an opinion on the individual defendants' motions to dismiss. *Id*. Pursuant to the Court's order denying her motion to proceed under a pseudonym, Mari Oliver filed her Fourth Amended Complaint under her own name, alleging the same facts from her Third Amended Complaint and changing only her name. Dkt. No. 104. As such, and to avoid further unnecessary motion practice, Bret Champion, Brian Greeney, Thomas Hensley, Kimberly Walters, Lance Alexander, and Jennifer Walton file this Answer to Mari Oliver's Fourth Amended Complaint, subject to their respective Rule 12(b) motions to dismiss that are still pending before the Court.

defendants) file their Answer and Affirmative Defenses to Mari Oliver's Fourth Amended Complaint as follows:

1. The KISD defendants admit that Oliver, a graduate of Klein Oak High School, sat for the Pledge of Allegiance while attending Klein Oak High School, as set forth in paragraph 1 of the Complaint. The KISD defendants deny the remaining allegations in paragraph 1 of the Complaint.

2. The KISD defendants admit that Oliver was a student of Stephen Naetzker during the 2014-2015 school year, as set forth in paragraph 2 of the Complaint. The KISD defendants deny the remaining allegations set forth in paragraph 2 of the Complaint.

3. The KISD defendants admit that Oliver was a student of Jennifer Walton in journalism class during the 2015-2016 school year, as set forth in paragraph 3 of the Complaint. The KISD defendants deny the remaining allegations set forth in paragraph 3 of the Complaint.

4. The KISD defendants deny the factual allegations set forth in paragraph 4 of the Complaint.

5. The Klein ISD defendants deny the factual allegations set forth in paragraph 5 of the Complaint.

6. The Klein ISD defendants deny the factual allegations set forth in paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint does not allege factual allegations requiring admission or denial.

8. The KISD defendants admit the factual allegations set forth in paragraph 8 of the Complaint.

9. The KISD defendants admit the factual allegations set forth in paragraph 9 of the Complaint.

10. The KISD defendants admit the factual allegations set forth in paragraph 10 of the Complaint.

11. The KISD defendants admit that a majority of defendants reside in this district and that a substantial part of the events giving rise to Oliver's claims occurred in this district, as set forth in paragraph 11 of the Complaint. The KISD defendants deny the remaining allegations in paragraph 11 of the Complaint.

12. The KISD defendants admit the factual allegations set forth in paragraph 12 of the Complaint.

13. The KISD defendants admit that KISD, a governmental entity existing under the laws of the state of Texas, is located in Harris County, Texas, and has been served with process, as set forth in paragraph 13 of the Complaint. The KISD defendants deny that Dr. Bret Champion is currently superintendent as the KISD superintendent is now Dr. Jenny McGown, as set forth in paragraph 13 of the Complaint. The KISD defendants deny the remaining allegations in paragraph 13 of the Complaint.

14. The KISD defendants admit that Bret Champion at one time resided in Harris County, Texas, as set forth in paragraph 14 of the Complaint. The KISD defendants deny the remaining allegations in paragraph 14 of the Complaint.

15. The KISD defendants admit the factual allegations set forth in paragraph 15 of the Complaint.

16. The KISD defendants admit the factual allegations set forth in paragraph 16 of the Complaint.

17. The KISD defendants admit the factual allegations set forth in paragraph 17 of the Complaint.

18. The KISD defendants admit the factual allegations set forth in paragraph 18 of the Complaint.

19. The KISD defendants are without sufficient information to admit or deny the factual allegations set forth in paragraph 19 of the Complaint.

20. The KISD defendants are without sufficient information to admit or deny the factual allegations set forth in paragraph 20 of the Complaint.

21. The KISD defendants are without sufficient information to admit or deny the factual allegations set forth in paragraph 21 of the Complaint.

22. The KISD defendants admit the factual allegations set forth in paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint does not allege factual allegations requiring admission or denial.

24. Paragraph 24 of the Complaint does not allege factual allegations requiring admission or denial.

25. The KISD defendants admit the factual allegations set forth in paragraph 25 of the Complaint.

26. The KISD defendants admit the factual allegations set forth in paragraph 26 of the Complaint.

27. The KISD defendants admit the factual allegations set forth in paragraph 27 of the Complaint.

28. The KISD defendants admit the factual allegations set forth in paragraph 28 of the Complaint.

29. The KISD defendants admit that parental requests are student records, as set forth in paragraph 29 of the Complaint. The KISD defendants deny the remaining factual allegations set forth in paragraph 29 of the Complaint.

