**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MARI OLIVER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **KLEIN INDEPENDENT SCHOOL DIST.,** | § | |
| **BRET CHAMPION,** *individually*, | § | |
| **BRIAN GREENEY,** *individually*, | § | |
| **THOMAS HENSLEY,** *individually*, | § | **Civil Action No. 4:17-cv-3234** |
| **KIMBERLY WALTERS,** *individually*, | § | |
| **LANCE ALEXANDER,** *individually*, | § | |
| **BENJIE ARNOLD,** *individually*, | § | |
| **ANGIE RICHARD,** *individually*, | § | |
| **STEPHEN NAETZKER,** *individually*, **and** | § | |
| **JENNIFER WALTON,** *individually*, | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANTS ANGIE RICHARD, BENJIE ARNOLD, AND STEPHEN NAETZKER'S MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT

COME NOW Defendants Angie Richard (Richard), Stephen Naetzker (Naetzker) and Benjie Arnold (Arnold) (collectively "Defendants") and, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), file this Motion to Dismiss Plaintiff's Fourth Amended Complaint.  In support thereof, Defendants state as follows:[1]

---

[1] Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint is pending before the Court.  Dkt. 83.  On December 9, 2019, a hearing was held in this matter regarding various motions.  Dkt. 100.  At the December 9th hearing, the Court denied Oliver's motion to proceed anonymously, and declared that it was going to dismiss Plaintiff's claims for injunctive relief.  *Id.*  The Court also discussed its anticipated ruling on the individual defendants' motions to dismiss based on qualified immunity.  *Id.*  Pursuant to the Court's Order denying her motion to proceed under a pseudonym and its stated intention to dismiss Plaintiff's claims for injunctive relief, Oliver filed her Fourth Amended Complaint under her own name, alleging the same facts from her Third Amended Complaint, and removing the claims for injunctive relief.  Dkt. 104.  Defendants file the instant Motion to Dismiss as a response to Oliver's live Complaint.  This Motion's Arguments and Authorities section is ***substantively*** identical to the Motion to Dismiss Plaintiff's Third Amended Complaint, with the following exceptions: (1) the references and citations to Plaintiff's *Fourth* Amended Complaint [Dkt. 104], as opposed to the *Third* Amended Complaint [Dkt. 77]; (2) the withdrawing of arguments concerning injunctive relief; (3) the correction of incorrect citations on pages 17 and 21; and (4) the modification of *supra* cites required by pagination changes.

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................... II

TABLE OF AUTHORITIES ............................................................................................... IV

SUMMARY ...................................................................................................................... 1

ISSUES TO BE DECIDED .................................................................................................. 2

RELEVANT PROCEDURAL BACKGROUND ....................................................................... 3

ARGUMENTS AND AUTHORITIES .................................................................................... 3

      A.     Richard, Arnold, and Naetzker Are Entitled to Qualified Immunity ...................... 3

          1.     The Standard for a Motion to Dismiss Under Rule 12(b)(6) ...................... 3

          2.     The Qualified Immunity Standard. .......................................................... 5

          3.     Defendants Are Entitled to Qualified Immunity .......................................... 7

              a.     Legislatures Are Presumed to Act Constitutionally in Passing Legislation. ................................................................ 7

              b.     Naetzker is Entitled to Qualified Immunity ................................. 7

                  (1)     Naetzker is Entitled to Qualified Immunity from Plaintiff's Compelled Speech Claim. ........................ 8

                  (2)     Naetzker is Entitled to Qualified Immunity from Plaintiff's Free Exercise Claims. ............................... 8

                  (3)     Naetzker is Entitled to Qualified Immunity from Plaintiff's Equal Protection Claim. ......................... 10

                  (4)     Based on the Pleadings and the Law, Naetzker is Entitled to Qualified Immunity. .................... 12

              c.     Arnold is Entitled to Qualified Immunity. ................................... 12

                   (1)     Arnold is Entitled to Qualified Immunity from Plaintiff's Free Speech Claims. ............................... 13

                        (a)     Arnold is Entitled to Qualified Immunity from Plaintiff's Compelled Speech Claim. ...................................... 13

                    (b)     Arnold is Entitled to Qualified Immunity from Plaintiff's Free Speech Retaliation Claim. ...................................... 14

                   (2)     Arnold is Entitled to Qualified Immunity from Plaintiff's Free Exercise Claim. ............................... 15

(3)    Arnold is Entitled to Qualified Immunity from Plaintiff's Equal Protection Claim. .......................... 16

(4)    Based on the Pleadings and the Law, Arnold is Entitled to Qualified Immunity. .................................... 18

d.    Richard is Entitled to Qualified Immunity.................................... 18

(1)    Richard is Entitled to Qualified Immunity from Plaintiff's Free Speech Retaliation Claim.................................................................... 19

(2)    Richard is Entitled to Qualified Immunity from Plaintiff's Equal Protection Claim. .......................... 20

(3)    Based on the Pleadings and the Law, Richard is Entitled to Qualified Immunity....................... 22

CONCLUSION................................................................................................22

# TABLE OF AUTHORITIES

PAGE(S)

Cases

*A.A. ex rel. Betenbaugh v. Needville Indep. Sch. Dist.*,
   701 F.Supp.2d 863 (S.D. Tex. 2009) ................................................................ 9, 15

*A.M. ex rel. McAllum v. Cash*,
   585 F.3d 214 (5th Cir. 2009) ................................................................ 11, 18, 22

*Ala. State Fed'n of Teachers, AFL-CIO v. James*,
   656 F.2d 193 (5th Cir. 1981) ............................................................................ 7

*Ashcroft v. al–Kidd*,
   563 U.S. 731 (2011) ........................................................................................ 6

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .................................................................................... 4, 5

*Baker v. Putnal*,
   75 F.3d 190 (5th Cir. 1996) ............................................................................ 4

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................ 3, 4, 5

*Brinsdon v. McAllen Indep. Sch. Dist.*,
   863 F.3d 338 (5th Cir. 2017) .................... 5, 9, 14, 15, 16, 17, 18, 19, 20, 21, 22

*Brosseau v. Haugen*,
   543 U.S. 194, (2004) ...................................................................................... 6

*Carroll v. Carman*,
   135 S.Ct. 348 (2014) .................................................................................... 12

*Croft v. Perry*,
   624 F.3d 157 (5th Cir. 2010) ................................................................ 7, 9, 10, 16

