United States District Court
Southern District of Texas
**ENTERED**
July 15, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARI LEIGH OLIVER, *et al.*, § § § | | |
| Plaintiffs, § § | | |
| VS. § § | CIVIL ACTION NO. H-17-3234 | |
| KLEIN INDEPENDENT SCHOOL DISTRICT, *et al.*, § § § § | | |
| Defendants. § | | |

**MEMORANDUM AND ORDER DENYING OLIVER'S MOTION TO RECONSIDER AND GRANTING THE DEFENDANTS' MOTION TO SEVER AND ENTER FINAL JUDGMENT**

As a student at Klein Oak High School, Mari Oliver refused to stand for or recite the Pledge of Allegiance because she disagreed with it philosophically. (Docket Entry No. 122-2, Oliver Dep. at 21:11–23:2). The Klein Independent School District pledge policy, tracking Texas law, states: "A [school] board shall require students, once during each school day, to recite the pledges of allegiance to the United States and Texas flags. On written request from a student's parent or guardian, a district shall excuse the student from reciting a pledge of allegiance." (Docket Entry No. 138-1 at 40; *see* TEX. EDUC. CODE § 25.082(b)–(c) (2017)). Oliver and her mother, LaShan Arceneaux,[1] sued the District and several teachers and administrators, alleging that they violated Oliver's constitutional rights after receiving a written request to excuse her from the pledge.

After a hearing, this court granted summary judgment to all defendants except as to the free-speech claims against sociology teacher Benjie Arnold, and denied the plaintiffs' motion for partial summary judgment as to Arnold and Richard. (Docket Entry No. 145). The plaintiffs had

---

[1] Arceneaux sued as Oliver's next friend when Oliver was a minor, but Oliver is now an adult.

abandoned their free-exercise and equal-protection claims at oral argument before the court ruled. (*Id.* at 3).

The plaintiffs moved, under either Rule 59(e) or 60(b)(1), for reconsideration of the March 2020 grant of summary judgment to the defendants, other than Arnold, and the defendants responded. (Docket Entry Nos. 151, 155, 158). While this motion was pending, Arnold filed a notice of an appeal to the Fifth Circuit. (Docket Entry Nos. 149 and 150). Most of the other defendants—Klein Independent School District, Klein superintendent Bret Champion, assistant principal Kimberly Walters, teacher Jennifer Walton, and principals Lance Alexander, Brian Greeney, and Thomas Hensley—asked this court to sever the claims against them and enter final judgment under Rule 54, and the plaintiffs responded. (Docket Entry Nos. 146, 148, 154).

After a careful review of the parties' arguments, the record, and the applicable law, the court denies the plaintiffs' motion for reconsideration and grants the defendants' Rule 54(b) motion to sever and enter final judgment. The reasons for these rulings are set out in detail below. The joint pretrial order deadline and docket call are suspended and will be reset after the Fifth Circuit resolves Arnold's appeal.

**II.   The Legal Standards**

    **A.   The Motion to Reconsider**

        **1.   Rule 59(e)**

Under Rule 59, "the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." FED. R. CIV. P. 59(a)(2). Motions under Rule 59 are "properly invoked 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002) (quoting *Waltman v.*

*Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). Parties must file a Rule 59 motion "no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e).

### 2. Rule 60(b)(1)

Rule 60(b)(1) permits relief "from a final judgment, order, or proceeding" for "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). Mistakes can include an "obvious error of law, apparent on the record." *In re Grimland, Inc.*, 243 F.3d 228, 233 (5th Cir. 2001). Rule 60(b) balances "the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005) (citing *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981)).

Granting a Rule 60(b) motion requires that "there exist extraordinary circumstances" justifying relief. *Pryor v. U.S. Postal Service*, 769 F.2d 281, 287 (5th Cir. 1985). Typically, a Rule 60(b) motion should not be used "to provide an avenue for challenges of mistakes of law that should ordinarily be raised by timely appeal." *Id.* at 286; *see also*, *In re Pettle*, 410 F.3d 189, 191 (5th Cir. 2005) ("We have consistently held that the 'relief under Rule 60(b) is considered an extraordinary remedy . . . '" (quoting *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998))); *Gary v. State of Louisiana*, 622 F.2d 804, 805 (5th Cir. 1980) (finding that a challenge to the legal standard applied should have been raised via a direct appeal); *Halliburton Energy Servs. v. NL Indus.*, 618 F. Supp. 2d 614, 620 (S.D. Tex. 2009) (noting that review under Rule 60(b) is narrower in scope than review on direct appeal). However, a Rule 60(b) motion can be granted to correct an "obvious error of law" when that error "involve[s] a fundamental misconception of the law or a conflict with a clear statutory mandate." *In re Grimland, Inc.*, 243 F.3d at 233. A decision on a Rule 60(b) motion is within the discretion of the district court and is reviewed under an abuse of

