# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
October 26, 2021
Lyle W. Cayce
Clerk

No. 20-20438

Mari Leigh Oliver,

                      *Plaintiff—Appellant*,

versus

Bret Champion; Brian Greeney; Thomas Hensley; Kimberley Walters; Lance Alexander; Stephen Naetzker; Jennifer Walton; Klein Independent School District; Angie Richard,

                      *Defendants—Appellees*.

United States Courts
Southern District of Texas
**FILED**
November 17, 2021
Nathan Ochsner, Clerk of Court

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-3234

---

Before Smith, Stewart, and Willett, *Circuit Judges*.

Per Curiam:*

    The Texas Education Code mandates that school districts "require students, once during each school day," to recite the "pledge of allegiance to the United States." Tex. Educ. Code § 25.082(b)(1). The Code contains

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-20438

a parental opt-out provision whereby parents or guardians, upon "written request," may excuse their children from reciting the pledge. *Id.* § 25.082(c). The Klein Independent School District has adopted a district-wide policy that tracks the state's pledge mandate.

Mari Oliver attended a high school within Klein ISD. She has sued teachers, administrators, and Klein ISD under 42 U.S.C. § 1983, claiming they all violated her First Amendment right against compelled speech by requiring her to recite the pledge.[1] Importantly, Oliver admits that her claim is not predicated on a contention that the pledge mandate, itself, is unconstitutional.[2] Rather, Oliver's claim is predicated on her contention that her mother complied with the parental opt-out provision—something the parties vigorously dispute. We express no opinion on that dispute. Nonetheless, we AFFIRM summary judgment for Defendants.

We review summary judgment de novo. *S. ex rel. E.H.F. v. Garza*, 912 F.3d 778, 783 (5th Cir. 2019). We will reverse only if a genuine dispute of material fact exists or if the nonmovant was not entitled to judgment as a matter of law. *Id.* A material-fact dispute is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

---

[1] On appeal, Oliver adequately briefs only her compelled-speech claim—that the Defendants violated her right "to not participate in the pledge." Though her complaint alleged other claims as well, Federal Rule of Appellate Procedure 28 requires appellants to provide "reasons," with "citations to the authorities and parts of the record" supporting them, that warrant reversal. FED. R. APP. P. 28(a)(8)(A). Only Oliver's compelled-speech claim meets Rule 28's standard. Therefore, Oliver has waived appellate review of any other claims against the Defendants. *Trevino v. Johnson*, 168 F.3d 173, 181 n.3 (5th Cir. 1999) (holding "undeveloped," "inadequately argued" issues waived on appeal).

[2] Because Oliver does not challenge the pledge mandate's constitutionality, we must presume its constitutionality. *See McDonald v. Bd. of Election Comm'rs*, 394 U.S. 802, 809 (1969) ("Legislatures are presumed to have acted constitutionally . . . .").

No. 20-20438

Despite Oliver's belief otherwise, a reasonable jury could not return a verdict in her favor. Even if her mother complied with the parental opt-out provision, the record demonstrates that none of the Defendants ever compelled Oliver to recite the pledge. *Cf.* TEX. EDUC. CODE § 25.082(b)–(c) (excusing a student from reciting the pledge upon written request of a parent). Since Oliver "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof," Defendants were entitled to summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

**AFFIRMED.**