30. The KISD defendants admit the factual allegations set forth in paragraph 30 of the Complaint.

31. The KISD defendants admit the factual allegations set forth in paragraph 31 of the Complaint.

32. The KISD defendants admit the factual allegations set forth in paragraph 32 of the Complaint.

33. The KISD defendants admit the factual allegations set forth in paragraph 33 of the Complaint.

34. The KISD defendants admit the factual allegations set forth in paragraph 34 of the Complaint.

35. The KISD defendants admit the factual allegations set forth in paragraph 35 of the Complaint.

36. The KISD defendants deny the factual allegations set forth in paragraph 36 of the Complaint.

37. The KISD defendants deny the factual allegations set forth in paragraph 37 of the Complaint.

38. The KISD defendants deny the factual allegations set forth in paragraph 38 of the Complaint.

39. The KISD defendants deny the factual allegations set forth in paragraph 39 of the Complaint.

40. The KISD defendants admit Oliver was written up by Defendant Naetzker for being disruptive on her laptop during the Pledge. The KISD defendants further admit that Oliver intermittently sat during the recitation of the United States and Texas pledge. The KISD defendants deny the remaining allegations set forth in paragraph 40 of the Complaint.

41. The KISD defendants admit that Stephen Naetzker confiscated Oliver's cell phone and submitted a Disciplinary Form on November 21, 2014 for improper use of a cell phone during class. The KISD defendants deny the remaining factual allegations set forth in paragraph 41 of the Complaint.

42. The KISD defendants admit that in the fall semester of the 2015-2016 school year, after previously standing for the Pledge, Oliver remained seated when the Pledge began, and Jennifer Walton indicated to Oliver that the Pledge had begun, as set forth in paragraph 42 of the Complaint. The KISD defendants deny the remaining allegations set forth in paragraph 42 of the Complaint.

43. The KISD defendants admit that, at some point during the Fall 2015 semester, Oliver approached Jennifer Walton and discussed not standing for the Pledge, as set forth in paragraph 43. The KISD defendants deny the remaining allegations set forth in paragraph 43 of the Complaint.

44. The KISD defendants deny the factual allegations set forth in paragraph 44 of the Complaint.

45. The KISD defendants admit that Oliver discussed her decision to not stand for the Pledge with a guidance counselor, as set forth in paragraph 45 of the Complaint. The KISD defendants deny the remaining allegations set forth in paragraph 45 of the Complaint.

46. The KISD defendants admit that Oliver continued to not stand for the Pledge for the remainder of the 2015-2016 school year, as set forth in paragraph 46 of the Complaint. The KISD defendants deny the remaining allegations set forth in paragraph 46 of the Complaint.

47. The KISD defendants admit the factual allegations set forth in paragraph 47 of the Complaint.

48. The KISD defendants admit no disciplinary action was taken against Jennifer Walton, as set forth in paragraph 48 of the Complaint. The KISD defendants deny the remaining allegations set forth in paragraph 48 of the Complaint.

49. The KISD defendants admit that Lance Alexander would tell students walking in the hallways to stop during morning announcements as set forth in paragraph

49 of the Complaint. The KISD defendants deny the remaining allegations set forth in paragraph 49 of the Complaint.

50. The KISD defendants admit that Oliver talked with Walters about her alleged encounter with Alexander, as set forth in paragraph 50 of the Complaint. The KISD defendants deny the remaining allegations set forth in paragraph 50 of the Complaint.

51. The KISD defendants admit that Brian Greeney met with Oliver and her mother and that part of the discussion involved Oliver's decision not to stand during the Pledge, as set forth in paragraph 51 of the Complaint. The KISD defendants further admit that Greeney reiterated that Oliver did not need to stand and that teachers had been informed and would be reminded again during training, as set forth in paragraph 51 of the Complaint. The KISD defendants deny any remaining allegations set forth in paragraph 51 of the Complaint.

52. The KISD defendants admit that Oliver did not stand during the Pledge more than half of the time during her sophomore year, as set forth in paragraph 52 of the Complaint. The KISD defendants deny the remaining allegations set forth in paragraph 52 of the Complaint.