*D.C. v. Wesby*,
   __ U.S. __, 138 S. Ct. 577 (2018) .................................... 5, 6, 12, 18, 22

*DeMarco v. Davis*,
   914 F.3d 383 (5th Cir. 2019) ................................................................ 9, 15

*Frazier ex rel. Frazier v. Winn*,
   535 F.3d 1279 (11th Cir. 2008) ...................................................................... 7

*Gil Ramirez Group, L.L.C. v. Houston Indep. Sch. Dist.*,
   786 F.3d 400 (5th Cir. 2015) ................................................................ 10, 17, 20

*Gonzalez v. Kay*,
   577 F.3d 600 (5th Cir. 2009) .......................................................................... 4

*In re So. Scrap Material Co.*,
   541 F.3d 584 (5th Cir.2008) ............................................................................ 5

*Keenan v. Tejeda*,
   290 F.3d 252 (5th Cir. 2002) ................................................................ 14, 19

*Ill. v. Krull*,
   480 U.S. 340 (1987) ...................................................................................... 7

*McDonald v. Bd. of Election Comm'r*,
 394 U.S. 802 (1969) .................................................................................................. 7
*Morgan v. Hubert*,
 335 Fed. Appx. 466 (5th Cir. 2009) ........................................................................ 4
*Morgan v. Swanson*,
 659 F.3d 359 (5th Cir. 2011) ............................................................................ 5, 6
*Morrow v. Meachum*,
 917 F.3d 870 (5th Cir. 2019) ............................................................................ 5, 6
*Mullenix v. Luna*,
 __ U.S. __, 136 S. Ct. 305 (2015) ..................................................................... 5, 6
*Pasco ex. rel. Paco v. Knoblauch*,
 566 F.3d 572 (5th Cir. 2009) ................................................................................. 6
*Pierce v. Smith*,
 117 F.3d 866 (5th Cir. 1997) ................................................................................. 6
*Reichle v. Howards*,
 566 U.S. 658, 132 S. Ct. 2088 (2012) ............................................................. 5, 12
*Rich v. Palko*,
 920 F.3d 288 (5th Cir. 2019) ............................................................................ 5, 6
*Romero v. City of Grapevine*,
 888 F.3d 170 (5th Cir. 2018) ................................................................................. 6
*Sherbert v. Verner*,
 374 U.S. 398 (1963) ............................................................................................... 8
*Taylor v. Barkes*,
 135 S. Ct. 2042 (2015) .......................................................................................... 5
*Thomas v. Review Bd. of the Indiana Employment Security Division*,
 450 U.S. 707 (1981) ...................................................................................... 8, 9, 15
*Vann v. City of Southaven*,
 884 F.3d 307 (5th Cir. 2018) ................................................................................. 5
*Vincent v. City of Sulphur*,
 805 F.3d 543 (5th Cir. 2015) ................................................................................. 6
*White v. Pauly*,
 __ U.S. __, 137 S. Ct. 548 (2017) ........................................................................ 5
*Wisconsin v. Yoder*,
 406 U.S. 205 (1972) ......................................................................................... 8, 15

<u>**SUMMARY**</u>

The Court should dismiss Plaintiff's claims against Defendants Richard, Arnold, and Naetzker based on qualified immunity because their conduct did not violate any clearly established law of which a reasonable official would have known.

A.   <u>Defendants Are Entitled to Qualified Immunity from Plaintiff's Free Speech Claims.</u>

Section 25.082 of the Texas Education Code, which requires students to recite the Pledge of Allegiance (hereinafter the "Pledge") every school day, has been upheld as constitutional, is presumed to be constitutional, and has not been challenged by Plaintiff in this lawsuit.  While Section 25.082 requires the daily recitation of the Pledge, it also provides a simple method for excusing a student from that requirement.  All that is required to excuse a student from reciting the Pledge is a written request from the student's parent or guardian.  Plaintiff has failed to allege that her parent or guardian submitted such a request.  As a result, Plaintiff's parent did not exercise Plaintiff's right to refrain from the Pledge's recitation.  Neither Naetzker nor Arnold violated Plaintiff's right not to engage in compelled speech, and neither one violated a clearly established right under the specific circumstances.  Moreover, under Fifth Circuit case law, Arnold did not violate Plaintiff's compelled speech rights, nor clearly established compelled speech rights, by requesting that students write the Pledge in class.

Arnold and Richard did not retaliate against Plaintiff in violation of her rights, or clearly established rights, because Plaintiff did not exercise her right to refrain from reciting the Pledge, and therefore, none of the subsequent conduct could be retaliatory.  Additionally, Plaintiff failed to properly plead some of the elements of her retaliation claim.

B.   <u>Defendants Naetzker and Arnold Are Entitled to Qualified Immunity from Plaintiff's Free Exercise Claims.</u>

First, Defendants Naetzker and Arnold are entitled to qualified immunity because Plaintiff's philosophical differences and societal concerns are not protected by the Free Exercise Clause.[2]

Second, Defendants are entitled to qualified immunity because Arceneaux's failure to provide a waiver resulted in Plaintiff not exercising her constitutional right to refrain from reciting the Pledge, and therefore, Defendants' alleged conduct did not violate Plaintiff's rights, much less her clearly established rights.

Third, Defendants are entitled to qualified immunity because they had no knowledge that Plaintiff was allegedly asserting a religious objection to their conduct.

Fourth, with regard to Arnold's allegedly playing and restricting music, he did not violate Plaintiff's Free Exercise rights or her clearly established rights.

C. Defendants Are Entitled to Qualified Immunity from Plaintiff's Equal Protection Claim.

Defendants are entitled to qualified immunity because Arceneaux's failure to provide a waiver resulted in Plaintiff not exercising her constitutional right to refrain from reciting the Pledge, and therefore, Defendants alleged conduct did not violate Plaintiff's rights, much less her clearly established rights.  For this reason, as well as others, Plaintiff cannot establish at least some of the elements of her claim.  Additionally, the Equal Protection claim should be dismissed because it is duplicative of her First Amendment claim.  As Defendants are entitled to qualified immunity from Plaintiff's First Amendment claims, they are entitled to qualified immunity from Plaintiff's Equal Protection claim.

**ISSUES TO BE DECIDED**

The issues to be decided by this motion are:

---

[2] Plaintiff does not assert a Free Exercise claim against Richard. Dkt. 104, pp. 18-19.