discretion standard. *Hesling*, 396 F.3d at 638; *McCorvey v. Hill*, 385 F.3d 846, 848 (5th Cir. 2004) ("We review the district court's denial of relief under Rule 60(b) for abuse of discretion.").

### B. A Motion to Sever under Rule 54(b)

Rule 54(b) states:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

FED. R. CIV. P. 54(b).

One function of Rule 54(b) is to mitigate "[t]he danger of hardship through delay of appeal until the whole action is concluded" in cases involving multiple parties and claims. FED. R. CIV. P. 54(b) advisory committee's note to 1961 amendment; *see also Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 740 (5th Cir. 2000) ("[Rule 54(b)] reflects a balancing of two policies: avoiding the 'danger of hardship or injustice through delay which would be alleviated by immediate appeal' and 'avoiding piecemeal appeals.'" (quoting *PYCA Indus. v. Harrison County Waste Water Management Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996))).

In evaluating whether to grant a Rule 54(b) motion, a district court considers the "interrelationship of the claims so as to prevent piecemeal appeals in cases which should be reviewed only as single units." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 10 (1980). The analysis involves two prongs: (1) whether there is a final judgment and (2) whether there is a just reason for delaying the moving parties' exit from the case. *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956). The first prong requires a "decision upon a 'claim for relief'" that is "a 'final decision' in the sense of an ultimate disposition of an individual claim" in a multi-claim case. *Id.* As to the second prong, determining whether there is a just reason for delay is a matter of judicial discretion, and the district court must balance "administrative interests as well as the

equities involved" in a manner consistent with the federal policy against piecemeal appeals. FED. R. CIV. P. 54(b) advisory committee's note to 1961 amendment; *Sears, Roebuck & Co.*, 351 U.S. at 438; *see also Curtiss-Wright Corp.*, 446 U.S. at 10–11 ("[W]e are reluctant either to fix or sanction narrow guidelines for the district courts to follow."). In weighing whether there is a just reason for delay, the court evaluates the degree to which severing the claims or parties would impose multiplicative appellate court decisions. *Curtiss-Wright Corp.*, 446 U.S. at 10.

District court decisions on whether to grant a Rule 54(b) motion receive substantial deference, and the Fifth Circuit "reverse[s] such orders only if [it] find[s] an abuse of discretion." *Ackerman v. F.D.I.C.*, 973 F.2d 1221, 1224 (5th Cir. 1992) (citing *Curtiss-Wright Corp.*, 446 U.S. at 8); *see also H & W Indus., Inc. v. Formosa Plastics Corp.*, 860 F.2d 172, 175 (5th Cir. 1988) ("A district court decision to certify its judgment on some portion of a multiple claim as an appealable final judgment under Rule 54(b) is a discretionary act.").

### III. Analysis

#### A. The Motion to Reconsider

The plaintiffs ask the court to reconsider the order granting summary judgment. (Docket Entry No. 151). The plaintiffs rely on Rule 59(e) or, in the alternative, Rule 60(b)(1). The defendants respond that because Rule 59 "pertains only to motions to alter or amend final judgments," and because this court has not entered final judgment, the motion is premature. (Docket Entry No. 155 at 2).

The term "judgment" under Rule 54(a) "includes a decree and any order from which an appeal lies" but does not extend to "recitals of pleadings, a master's report, or a record of prior proceedings." FED. R. CIV. P. 54(a). Because the grant of summary judgment ends the litigation on the merits as to the claims against several defendants and is appealable, the plaintiffs' motion

for reconsideration falls under Rule 59(e). *See, e.g.*, *Jackson v. Hall*, 763 F. App'x. 376, 376–77 (5th Cir. 2019) (the district court did not err in denying the plaintiff's Rule 59(e) motion after granting the defendants summary judgment); *Smith v. Alumax Extrusions, Inc.*, 868 F.2d 1469, 1470 (5th Cir. 1989) (remanding the plaintiff's claim to the district court for ruling on the plaintiff's Rule 59(e) motion, because the district court did not consider the Rule 59(e) motion after granting summary judgment to the defendants).