53. The KISD defendants admit the factual allegations set forth in paragraph 53 of the Complaint.

54. The KISD defendants are without sufficient information to admit or deny the factual allegations set forth in paragraph 54 of the Complaint.

55. The KISD defendants admit that Oliver had an altercation with another student, as set forth in paragraph 55 of the Complaint.

56. The KISD defendants admit the factual allegations set forth in paragraph 56 of the Complaint.

57. The KISD defendants are without sufficient information to admit or deny the factual allegations set forth in paragraph 57 of the Complaint.

58. The KISD defendants deny the factual allegations set forth in paragraph 58 of the Complaint.

59. The KISD defendants admit the factual allegations set forth in paragraph 59 of the Complaint.

60. The KISD defendants admit that Oliver's mother sent an email to Principal Greeney and Superintendent Champion on November 14, 2016, stating that she believed the school had not sufficiently addressed a student's ability to not say the Pledge, that Oliver had the right not to say the Pledge, and that Oliver is expected to deal with her rights being hampered on because "she is going against the grain," as set forth in paragraph 60 of the Complaint. The KISD defendants deny the remaining allegations set forth in paragraph 60 of the Complaint.

61. The KISD defendants admit the factual allegations set forth in paragraph 61 of the Complaint.

62. The KISD defendants admit the factual allegations set forth in paragraph 62 of the Complaint.

63. The KISD defendants admit that Oliver's mother threatened legal action, as set forth in paragraph 63 of the Complaint. The KISD defendants deny the remaining allegations set forth in paragraph 63 of the Complaint.

64. The KISD defendants admit that assistant principals and police officers were in the area, but not in response to Oliver, as set forth in paragraph 64 of the Complaint. The KISD defendants deny the remaining allegations set forth in paragraph 64 of the Complaint.

65. The KISD defendants admit the factual allegations set forth in paragraph 65 of the Complaint.

66. The KISD defendants admit that Oliver was escorted back to class, as set forth in paragraph 66 of the Complaint. The KISD defendants deny the remaining allegations set forth in paragraph 66 of the Complaint.

67. The KISD defendants deny the factual allegations set forth in paragraph 67 of the Complaint.

68. The KISD defendants are without sufficient information to admit or deny the factual allegations set forth in paragraph 68 of the Complaint.

69. The KISD defendants are without sufficient information to admit or deny the factual allegations set forth in paragraph 69 of the Complaint.

70. The KISD defendants are without sufficient information to admit or deny the factual allegations set forth in paragraph 70 of the Complaint.

71. The KISD defendants admit the factual allegations set forth in paragraph 71 of the Complaint.

72. The KISD defendants admit the factual allegations set forth in paragraph 72 of the Complaint.

73. The KISD defendants admit the factual allegations set forth in paragraph 73 of the Complaint.

74. The KISD defendants deny the factual allegations set forth in paragraph 74 of the Complaint.

75. The KISD defendants admit the allegations set forth in paragraph 75 of the Complaint.

76. The KISD defendants admit that Oliver changed out of Benjie Arnold's class, but deny that Principal Greeney made the decision to change Oliver's schedule, as set forth in paragraph 76 of the Complaint. The KISD defendants deny the remaining allegations set forth in paragraph 76 of the Complaint.

77. The KISD defendants admit that Oliver changed out of Benjie Arnold's class. The KISD defendants deny the remaining allegations set forth in paragraph 77 of the Complaint.

78. The KISD defendants admit that during her junior year, Oliver was withdrawn from Klein Oak by her mother, as set forth in paragraph 78 of the Complaint. The KISD defendants deny the remaining allegations set forth in paragraph 78 of the Complaint.

79. The KISD defendants admit the factual allegations set forth in paragraph 79 of the Complaint.

80. The KISD defendants are without sufficient information to admit or deny the factual allegations set forth in paragraph 80 of the Complaint.

81. The KISD defendants admit the factual allegations set forth in paragraph 81 of the Complaint.

82. The KISD defendants admit the factual allegations set forth in paragraph 82 of the Complaint.

83. The KISD defendants admit the factual allegations set forth in paragraph 83 of the Complaint.

84. The KISD defendants admit the factual allegations set forth in paragraph 84 of the Complaint.

85. The KISD defendants admit that Benjie Arnold had been previously disciplined for incidents occurring prior to the 2017-2018 school year, as set forth in paragraph 85 of the Complaint. The KISD defendants deny the remaining allegations set forth in paragraph 85 of the Complaint.