1.      Whether Richard, Arnold, and Naetzker are entitled to qualified immunity from all of Plaintiff's claims.

## RELEVANT PROCEDURAL BACKGROUND

1.      On October 24, 2017, LaShan Arceneaux (Arceneaux), Plaintiff's mother, filed Plaintiff's Original Complaint, individually and as then-minor Plaintiff's next friend. Dkt. 1.

2.      On December 21, 2017, Arceneaux filed Plaintiff's First Amended Complaint, individually and as then-minor Plaintiff's next friend. Dkt. 16.

3.      On March 12, 2018, Arceneaux filed Plaintiff's Second Amended Complaint, individually and as then-minor Plaintiff's next friend. Dkt. 37.

4.      On March 27, 2019, as Jane Doe had reached the age of majority, this Court dismissed Arceneaux, and ordered Doe to file an amended complaint by July 12, 2019. Dkt. 70.

5.      On July 12, 2019, Plaintiff filed a Third Amended Complaint. Dkt. 77.

6.      On December 11, 2019, Plaintiff filed a Fourth Amended Complaint.  Dkt. 104.

## ARGUMENTS AND AUTHORITIES

**A.      Richard, Arnold, and Naetzker Are Entitled to Qualified Immunity.**

**1.      The Standard for a Motion to Dismiss Under Rule 12(b)(6)**

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes certain defenses to be presented via pretrial motions.  A Rule 12(b)(6) motion to dismiss argues that, irrespective of jurisdiction, the complaint fails to assert facts that give rise to legal liability of the defendant. Rule 8 requires that each claim in a complaint include "a short and plain statement…showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  The claims must include enough factual allegations "to raise a right to relief above the speculative level…" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Thus, "[t]o survive a motion to dismiss, a complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

Rule 12(b)(6) provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In deciding a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555; *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). "The Supreme Court recently expounded upon the *Twombly* standard, explaining that '[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Gonzalez*, 577 F.3d at 603 (quoting *Iqbal*, 556 U.S. at 677-678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "It follows that 'where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Id.*

In *Iqbal,* the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. *First,* the Court identifies conclusory allegations and proceeds to disregard them, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 680. *Second,* the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id*. "This standard 'simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *Morgan v. Hubert*, 335 Fed. Appx. 466, 470 (5th Cir. 2009)

(quoting *In re So. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir.2008) (quoting *Twombly*, 550 U.S. at 556)).  This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

### 2.    The Qualified Immunity Standard.

Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct. *Taylor v. Barkes*, 135 S. Ct. 2042, 2044 (2015); *Reichle v. Howards*, 566 U.S. 658, 132 S. Ct. 2088, 2093 (2012).  Qualified immunity is a robust defense which "protects 'all but the plainly incompetent or those who knowingly violate the law.'" *White v. Pauly*, __ U.S. __, 137 S. Ct. 548, 551 (2017) (quoting *Mullenix v. Luna*, __ U.S. __, 136 S. Ct. 305, 308 (2015)).  As applicable here, to establish that qualified immunity does not apply to the defendants, a plaintiff must prove that the defendants (1) violated a constitutional right, and (2) "'that right was 'clearly established' at the time of the challenged conduct.'" *Brinsdon v. McAllen Indep. Sch. Dist.*, 863 F.3d 338, 347 (5th Cir. 2017) (quoting *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (en banc)).  The "clearly established" question is "a doozy" for plaintiffs. *Morrow v. Meachum*, 917 F.3d 870, 874 (5th Cir. 2019).  The plaintiff has the burden of demonstrating that the official violated a constitutional right which was "clearly established" at the time of the challenged conduct: "'It is the plaintiff's burden to find a case in his favor that does not define the law at a high level of generality.'" *Rich v. Palko*, 920 F.3d 288, 294 (5th Cir. 2019) (quoting *Vann v. City of Southaven*, 884 F.3d 307, 310 (5th Cir. 2018)). *See also Morrow*, 917 F.3d at 874 ("The § 1983 plaintiff bears the burden of proof.") (citing *Vann*). "[E]xisting law must have placed the constitutionality of the [official]'s conduct beyond debate." *D.C. v. Wesby*, __ U.S. __, 138 S. Ct. 577, 589 (2018) (internal quotations omitted).

In its analysis, courts "'must be able to point to controlling authority—or a robust consensus of persuasive authority—that defines the contours of the right in question with a high degree of particularity.'" *Rich*, 920 F.3d at 294 (quoting *Swanson*, 659 F.3d at 371-72). "'[P]re-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law *in the circumstances*.'" *Id.* at n. 4 (quoting *Pasco ex. rel. Paco v. Knoblauch*, 566 F.3d 572, 578-79 (5th Cir. 2009) (quoting *Pierce v. Smith*, 117 F.3d 866, 882 (5th Cir. 1997)). The analysis depends upon whether, in light of the specific context of the case, not as a broad proposition, the "violative nature of *particular* conduct is clearly established." *Mullenix*, 136 S. Ct. at 308 (emphasis in original) (citing *Ashcroft v. al–Kidd*, 563 U.S. 731, 742 (2011); *Brosseau v. Haugen*, 543 U.S. 194, 198, (2004) (*per curiam*)). "Abstract or general statements of legal principle untethered to analogous or near-analogous facts are not sufficient to establish a right 'clearly' in a given context; rather, the inquiry must focus on whether a right is clearly established as to the specific facts of the case." *Vincent v. City of Sulphur*, 805 F.3d 543, 547 (5th Cir. 2015) (citing *Brosseau*, 543 U.S. at 198).

"In sum, [qualified immunity] 'represents the norm, and courts should deny a defendant immunity only in rare circumstances.'" *Rich*, 920 F.3d at 294 (citing *Romero v. City of Grapevine*, 888 F.3d 170, 176 (5th Cir. 2018); *see also Morrow*, 917 F.3d at 876 (the Supreme Court's fourth commandment concerning qualified immunity is that courts "must think twice before denying qualified immunity"). At present, only U.S. Supreme Court precedent unequivocally "qualif[ies] as controlling authority for the purposes of qualified immunity." *Wesby*, 138 S. Ct. at 591, n. 8.