The plaintiffs' Rule 59 motion is untimely because they filed it 29 days after entry of judgment, which the defendants observe is outside the 28-day window permitted under Rule 59(e). FED. R. CIV. P. 59(e). (Docket Entry No. 155 at 2; *see also* Docket Entry No. 158 at 3). Because the plaintiffs' filing was untimely, Rule 59 does not apply. The court considers the motion under Rule 60(b)(1). Even if the plaintiffs had made a timely Rule 59 motion, the outcome would be the same.

### 1. The Legal Significance of the November 30, 2015, Email

The plaintiffs did not challenge the Texas pledge of allegiance statute. Because the statute is presumptively constitutional, exemption from the Klein school district pledge requirement required a written opt-out. TEX. EDUC. CODE § 25.082; (Docket Entry No. 145 at 25–26). The plaintiffs allege that the court, "in an error of law," applied an incorrect summary judgment standard when considering whether Arceneaux's November 30, 2015, email was an opt-out request. (Docket Entry No. 151 at 3–5). The plaintiffs argue that the court failed to draw all justifiable inferences in their favor, noting that the "[d]efendant Greeney took [the 2015] email as a written notice, within the meaning of the Texas statute," and citing "[Greeney's] direction to Defendant Walters" after receiving the email that Oliver was exempt from the pledge. (*Id.* at 4).

This argument restates a contention the court already considered and rejected. (Docket Entry No. 137 at ¶ 19; Docket Entry No. 145 at 27–28). The court found that, even when viewed in the light most favorable to the plaintiffs, the November 2015 email "propose[d] a course of action that did not specifically request exempting Oliver from participating in the pledge in Walton's or Richard's class." (Docket Entry No. 145 at 28). Rather, the email asked the school district "to move Oliver from Walton's journalism class to Richard's speech and debate class." (*Id.*). The court's conclusion does not reflect "mistake, inadvertence, surprise, or excusable neglect" within the meaning of Rule 60(b). There was no "fundamental misconception" as to the effect of the November 30, 2015, email under the Texas statute. *In re Grimland, Inc.*, 243 F.3d at 233. As the defendants observe, the plaintiffs "fail[] to cite to any specific legal authority that would support [their] contention that the November 30, 2015, email constitute[d] a written opt[-]out." (Docket Entry No. 155 at 3).

The plaintiffs argue that there are sections of the 2015 email that the court failed to note. (Docket Entry No. 151 at 4). This argument is unpersuasive because the March 25, 2020, opinion replicated and considered the email in full. (Docket Entry No. 145 at 27–28; *see also* Docket Entry No. 138-1 at 78).

### 2. The Qualified Immunity Defense

The plaintiffs argue that the court "defined a defense to a federal claim by looking to state law and local policy" and incorrectly "determined the applicability of qualified immunity based on procedural developments in the litigation" instead of considering "what was known to the individual defendants at the time." (Docket No. 151 at 6). The plaintiffs argue that the court did not "[address] the contrary argument and binding authorities" that they offered. (*Id.*). These arguments are unpersuasive.

Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "Claims of qualified immunity must be evaluated in the light of what the officer knew at the time he acted, not on facts discovered subsequently." *Luna v. Mullenix*, 773 F.3d 712, 718 (5th Cir. 2014).

The court found that the plaintiffs did not identify clearly established federal law invalidating the District's pledge of allegiance policy, which tracks the Texas pledge statute. (Docket Entry No. 145 at 25–27). Before the events that inspired this litigation, the Fifth Circuit upheld the statute against a facial Establishment Clause attack, and the Eleventh Circuit rejected a facial free-speech challenge to a comparable Florida statute. *Croft v. Perry*, 624 F.3d 157, 170 (5th Cir. 2010); *Frazier v. Winn*, 535 F.3d 1279, 1284–85 (11th Cir. 2008). The Texas statute, as a matter of federal law, was (and is) presumptively constitutional. *See McDonald v. Bd. of Election Comm'rs*, 394 U.S. 802, 809 (1969) ("Legislatures are presumed to have acted constitutionally . . . ."). This court's conclusion about federal law at the time the defendants acted did not depend on subsequent developments and did not erroneously rely on state law.