86. The KISD defendants admit Benjie Arnold was disciplined and reprimanded in 2004 for engaging in a physical altercation with a student and was directed to apologize to the student, as set forth in paragraph 86 of the Complaint. The KISD defendants deny the remaining allegations set forth in paragraph 86 of the Complaint.

87. The KISD defendants admit that Benjie Arnold was given a directive in 2007 to cease and desist all activity related to questioning campus personnel about another athletics coach and was removed as the assistant coach to the softball program, as set forth in paragraph 87. The KISD defendants deny the remaining allegations set forth in paragraph 87.

88. The KISD defendants admit that Benjie Arnold requested to return to coaching in 2008, but was denied, as set forth in paragraph 88 of the Complaint. The KISD defendants further admit that Benjie Arnold was directed to discontinue his attendance at practices of athletics events, as set forth in paragraph 88. The KISD defendants deny the remaining allegations set forth in paragraph 88.

89. The KISD defendants admit that Benjie Arnold was directed in 2015 to set parameters for current event topics and be mindful of sensitive topics, remain current with the curriculum in his weekly World Geography PLC meetings, and remain current with entering weekly grades, as set forth in paragraph 89 of the Complaint. The KISD defendants deny the remaining allegations set forth in paragraph 89 of the Complaint.

90. The KISD defendants are without sufficient information to admit or deny the factual allegations set forth in paragraph 90 of the Complaint.

91. The KISD defendants admit the factual allegations set forth in paragraph 91 of the Complaint.

92. The KISD defendants deny the factual allegations set forth in paragraph 92 of the Complaint.

93. The KISD defendants admit the factual allegations set forth in paragraph 93 of the Complaint.

94. The KISD defendants admit the factual allegations set forth in paragraph 94 of the Complaint.

95. The KISD defendants deny the factual allegations set forth in paragraph 95 of the Complaint.

96. The KISD defendants deny the factual allegations set forth in paragraph 96 of the Complaint.

97. The KISD defendants admit that Kimberly Walters held a conference with Benjie Arnold on October 6, 2017, to discuss Oliver's allegations that Arnold "bullied her," as set forth in paragraph 97 of the Complaint. The KISD defendants deny the remaining allegations set forth in paragraph 97 of the Complaint.

98. The KISD defendants admit that Benjie Arnold played Christian music once during his class, as set forth in paragraph 98 of the Complaint. The KISD defendants further admit that Walters held a conference with Arnold, as set forth in paragraph 98 of the Complaint, following a report expressing concern from Oliver's counsel on her behalf. The KISD defendants further admit that Walters gave Arnold the directive to not play Christian music in his class, as set forth in paragraph 98 of the Complaint. The KISD defendants deny the remaining allegations set forth in paragraph 98 of the Complaint.

99. The KISD defendants deny the allegations set forth in paragraph 99 of the Complaint.

100. The KISD defendants admit that Angie Richard told Oliver not to discuss the lawsuit in the classroom and, when Oliver would start to discuss the lawsuit in the classroom, Richard would redirect the class, as set forth in paragraph 100 of the Complaint. The KISD defendants deny the remaining allegations set forth in paragraph 100 of the Complaint.

101. The KISD defendants admit the factual allegations set forth in paragraph 101 of the Complaint.

102. The KISD defendants admit the factual allegations set forth in paragraph 102 of the Complaint.

103. The KISD defendants are without sufficient information to admit or deny the remaining allegations set forth in paragraph 103 of the Complaint.

104. The KISD defendants admit that Oliver had a misunderstanding with another student regarding snacks that were found in Oliver's bag, as set forth in paragraph 104 of the Complaint. The KISD defendants further admit that after an investigation into the matter the other student was not disciplined, as set forth in paragraph 104 of the Complaint. The KISD defendants deny the remaining allegations set forth in paragraph 104 of the Complaint.

105. The KISD defendants deny the allegations set forth in paragraph 105 of the Complaint.

106. The KISD defendants admit the factual allegations set forth in paragraph 106 of the Complaint.

107. The KISD defendants admit the factual allegations set forth in paragraph 107 of the Complaint.

108. The KISD defendants deny the factual allegations set forth in paragraph 108 of the Complaint.

109. The KISD defendants admit the factual allegations set forth in paragraph 109 of the Complaint.

110. The KISD defendants are without sufficient information to admit or deny the factual allegations set forth in paragraph 110 of the Complaint.