3.      **Defendants Are Entitled to Qualified Immunity.**

a.      **Legislatures Are Presumed to Act Constitutionally in Passing Legislation.**

Legislatures are presumed to have acted constitutionally in passing legislation. *Ill. v. Krull*, 480 U.S. 340, 351 (1987) (citing *McDonald v. Bd. of Election Comm'r*, 394 U.S. 802, 808-09 (1969)); *Ala. State Fed'n of Teachers, AFL-CIO v. James*, 656 F.2d 193, 195 (5th Cir. 1981) (citing *McDonald*, 394 U.S. at 809).  Texas Education Code Section 25.082 requires the daily recitation of the Pledge of Allegiance, with the exception that a student is excused from the recitation upon a written request from the student's parent or guardian.  Plaintiff is not challenging Section 25.082 in this lawsuit, and it is, therefore, presumptively constitutional.

Moreover, Section 25.082 is not only presumptively constitutional, the Fifth Circuit upheld Section 25.082 as constitutional in *Croft v. Perry*, 624 F.3d 157 (5th Cir. 2010), and the Eleventh Circuit upheld a "similar statute"[3] in *Frazier ex rel. Frazier v. Winn*, 535 F.3d 1279, 1283 (11th Cir. 2008).

b.      **Naetzker is Entitled to Qualified Immunity.**

Plaintiff asserts First Amendment compelled speech, Free Exercise, and Equal Protection claims against Naetzker.  Specifically, Plaintiff alleges that, in September of 2014, Naetzker allegedly issued Plaintiff a "write-up" for not reciting the Pledge and that Plaintiff was sent to Defendant Walters' (the assistant principal) office. Dkt. 104, p. 8 [¶¶36-38].  Plaintiff also claims that, on or around November 26, 2014, Naetzker confiscated her phone "because of what he described as her 'lack of respect' she demonstrated by sitting out the Pledge." *Id*. [¶41].[4]

---

[3] Dkt. 49, p. 10.
[4] Naetzker denies violating Plaintiff's rights in any way and denies Plaintiff's allegations. For purposes of this motion to dismiss only, however, he assumes such allegations to be true.

Plaintiff does not plead that Arceneaux had submitted the written waiver required under Section 25.082 to excuse Plaintiff from reciting the Pledge.

> **(1)** **Naetzker is Entitled to Qualified Immunity from Plaintiff's Compelled Speech Claim.**

Naetzker is entitled to qualified immunity from Plaintiff's compelled speech claim because Plaintiff did not plead that Arceneaux, Plaintiff's mother, provided a written waiver to excuse Plaintiff from reciting the Pledge.[5]  Without this waiver, entitling Plaintiff to exercise her constitutional right to decline to recite the Pledge, Naetzker's alleged conduct was not a constitutional violation (i.e., not compelled speech), much less a clearly established one.

> **(2)** **Naetzker is Entitled to Qualified Immunity from Plaintiff's Free Exercise Claims.**

The First Amendment's Free Exercise Clause provides that, "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof…."  Naetzker is entitled to qualified immunity from Plaintiff's Free Exercise claim because he did not violate Plaintiff's Free Exercise rights, much less her clearly established Free Exercise rights.

First, Plaintiff did not plead a violation of Free Exercise rights, much less of her clearly established rights.  Instead, Plaintiff pleads that she was "motivated by philosophical differences with regard to the religious portions of the pledges, as well as concerns about racial equality."  Dkt. 104, p. 8 [¶40].  The Free Exercise Clause only protects beliefs rooted in religion, not philosophical and social concerns. *Wisconsin v. Yoder*, 406 U.S. 205, 215-16 (1972); *Thomas v. Review Bd. of the Indiana Employment Security Division*, 450 U.S. 707, 713-14 (1981) (citing *Sherbert v. Verner*, 374 U.S. 398 (1963) and *Yoder*, 406 U.S. at 215-16) ("Only beliefs rooted in

---

[5] At the motion to dismiss stage, evidence cannot be introduced for the Court's consideration.  Were this case to proceed to the motion for summary judgment stage, Arceneaux and Plaintiff's sworn deposition testimony establish that Arceneaux never submitted a written request required to allow Plaintiff to decline to recite the Pledge.

religion are protected by the Free Exercise Clause, which, by its terms, gives special protection to the exercise of religion."); *DeMarco v. Davis*, 914 F.3d 383, 388, n. 8 (5th Cir. 2019) (citations omitted) ("To fall within the purview of the Free Exercise Clause, a claimant must possess a sincere religious belief."); *A.A. ex rel. Betenbaugh v. Needville Indep. Sch. Dist.*, 701 F.Supp.2d 863, 872 (S.D. Tex. 2009) (citing *Thomas*, 450 U.S. at 713-14) ("Only beliefs rooted in religion are protected by the Free Exercise Clause, which, by its terms, gives special protection to the exercise of religion.").   For this reason, Naetzker is entitled to qualified immunity.

Second, as explained *supra* (p. 7), in order for Plaintiff to exercise her right not to participate in the Pledge, Section 25.082 required Arceneaux to submit a written request to Klein ISD. Plaintiff has not pled that such a written request was submitted.  For this reason, Naetzker's alleged coercion or attempted coercion to have Plaintiff recite the Pledge could not have been a violation of her Free Exercise rights, and certainly not of her clearly established Free Exercise rights, but instead was an enforcement of a valid Texas statute. *See Brinsdon*, 863 F.3d at 352.

Third, Plaintiff did not plead that she informed Naetzker of any alleged religious basis for her refusal to recite the Pledge, nor that he should have known that she was refusing to recite the Pledge due to alleged religious convictions. In fact, the case law as of 2014 interpreting Section 25.082 and the Pledge would have led Naetzker to believe that the Pledge and its use of "one nation under God" is constitutional, and that its recitation "does not constitute 'a formal religious exercise.'" *See Croft*, 624 F.3d at 164-65, 169. Indeed, the Fifth Circuit had found that:

> Here the state cannot be said to have coerced students to engage in a religious exercise.  A pledge of allegiance to a flag is not a prototypical religious activity. And, as we have explained, despite the challenged 'under God' amendment, the pledge's effect remains patriotic; its religious component is minimal and, when contextualized, clearly understandable as an acknowledgement of the state's religious heritage.