B. **The Defendants' Motion to Sever and Enter Final Judgment**

Klein Independent School District, Alexander, Champion, Greeney, Hensley, Walters, and Walton ask the court to sever, and enter final judgment on the claims against them under Rule 54, because there is "no just reason [to] delay." (Docket Entry No. 146 at 3; *see also* Docket Entry No. 145).

Citing a phrase in the defendants' motion, the plaintiffs describe the motion as a request to "sever Oliver's claims against Arnold into a separate lawsuit." (Docket Entry No. 148 at 2, quoting

8

Docket Entry No. 146 at 3). The plaintiffs attempt to draw a distinction between severing surviving claims and severing dismissed claims, arguing that Rule 54(b) does not apply to the former.

This distinction does not affect the court's analysis. (Docket Entry No. 154 at 1–2).[2] The defendants' motion also "request[s] that the Court sever them as defendants in this case and enter a final judgment dismissing all of Oliver's claims [against them]." (Docket Entry No. 146 at 3). The motion requests the entry of a final judgment as to Oliver's claims against the movants under Rule 54(b). FED. R. CIV. P. 54(b).

### 1. The Final Judgment Requirement

Rule 54(b) requires a final judgment, which is a "decision upon a 'claim for relief'" that is "a 'final decision' in the sense of an ultimate disposition of an individual claim." *Sears, Roebuck & Co.*, 351 U.S. at 436. The defendants argue that "none of Oliver's claims in this lawsuit remain pending against [the District], Champion, Greeney, Hensley, Walters, Alexander, and Walton," and the March 2020 memorandum and order granting their "motions to dismiss and motions for summary judgment are 'final'" under Fifth Circuit precedent. (Docket Entry No. 146 at 6; *see, e.g.*, *Eldredge*, 207 F.3d at 740 ("Because the district court dismissed with prejudice all claims against [one of the defendants], [that defendant] was no longer a party before that court and the order granting summary judgment is properly on appeal pursuant to Rule 54(b).")). The plaintiffs

---

[2] The plaintiffs also state that if the "present motion should be construed as a motion to sever pursuant to an applicable rule or statute, or if the KISD Defendants subsequently identify the grounds on which they seek to sever, the Plaintiff intends to seek the Court's leave to supplement her brief regarding that issue." (Docket Entry No. 148 at 3). The defendants note that this would be a "waste of resources and time" because "Oliver is clearly fully aware of the legal analysis surrounding severance, and she makes her best case." (Docket Entry No. 154 at 2). The court agrees. The defendants have "identif[ied] the grounds on which they seek to sever," despite the plaintiffs' statement asserting otherwise. (Docket Entry No. 148 at 3). The plaintiffs have had the chance to present their arguments. In addition, the defendants filed their reply to the plaintiffs' response on April 27, 2020, giving the plaintiffs time "to seek the Court's leave to supplement [their] brief," and yet the plaintiffs have not done so. (*Id.*). No further briefing is needed.

do not dispute that the order granting summary judgment to these defendants is a final judgment under Rule 54(b). (Docket Entry No. 148 at 5).

### 2. A Just Reason For Delay

Under the second prong of the Rule 54(b) analysis, the court must consider whether there is a just reason for delay, which includes avoiding piecemeal appeals. The court must also balance the equities. *Curtiss-Wright Corp.*, 466 U.S. at 8. The plaintiffs maintain that the defendants "provide no justification for severance." (Docket Entry No. 148 at 1). The plaintiffs also argue that the defendants' rationale for granting the Rule 54(b) motion does not "justify the creation of multiple appellate pathways." (*Id.* at 2).

#### a. Legally and Factually Distinct Claims

The defendants argue that Oliver's retaliation claim against Arnold is distinct from her claims against the District, Champion, Greeney, Hensley, Walters, Alexander, and Walton, (Docket Entry No. 146 at 8), both in terms of the legal standard and the facts. While the plaintiffs acknowledge that the claims against Alexander and Walton are legally and factually distinct from those against Arnold, they maintain that "there is substantial legal and factual overlap between Oliver's remaining claims against Arnold and the claims against [the District], Bret Champion, Brian Greeney, Thomas Hensley, and Kimberly Walters." (Docket Entry No. 148 at 6). The plaintiffs want to avoid simultaneously preparing for Arnold's trial and appealing from the court's summary judgment, emphasizing that there may be another appeal if the case goes to trial. (*Id.* at 6).