111. The KISD defendants deny the factual allegations set forth in paragraph 111 of the Complaint.

112. Paragraph 112 of the Complaint does not allege factual allegations requiring admission or denial.

113. Paragraph 113 of the Complaint does not allege factual allegations requiring admission or denial.

114. Paragraph 114 of the Complaint does not allege factual allegations requiring admission or denial.

115. The KISD defendants deny the factual allegations set forth in paragraph 115 of the Complaint.

116. The KISD defendants deny the factual allegations set forth in paragraph 116 of the Complaint.

117. The KISD defendants deny the factual allegations set forth in paragraph 117 of the Complaint.

118. The KISD defendants deny the factual allegations set forth in paragraph 118 of the Complaint.

119. The KISD defendants deny the factual allegations set forth in paragraph 119 of the Complaint.

120. Paragraph 120 of the Complaint does not allege factual allegations requiring admission or denial.

121. Paragraph 121 of the Complaint does not allege factual allegations requiring admission or denial.

122. Paragraph 122 of the Complaint does not allege factual allegations requiring admission or denial.

123. The KISD defendants deny the factual allegations set forth in paragraph 123 of the Complaint.

124. The KISD defendants deny the factual allegations set forth in paragraph 124 of the Complaint.

125. The KISD defendants deny the factual allegations set forth in paragraph 125 of the Complaint.

126. Paragraph 126 of the Complaint does not allege factual allegations requiring admission or denial.

127. Paragraph 127 of the Complaint does not allege factual allegations requiring admission or denial.

128. The KISD defendants deny the factual allegations set forth in paragraph 128 of the Complaint.

129. The KISD defendants deny the factual allegations set forth in paragraph 129 of the Complaint.

130. The KISD defendants deny the factual allegations set forth in paragraph 130 of the Complaint.

131. The KISD defendants deny the factual allegations set forth in paragraph 131 of the Complaint.

132. The KISD defendants deny the factual allegations set forth in paragraph 132 of the Complaint.

133. The KISD defendants deny that Jane Doe is entitled to any of the relief sought in the Request for Relief, including subparagraphs a. – f.

**Affirmative Defenses**

1. Bret Champion, Brian Greeney, Thomas Hensley, Kimberly Walters, Lance Alexander, and Jennifer Walton are entitled to qualified immunity.

2. Mari Oliver fails to state a claim on which relief can be granted.

3. The individual defendants invoke their right, under the substantive due process doctrine, to be free from excessive punitive damages.

Respectfully submitted,

ROGERS, MORRIS, & GROVER, L.L.P.

CLAY T. GROVER (attorney-in-charge)
State Bar No. 08550280
Fed. I.D. No. 15064
cgrover@rmgllp.com
JONATHAN G. BRUSH
State Bar No. 24045576
Fed. I.D. No. 619970
jbrush@rmgllp.com
AMY DEMMLER
State Bar No. 24092337
Fed. I.D. No. 3227731
ademmler@rmgllp.com
5718 Westheimer Rd., Suite 1200
Houston, Texas 77057
Telephone: (713) 960-6000
Facsimile: (713) 960-6025

*Attorneys for Klein Independent School District, Bret Champion, Brian Greeney, Thomas Hensley, Kimberly Walters, Lance Alexander, and Jennifer Walton*

**CERTIFICATE OF SERVICE**

  I hereby certify that on December 19, 2019, I electronically filed the foregoing document using the CM/ECF system, which will send electronic notification of the filing to the following:

Randall L. Kallinen
Kallinen Law PLLC
511 Broadway Street
Houston, Texas 77012
*(Attorney for Plaintiff)*

Geoffrey T. Blackwell
American Atheists Legal Center
1220 L. St. NW, Suite 100-313
Washington, DC 20005
*(Attorney for Plaintiff)*

Thomas P. Brandt
Francisco J. Valenzuela
Caroline Sileo
Fanning Harper Martinson Brandt & Kutchin, P.C.
Two Energy Square
4849 Greenville Ave., Suite 1300
Dallas, Texas 75206
*(Attorneys for Defendants*
*Benjie Arnold and Stephen Naetzker)*

_____
*Attorney for Klein Independent School District, Bret Champion, Brian Greeney, Thomas Hensley, Kimberly Walters, Lance Alexander, and Jennifer Walton*