*Id*. at 170. Additionally, the Fifth Circuit had written that,

> The pledge is a patriotic exercise, and it is made no less so by the acknowledgement of Texas's religious heritage via the inclusion of the phrase 'under God.'  A pledge can constitutionally acknowledge the existence of, and even value, a religious belief without impermissibly favoring that value or belief, without advancing belief over non-belief, and without coercing participation in a religious exercise.

*Id*. There is no indication that Naetzker was on notice of any alleged assertion of an alleged religious objection, and there was no violation of a constitutional right, or of a clearly established one.

### (3)   Naetzker is Entitled to Qualified Immunity from Plaintiff's Equal Protection Claim.

Plaintiff claims that Naetzker singled her out, "subjected her to derision and opprobrium, and otherwise discriminated against [her] for her sincerely held beliefs, exhibited by her choice to refrain from participating in the daily recitation of the Pledge." *See* Dkt. 104, pp. 19-20 [¶128].  Plaintiff also claims that Naetzker engaged in "bullying behavior directed at [her] and fostered an educational environment which encouraged students to engage in bullying behavior directed toward [her],…and did so out of animosity or ill will directed toward [Plaintiff] as a result of her decision to refrain from participating in the daily recitation of the Pledge." *Id*. at p. 20 [¶131].

"The Equal Protection Clause forbids state actors from treating similarly situated individuals differently *for a discriminatory purpose* and without a rational basis." *Gil Ramirez Group, L.L.C. v. Houston Indep. Sch. Dist.*, 786 F.3d 400, 419 (5th Cir. 2015).  Naetzker is entitled to qualified immunity from Plaintiff's Equal Protection claim because he did not violate Plaintiff's Equal Protection rights, much less her clearly established Equal Protection rights.

First, as explained *supra* (p. 7), in order for Plaintiff to exercise her right to not participate in the Pledge, Section 25.082 required Arceneaux to submit a written request to Klein ISD.  Plaintiff has not pled that such a written request was submitted.  For this reason, Naetzker's alleged derision, opprobrium, discrimination, bullying, and any other alleged misconduct could not have been due to a constitutionally protected practice or any other form of discrimination. *See Brinsdon*, 863 F.3d at 352.  Instead, the alleged conduct would have been for the rational basis of enforcing a state law requirement. *See* Section 25.082.  As Naetzker did not violate Plaintiff's Equal Protection rights, much less her clearly established Equal Protection rights, Arnold is entitled to qualified immunity.

Second, Plaintiff's Equal Protection claim mirrors Plaintiff's First Amendment retaliation claim. *Cf.* Dkt. 104, p. 8 [¶¶37-38, 41] with pp. 19-20 [¶¶128, 131].  In *Brinsdon*, the Fifth Circuit reasoned that the First Amendment compelled speech and retaliation claims and Equal Protection claim mirrored each other, and it did not independently analyze the equal protection claim:

> That is 'because the substantive guarantees of the [First] Amendment serve as the strongest protection against the limitation of these rights.... [If the defendants' actions] survive substantive review under the specific guarantees [of the First Amendment,] they are also likely to be upheld under an equal protection analysis....'

*Brinsdon*, 863 F.3d at 347-48 (quoting *A.M. ex rel. McAllum v. Cash*, 585 F.3d 214, 226 n. 9 (5th Cir. 2009).  As the defendants were entitled to qualified immunity from the Plaintiff's First Amendment claims, the Fifth Circuit extended qualified immunity to the Equal Protection claim. *Id*. at 348.  Because Naetzker is entitled to qualified immunity from Plaintiff's First Amendment claims, the Court should grant him qualified immunity from Plaintiff's Equal Protection claim.

**(4)     Based on the Pleadings and the Law, Naetzker is Entitled to Qualified Immunity.**

In 2014, it was not clearly established that a teacher's alleged discipline of a student for failing to abide by a state law mandating the daily recitation of the Pledge, would violate the student's clearly established Free Speech, Free Exercise, or Equal Protection rights.[6]  There is no U.S. Supreme Court or Fifth Circuit case[7] that "placed the constitutionality of the [Naetzker]'s conduct beyond debate." *Wesby*, 138 S. Ct. at 589.  Naetzker is, therefore, entitled to qualified immunity.

**c.     Arnold is Entitled to Qualified Immunity.**

Plaintiff asserts First Amendment compelled speech and retaliation, Free Exercise, and Equal Protection claims against Arnold.  Specifically, Plaintiff alleges that:

- on August 24, 2017, Arnold "told the students in his sociology class, including Jane, that sitting for the Pledge was a privilege, not a right, and that people who sit for the Pledge are unappreciative and disrespectful, stating that all they do is take from society."

- on September 20, 2017, Arnold "played 'Born in the U.S.A.,' by Bruce Springsteen, instructing the class to write down how the song made them feel. He then gave the students a timed assignment to write down the words to the Pledge of Allegiance, indicating that, because it was written, the students were not actually pledging allegiance to the country."

- on September 21, 2017, "Arnold told the class that anyone who did not complete the Pledge assignment would receive a zero and compared people who refuse to say the Pledge to Soviet communists, members of the Islamic faith seeking to impose Sharia law, and those who condone pedophilia. He then distributed all the Pledge assignments to the wrong students and had them redistribute the assignments to the correct classmate, as is his practice."

---

[6] Indeed, it is not clearly established today that a teacher's alleged discipline of a student for failing to abide by a requirement of state law mandating the daily recitation of the Pledge would violate the student's clearly established Free Speech, Free Exercise, or Equal Protection rights.
[7] It is unclear whether a Fifth Circuit case, alone, can clearly establish law for purposes of qualified immunity. *Carroll v. Carman*, 135 S.Ct. 348, 350 (2014) (citing *Reichle*, 566 U.S. at 665–666 ("Assuming arguendo that controlling Court of Appeals' authority could be a dispositive source of clearly established law in the circumstances of this case, the Tenth Circuit's cases do not satisfy the "clearly established" standard here.")).

- between September 21, 2017 and the end of the Fall 2017 semester, Arnold subjected her to "significantly harsher treatment than any other student by, among other behavior, berating her in class for wrong answers, calling her out because he could not "see her eyes," and instructing her to move her desk into the middle of the aisle."

- on multiple occasions, "Arnold played Christian music to his class, and that after he was directed not to play Christian music to his class, Arnold 'announced to the class that he would no longer allow them to listen to their own music on headphones since he was not allowed to play his music to the class.'"

Dkt. 104, pp. 14-16 [¶¶92-93, 95-96, 98-99].

> **(1)     Arnold is Entitled to Qualified Immunity from Plaintiff's Free Speech Claims.**

> **(a)     Arnold is Entitled to Qualified Immunity from Plaintiff's Compelled Speech Claim.**

Similarly to Naetzker (*supra* at pp. 7-8), Arnold is entitled to qualified immunity from Plaintiff's compelled speech claim because Plaintiff did not plead that Arceneaux provided a written waiver to excuse her from reciting the Pledge.  Without this waiver entitling her to exercise her constitutional right to decline to recite the Pledge, Arnold's alleged conduct was not a violation of law (i.e., it was not compelled speech), much less a clearly established one.[8] Arnold is entitled to qualified immunity from this claim.

Additionally, with regard to the Pledge writing assignment specifically, Arnold is entitled to qualified immunity.  A graded, cultural, non-operative, and educational exercise occurring on one occasion requiring students to recite the Mexican pledge of allegiance while simulating the ritual of the pledge is not compelled speech and does not violate a student's Free Speech rights. *Id*. at 343-44, 349, 351.  As in *Brinsdon*, Arnold's in-class Pledge-writing assignment did not

---

[8] Arnold denies violating Plaintiff's rights in any way and denies Plaintiff's allegations. For purposes of this motion to dismiss only, however, he assumes such allegations to be true.

violate Plaintiff's constitutional rights, much less any clearly established ones, and he is entitled to qualified immunity.[9]

**(b)     Arnold is Entitled to Qualified Immunity from Plaintiff's Free Speech Retaliation Claim.**

In order to properly plead a First Amendment retaliation claim, Plaintiff was required to plead that: (1) she was engaged in a constitutionally protected activity; (2) the defendant's actions caused her to suffer "'an injury that would chill a person of ordinary firmness from continuing to engage in that activity;'" and (3) the defendant's adverse actions "'were substantially motivated against the'" plaintiff's "'exercise of constitutionally protected conduct.'" *Brinsdon*, 863 F.3d at 351 (quoting *Keenan v. Tejeda*, 290 F.3d 252, 258 (5th Cir. 2002)).  Arnold is entitled to qualified immunity.

First, Plaintiff was not engaged in constitutionally protected activity.  As Arnold did not unlawfully compel Plaintiff's speech, none of Arnold's alleged subsequent conduct and comments could have been retaliatory. *See Brinsdon*, 863 F.3d at 351-352.  In *Brinsdon*, the Fifth Circuit held that the plaintiff's refusal "to perform the Mexican pledge in the context presented in this case was not the exercise of a clearly established right." *Id*. at 351.  For this reason, the plaintiff's removal from class, which served as a basis for the plaintiff's First Amendment retaliation claim, was not retaliatory:

> We have already discussed why Brinsdon's refusal in September to perform the Mexican pledge in the context presented in this case was not the exercise of a clearly established constitutional right. Thus, however long a removal from class in September may have been, any removal at the time was not in retaliation for the exercise of a clearly established constitutional right.

*Id*. at 352.  Arnold is entitled to qualified immunity from this claim.[10]

---

[9] Contrary to Plaintiff's repeatedly pleading that Arnold gave her a "zero" for the assignment, this is not true.  <u>All</u> of the evidence demonstrates that Plaintiff did not receive a "zero" on the assignment.

Second, Plaintiff has failed to provide any well-pled allegations that Arnold's alleged adverse actions were substantially motivated against her exercise of constitutionally protected conduct. As such, she has failed to establish a violation of a constitutional right, much less a clearly established one, and Arnold is entitled to qualified immunity.

### (2)  Arnold is Entitled to Qualified Immunity from Plaintiff's Free Exercise Claim.

Arnold is entitled to qualified immunity from Plaintiff's Free Exercise claim because he did not violate Plaintiff's Free Exercise rights, much less her clearly established Free Exercise rights.

First, as explained above, Plaintiff did not plead a violation of her Free Exercise rights, much less of her clearly established Free Exercise rights, but instead alleged disagreements about "philosophical differences" and social concerns. *Supra* at pp. 8-9; Dkt. 104, p. 8 [¶40]. The Free Exercise Clause only protects beliefs rooted in religion, not philosophical and social concerns. *Yoder*, 406 U.S. at 215-16; *Thomas*, 450 U.S. at 713-14 (citing *Sherbert* and *Yoder*, 406 U.S. at 215-16) ("Only beliefs rooted in religion are protected by the Free Exercise Clause, which, by its terms, gives special protection to the exercise of religion."); *DeMarco*, 914 F.3d at 388, n. 8 (citations omitted) ("To fall within the purview of the Free Exercise Clause, a claimant must possess a sincere religious belief."); *Betenbaugh*, 701 F.Supp.2d at 872 (citing *Thomas*, 450 U.S. at 713-14) ("Only beliefs rooted in religion are protected by the Free Exercise Clause, which, by

---

[10] Plaintiff does not appear to assert a First Amendment retaliation claim against Naetzker (but only against Arnold and Richard). *See* Dkt. 104, p. 18 [¶116]. Out of an abundance of caution, and insofar as Plaintiff is asserting a retaliation claim against Naetzker, Naetzker is entitled to qualified immunity from such a claim. First, as Naetzker did not unlawfully compel Plaintiff's speech because Plaintiff did not lawfully exercise her constitutional rights, she did not establish the first element of a retaliation claim, and none of Naetzker's alleged subsequent conduct could have been retaliatory. *See Brinsdon*, 863 F.3d at 351, 352 (citations omitted). Second, Plaintiff failed to provide any well-pled allegations that his alleged adverse actions against her were substantially motivated against her exercise of constitutionally protected conduct, the third element required to properly plead a retaliation claim. Plaintiff has failed to establish a violation of a constitutional right, much less a clearly established one, and Naetzker is entitled to qualified immunity.

its terms, gives special protection to the exercise of religion."). For this reason, Arnold is entitled to qualified immunity.

Second, as explained *supra* (p. 7), in order for Plaintiff to exercise her right to not participate in the Pledge, Section 25.082 required Arceneaux to submit a written request to Klein ISD. Plaintiff has not pled that such a written request was submitted. For this reason, Arnold's alleged coercion or attempted coercion to have Plaintiff recite the Pledge could not have been a violation of her Free Exercise rights, and certainly not of a clearly established right, but instead an enforcement of a valid Texas statute. *See Brinsdon*, 863 F.3d at 352.

Third, Plaintiff did not plead that she informed Arnold of any religious basis for her refusal to recite the Pledge, nor that he had any reason to understand that she was refusing to recite the Pledge due to alleged religious convictions. As explained *supra* (pp. 7-10), the case law as of 2017 interpreting Section 25.082 and the Pledge would have led Arnold to believe that the Pledge is a patriotic, constitutional, non-religious exercise. *Croft*, 624 F.3d at 164-65, 169, 170. There is no indication that Arnold was on notice of any alleged assertion of a religious objection, and there was no violation of a constitutional right, or of a clearly established one.

Fourth, with regard to the allegations concerning playing and restricting music, Arnold is also entitled to qualified immunity. Not only can this alleged conduct not be a Free Speech violation for the reasons explained *supra* at p. 7, playing or restricting music in the context of this case is not a violation of Free Exercise rights, much less of clearly established rights.

### (3)     Arnold is Entitled to Qualified Immunity from Plaintiff's Equal Protection Claim.

As with Naetzker, Plaintiff claims that Arnold singled her out, "subjected her to derision and opprobrium, and otherwise discriminated against [her] for her sincerely held beliefs, exhibited by her choice to refrain from participating in the daily recitation of the Pledge." See

Dkt. 104, pp. 19-20 [¶128].  Plaintiff also claims that Arnold engaged in "bullying behavior directed at [her] and fostered an educational environment which encouraged students to engage in bullying behavior directed toward [her],…and did so out of animosity or ill will directed toward Jane Doe as a result of her decision to refrain from participating in the daily recitation of the Pledge." *Id.* at p. 20 [¶131].

"The Equal Protection Clause forbids state actors from treating similarly situated individuals differently *for a discriminatory purpose* and without a rational basis." *Gil Ramirez Group*, 786 F.3d at 419.  Arnold is entitled to qualified immunity from Plaintiff's Equal Protection claim because he did not violate Plaintiff's Equal Protection rights, much less her clearly established Equal Protection rights.

First, as explained *supra* (p. 7), in order for Plaintiff to exercise her right to not participate in the Pledge, Section 25.082 required Arceneaux to submit a written request to Klein ISD. Plaintiff has not pled that such a written request was submitted.  For this reason, Arnold's alleged derision, opprobrium, discrimination, bullying, and any other alleged misconduct could not have been due to a constitutionally protected practice or any other form of discrimination. *See Brinsdon*, 863 F.3d at 352.  This means that Plaintiff cannot establish one of the elements of her claim. It also means that, as Arnold did not violate Plaintiff's Equal Protection rights, much less her clearly established Equal Protection rights, Arnold is entitled to qualified immunity.

Second, as explained, Plaintiff's Equal Protection claim mirrors Plaintiff's First Amendment retaliation claim. *Cf.* Dkt. 104, pp. 14-16 [¶¶92-93, 95-96, 98-99] with pp. 19-20 [¶¶128, 131].  In *Brinsdon*, the Fifth Circuit reasoned that the First Amendment compelled speech and retaliation claims and Equal Protection claim mirrored each other, and it did not independently analyze the equal protection claim:

> That is 'because the substantive guarantees of the [First] Amendment serve as the strongest protection against the limitation of these rights.... [If the defendants' actions] survive substantive review under the specific guarantees [of the First Amendment,] they are also likely to be upheld under an equal protection analysis....'

*Brinsdon*, 863 F.3d at 347-48 (quoting *McAllum*, 585 F.3d at 226 n. 9.  As the defendants were entitled to qualified immunity from the Plaintiff's First Amendment claims, the Fifth Circuit extended qualified immunity to the Equal Protection claim. *Id*. at 348.  Because Arnold is entitled to qualified immunity from Plaintiff's First Amendment claims, the Court should grant him qualified immunity on her Equal Protection claim.

### (4)   Based on the Pleadings and the Law, Arnold is Entitled to Qualified Immunity.

In 2017, when Arnold's alleged conduct took place, there was no Supreme Court or Fifth Circuit case that "placed the constitutionality of the [Arnold]'s conduct beyond debate." *Wesby*, 138 S. Ct. at 589.  Arnold is entitled to qualified immunity.

### d.   Richard is Entitled to Qualified Immunity.

Plaintiff asserts First Amendment Free Speech retaliation[11] and Equal Protection claims against Richard.  Specifically, Plaintiff alleges that:

- on October 25, 2017, the day after Arceneaux filed this lawsuit, Richard intervened to prevent students from talking to Doe about the lawsuit in her classroom outside of class time, and told Jane she was doing this for Jane's protection;

- on November 4, 2017, a member of the Klein Oak debate team told Jane to 'go fuck off' and to 'go fuck [her]self' while at a debate event hosted by Klein Oak;

- upon learning of the incident, Richard spoke to the other student, who admitted to making the statements. Richard and Klein Oak faculty member Lynda Wesley allegedly counselled Jane to not to report the incident until the following Monday, so that the incident would not reflect poorly on the school;

---

[11] "Richard retaliated against Jane for exercising her constitutional right to engage in protected speech." *See* Dkt. 104, p. 18 [¶116].

- on or around December 6, 2017, a student stole food from Jane's book bag while in Richard's class. The student admitted the theft to Richard but was not disciplined;

- during November and December 2017, Richard repeatedly asked Jane for details about the current lawsuit and how students were responding. On multiple occasions, when Jane refused to discuss the matter, Richard threatened to send her to the assistant principal's office and once shouted, "Fine, just ignore me," at Jane during class time;

- although Jane remained on the debate team, Richard began restricting information disclosed to her concerning debate team events, including the taking of the debate team's yearbook photo, and discussed Jane with other students during class time, telling them that Jane is a liar and that her participation in debate team events and projects is meaningless; and

- Richard entirely ceased speaking to Jane, communicating only through student intermediaries or another faculty member, Mrs. Cook.

Dkt. 104, pp. 16-17 [¶¶100-105, 108, 111].

### (1)    Richard is Entitled to Qualified Immunity from Plaintiff's Free Speech Retaliation Claim.

In order to properly plead a First Amendment retaliation claim, Plaintiff was required to plead that: (1) she was engaged in a constitutionally protected activity; (2) the defendant's actions caused her to suffer "'an injury that would chill a person of ordinary firmness from continuing to engage in that activity;'" and (3) the defendant's adverse actions "'were substantially motivated against the'" plaintiff's "'exercise of constitutionally protected conduct.'" *Brinsdon*, 863 F.3d at 351 (quoting *Keenan*, 290 F.3d at 258). Richard is entitled to qualified immunity from this claim.

First, Plaintiff did not engage in a constitutionally protected activity. As explained *supra* (p. 7), Plaintiff did not exercise her Free Speech rights to decline to recite the Pledge because Arceneaux did not provide the required written waiver. As she did not engage in constitutionally protected activity, (1) Plaintiff cannot establish the first element of her retaliation claim, and (2)

none of Richard's alleged subsequent conduct and comments could have been retaliatory. *See Brinsdon*, 863 F.3d at 351, 352.[12]

Second, Plaintiff has failed to provide any well-pled allegations that Richard's alleged adverse actions were substantially motivated against her exercise of constitutionally protected conduct. As such, she has failed to establish a violation of a constitutional right, much less a clearly established one.

> ### (2)    Richard is Entitled to Qualified Immunity from Plaintiff's Equal Protection Claim.

Plaintiff claims, in the <u>identical</u> manner as she does against Naetzker and Arnold, that Richard singled her out, "subjected her to derision and opprobrium, and otherwise discriminated against [her] for her sincerely held beliefs, exhibited by her choice to refrain from participating in the daily recitation of the Pledge." *See* Dkt. 104, pp. 19-20 [¶128]. Plaintiff also claims that Richard, like her co-Defendants, engaged in "bullying behavior directed at [her] and fostered an educational environment which encouraged students to engage in bullying behavior directed toward [her],…and did so out of animosity or ill will directed toward Jane Doe as a result of her decision to refrain from participating in the daily recitation of the Pledge." *Id*. at p. 20 [¶131].

"The Equal Protection Clause forbids state actors from treating similarly situated individuals differently *for a discriminatory purpose* and without a rational basis." *Gil Ramirez Group*, 786 F.3d at 419. Richard is entitled to qualified immunity from Plaintiff's Equal Protection claim because she did not violate Plaintiff's Equal Protection rights, much less her clearly established Equal Protection rights.

---

[12] Richard denies violating Plaintiff's rights in any way and denies Plaintiff's allegations. For purposes of this motion to dismiss only, however, she assumes such allegations to be true.

First, as explained *supra* (p. 7), in order for Plaintiff to exercise her right to not participate in the Pledge, Section 25.082 required Arceneaux to submit a written request to Klein ISD. Plaintiff has not pled that such a written request was submitted.  For this reason, Richard's alleged derision, opprobrium, discrimination, bullying, and any other alleged misconduct could not have been due to a constitutionally protected practice or any other form of discrimination. *See Brinsdon*, 863 F.3d at 352.  This means that Richard cannot establish one element of her Equal Protection claim.  This also means that as Richard did not violate Plaintiff's Equal Protection rights, much less her clearly established Equal Protection rights within the specific context of this litigation.

Second, Plaintiff pled rational bases for at least some of Richard's alleged conduct: protecting Plaintiff [¶100]; protecting Klein Oak's reputation [¶103]. *See* Dkt. 104, p. 16.  With regard to these specific allegations, this means that Plaintiff cannot establish a second element of her claim.  Richard did not violate Plaintiff's Equal Protection rights, much less her clearly established Equal Protection rights.  Richard is entitled to qualified immunity.

Third, as explained, Plaintiff's Equal Protection claim mirrors Plaintiff's First Amendment retaliation claim. *Cf.* Dkt. 104, p. 16-17 [¶¶100-105, 108, 111] with pp. 19-20 [¶¶128, 131]. In *Brinsdon*, the Fifth Circuit reasoned that the First Amendment compelled speech and retaliation claims and Equal Protection claim mirrored each other, and it did not independently analyze the equal protection claim:

> That is 'because the substantive guarantees of the [First] Amendment serve as the strongest protection against the limitation of these rights.... [If the defendants' actions] survive substantive review under the specific guarantees [of the First Amendment,] they are also likely to be upheld under an equal protection analysis....'

*Brinsdon*, 863 F.3d at 347-48 (quoting *McAllum*, 585 F.3d at 226 n. 9).  As the defendants were entitled to qualified immunity from the Plaintiff's First Amendment claims, the Fifth Circuit extended qualified immunity to the Equal Protection claim. *Id*. at 348.  Because Richard is entitled to qualified immunity from Plaintiff's First Amendment claims, the Court should grant her qualified immunity from Plaintiff's Equal Protection claim.

> **(3)** **Based on the Pleadings and the Law, Richard is Entitled to Qualified Immunity.**

In 2017 and 2018, when Richard's alleged conduct took place, there was no Supreme Court or Fifth Circuit case that "placed the constitutionality of the [Richard]'s conduct beyond debate." *Wesby*, 138 S. Ct. at 589.  Richard is entitled to qualified immunity.

### CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendants Angie Richard, Benjie Arnold, and Stephen Naetzker pray that this motion be granted, and that the Court dismiss Plaintiff's claims against them, and for such other relief, both general and special, at law or in equity, to which Defendants are entitled.

Respectfully submitted,

/s/ Thomas P. Brandt
THOMAS P. BRANDT
  State Bar No. 02883500
  tbrandt@fhmbk.com
FRANCISCO J. VALENZUELA
  State Bar No. 24056464
  fvalenzuela@fhmbk.com
CAROLINE SILEO
  State Bar No. 24091651
  csileo@fhmbk.com

FANNING HARPER MARTINSON
  BRANDT & KUTCHIN, P.C.
Two Energy Square
4849 Greenville Ave., Suite 1300
Dallas, Texas 75206
(214) 369-1300 (office)
(214) 987-9649 (telecopier)

ATTORNEYS FOR DEFENDANTS
ANGIE RICHARD, BENJIE ARNOLD,
AND STEPHEN NAETZKER

## CERTIFICATE OF SERVICE

This is to certify that on the 26th day of December, 2019, I electronically filed the foregoing document with the clerk of the Court for the United States District Court, Southern District of Texas, using the electronic case filing system of the Court, and served this document on all attorneys of record in accordance with Rule 5 of the Federal Rules of Civil Procedure.

/s/ Thomas P. Brandt
THOMAS P. BRANDT