Given Arnold's summary judgment appeal, which stays his trial, the plaintiffs' arguments fail. In light of that appeal, the defendants argue persuasively that granting the Rule 54(b) motion will increase "judicial economy and fairness to Oliver" because she can appeal the court's

summary judgment ruling as to the other defendants and defend Arnold's appeal simultaneously, and the Fifth Circuit can consolidate all of the summary judgment appeals. (Docket Entry No. 154 at 3). The stay means that the plaintiffs do not have to prepare for Arnold's trial and handle the summary judgment appeals simultaneously.

If this court denied the Rule 54(b) motion, the defendants could remain involved in this case for a protracted period. The plaintiffs would oppose Arnold's appeal. Should the plaintiffs prevail, they would proceed to trial on their claims against Arnold, after which either the plaintiffs or Arnold might appeal. Granting the defendants Rule 54(b) relief now would avoid that delay and piecemeal presentation, and is the most efficient and fairest approach for all parties.

### b. The Burden of Monitoring Ongoing Proceedings

The defendants argue that the District, Champion, Greeney, Hensley, Walters, Alexander, and Walton—all of whom the court found to have qualified immunity as to Oliver's claims—"should not be required to incur the time and expense of monitoring these proceedings as [] part[ies], or otherwise have to wait to possibly defend this case on appeal at some indeterminate future time." (Docket Entry No. 146 at 8). They contend that granting their Rule 54(b) motion will preserve "both judicial economy and public funds." (*Id.*).

The plaintiffs respond that the "burden of monitoring the case through to the disposition of the remaining claim against Defendant Arnold" does not justify Rule 54(b) relief. (Docket Entry No. 148 at 5). The plaintiffs point out that their claims against Arnold involve events that occurred while he still taught at Klein Oak High School. (*Id.*). Because it is likely that "one or more of the [defendants] will . . . give testimony in Arnold's trial," the defendants will have to monitor the case whether or not the court grants the Rule 54(b) motion. (*Id.* at 5–6). The plaintiffs contend

11

that the defendants "will continue to incur some legal costs regardless of the outcome of the present motion." (Docket Entry No. 148 at 7).[3]

The plaintiffs' arguments are not convincing. Arnold's appeal stays trial proceedings while the appeal is pending. During this time, the defendants do not have the burden of presenting evidence, including testifying, at Arnold's trial. The defendants argue persuasively that it would be burdensome if they were "forced to wait and monitor Arnold's appeal and trial, and then further await Oliver's decision to appeal or not appeal the Court's decision granting them summary judgment." (Docket Entry No. 154 at 4). The defendants also distinguish between the burdens to the District and to the individual defendants, who have especially good reasons for Rule 54(b) relief. Unlike Arnold, Hensley, and Walters, "Champion and Greeney no longer work for the District, Alexander is currently the Principal of a different high school within the District, and Walton is a fellow teacher at Klein Oak High School with no authority over Arnold." (*Id.* at 3).

The court agrees that there is no just reason to delay the entry of final judgment as to the claims against the movants. Whether or not they testify at Arnold's trial, they should not have to "wait and monitor" Arnold's appellate, pretrial, and trial proceedings against the remaining defendant.

---

[3] The plaintiffs also claim that the "Defendants have presented no arguments or authorities pertaining to severing the surviving claim," which is inaccurate and regardless, does not obviate the court's consideration of the motion. (Docket Entry No. 148 at 3). The defendants in fact do offer arguments and authorities, outlined here to the extent that they are relevant, both in their motion to sever under Rule 54(b) (Docket Entry No. 146) and in their reply to the plaintiffs' response. (Docket Entry No. 154).

## IV. Conclusion and Order

The plaintiffs' motion to reconsider is denied. (Docket Entry No. 151). The defendants' Rule 54(b) motion is granted. (Docket Entry No. 146). The joint pretrial order deadline and docket call are suspended and will be reset after the Fifth Circuit resolves Arnold's appeal.

SIGNED on July 15, 2020, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge