**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MARI OLIVER,** | **)(** | |
| | **)(** | |
| ***Plaintiff,*** | **)(** | |
| | **)(** | |
| **v.** | **)(** | |
| | **)(** | |
| **KLEIN INDEPENDENT SCHOOL DIST.,** | **)(** | |
| **BRET CHAMPION, *individually,*** | **)(** | |
| **BRIAN GREENEY, *individually,*** | **)(** | **Civil Action No.: 4:17-cv-3234** |
| **THOMAS HENSLEY, *individually,*** | **)(** | **(Jury Trial)** |
| **KIMBERLY WALTERS, *individually,*** | **)(** | |
| **LANCE ALEXANDER, *individually,*** | **)(** | |
| **BENJIE ARNOLD, *individually,*** | **)(** | |
| **ANGIE RICHARD, *individually,*** | **)(** | |
| **STEPHEN NAETZKER, *individually,* and** | **)(** | |
| **JENNIFER WALTON, *individually,*** | **)(** | |
| | **)(** | |
| ***Defendants.*** | **)(** | |

**PLAINTIFF'S MEMORANDUM OF LAW**

TO THE HONORABLE LEE H. ROSENTHAL:

Defendant Mari Oliver ("Oliver") submits this Memorandum of Law regarding her claims arising under the First Amendment and Defendant Benjie Arnold's qualified immunity defense.

## I. BACKGROUND

Texas law requires all public school students to recite the pledge of allegiance to the U.S. Flag (the Pledge) and the pledge of allegiance to the state flag of Texas one a day. Tex. Educ. Code § 25.082(b). A parent or guardian may exempt their child from this requirement by "written request." Tex. Educ. Code § 25.082(c). On November 14, 2016, LaShan Arceneaux,

Oliver's mother, sent Brian Greeney, then the principal of Klein Oak High School (KOHS), and Bret Champion, the superintendent of Klein Independent School District (Klein ISD), an email stating her desire that Oliver be excused from participation in the required recitals.

On August 17, 2017, KOHS Assistant Principal Kimberly Walters met with Oliver's teachers for the upcoming Fall 2017 semester and informed them that she was excused from reciting the Pledge of Allegiance to the United States Flag.

From August 2017 through December of 2017, Oliver was enrolled in the Defendant's Sociology class at KOHS. On September 20, 2017, the Defendant gave an assignment that required Ms. Oliver to write the Pledge (the Pledge Assignment). Oliver did not complete the assignment.

During the next session of his class, on September 21, 2017, with the students' Pledge Assignments in hand, the Defendant stated, among other things, that any student who didn't write the Pledge left him "no option but to give [them] a zero" for the assignment and that "you can have all the beliefs and resentment and animosity that you want, and I made it clear yesterday, writing it was not something you pledge. But, again, and I know the stickers go out, I used to have it, it said 'America, love it, or leave it.'" He then went on to discuss the Cuban Missile Crisis, the Pope's position on border walls, and an educator in Houston who was fired after people learned he had been either charged with or convicted of various sexual acts involving minors. The Defendant then returned the Pledge Assignments, including Ms. Oliver's blank assignment, to random students, requiring (and, in fact, expecting) the students to examine the assignment handed to them and return it to the proper student.

Subsequently, the Defendant repeatedly relocated Oliver from desk to desk around the classroom, admonished her that he could not "see her eyes," called her by the wrong name, spoke condescendingly to her in front of the class about her debate team accomplishments, and engaged in other retaliatory conduct.

On October 24, 2017, Oliver's mother filed the initial complaint in this matter and named the Defendant as a defendant, alleging that the conduct above constituted an attempt by the Defendant to both compel Ms. Oliver's speech and retaliate against her for her expressive conduct.

## II.    OLIVER'S FIRST AMENDMENT CLAIMS

There is no genuine dispute that, on September 20, 2017, Defendant Benjie Arnold required Mari Oliver to write down the Pledge of Allegiance as part of a timed assignment in violation of the right to free speech. A public school student's right to refrain from reciting the Pledge has been well-settled since the Supreme Court, in 1943, issued its decision in *West Virginia State Board of Education v. Barnette*:

> If there is any fixed star in our constitutional constellation, it is that no official, high or petty, can prescribe what shall be orthodox in politics, nationalism, religion, or other matters of opinion or force citizens to confess by word or act their faith therein. If there are any circumstances which permit an exception, they do not now occur to us.
>
> We think the action of the local authorities in compelling the flag salute and pledge transcends constitutional limitations on their power and invades the sphere of intellect and spirit which it is the purpose of the First Amendment to our Constitution to reserve from all official control.

319 U.S. 624, 642 (1943) (emphasis added).

The Fifth Circuit acknowledged in *Brinsdon v. McAllen Independent School District* that the Supreme Court's holding in *Barnette* contemplated not just oral recitation, but extended to

the *writing* of the Pledge as well where there is evidence that the requirement is imposed because the educator "seek[s] to inculcate beliefs" through the assignment, rather than for purely pedagogical reasons. 863 F.3d 338, 349 (5th Cir. 2017). Such a case "would reach the same result the Supreme Court did in *Barnette* and *Wooley* [*v. Maynard*]," (in which the Court declared unconstitutional a New Hampshire law mandating that the phrase "Live Free or Die" appear on all license plates, 430 U.S. 705, 707, 717 (1977)).

A Texas state statute, Tex. Educ. Code § 25.082, requires students to recite the Pledge once a day but states that a student may be exempted from this requirement "[o]n written request from a student's parent or guardian . . . ." § 25.082(c). Klein ISD board policies adopt without elaboration this requirement and the opportunity for a parent to exempt her child. Klein ISD, Board Policy Manual, Policy EC(LEGAL), School Day, (Nov. 5, 2015); Klein ISD, Board Policy Manual, Policy EC(LOCAL), School Day, (Nov. 13, 2013).

By September 20, 2017, Mari had been exempted from being required to participate in reciting the Pledge. By that date, Mari's mother, LaShan, had unequivocally conveyed, on at least two occasions, her support for her daughter's decision to refrain from participating in the recitation of the Pledge. As Mari Oliver's Sociology teacher during the fall semester of the 2017-2018 school year, Defendant Arnold was informed that Mari was permitted not to participate in the Pledge.

Defendant Benjie Arnold violated her free speech in two ways during the fall semester of the 2017-18 school year. He first coerced her to engage in speech against her express wishes (and those of her mother) on September 20, 2017, by requiring her to transcribe the Pledge by hand in order to inculcate in her his beliefs about the Pledge, patriotism, and "the ways we [protest] in America." Second, throughout the rest of the semester he repeatedly retaliated

against Mari for exercising her protected right not to recite the Pledge of Allegiance by subjecting her to significantly harsher treatment than other students.

A public school student's right to refrain from reciting the Pledge has been well-settled since the Supreme Court, in 1943, issued its decision in *West Virginia State Board of Education v. Barnette*:

> If there is any fixed star in our constitutional constellation, it is that no official, high or petty, can prescribe what shall be orthodox in politics, nationalism, religion, or other matters of opinion or force citizens to confess by word or act their faith therein. If there are any circumstances which permit an exception, they do not now occur to us.
>
> We think the action of the local authorities in compelling the flag salute and pledge transcends constitutional limitations on their power and invades the sphere of intellect and spirit which it is the purpose of the First Amendment to our Constitution to reserve from all official control.

319 U.S. 624, 642 (1943).

If the emphatic language employed by the Supreme Court in *Barnette* needed any reinforcing, the Court provided it with its 1969 decision, *Tinker v. Des Moines Independent School District*. 393 U.S. 503 (1969). "It can hardly be argued that either students or teachers shed their constitutional rights to freedom of speech or expression at the schoolhouse gate. This has been the unmistakable holding of this Court for almost 50 years." *Id.* at 506.

*Tinker* concerned adverse action by a school district against students who wore arm bands to protest the Vietnam War. *Id.* at 504. The students in *Tinker* were engaging in "silent, passive expression of opinion," and were not engaging in "any disorder or disturbance." *Id.* at 508. In short, there was no evidence that the students' conduct created any "interference, actual or nascent, with the schools' work or of collision with the rights of other students to be secure and to be let alone." *Id.* That an individual school official, or even other students, may find a

student's expressive activity subjectively off-putting, distracting, or disturbing is not a justification for stifling that student's freedom of expression. *Id.* at 508-09. "[S]chool officials cannot suppress 'expressions of feelings with which they do not wish to contend.'" *Tinker*, 393 U.S. at 511, quoting *Burnside v. Byars*, 363 F.2d 744, 749 (5th Cir. 1966).

The Fifth Circuit reaffirmed the principle expressed in *Burnside v. Byars* on June 3, 2014, (before Mari Oliver began her Freshman year at Klein Oak) in *Morgan v. Swanson*, 755 F.3d 757 (5th Cir. 2014), in which the court favorably cited the Eleventh Circuit's decision in *Holloman v. Harland*, 370 F.3d 1252 (11th Cir. 2004), involving a student who was punished by faculty and staff for silently raising a fist during the Pledge recital. When characterizing its sister circuit's holding, the Fifth Circuit explained that "[b]ecause a student's right to engage in this kind of non-disruptive political expression has been *so clearly established*, the [Eleventh Circuit] held that the teacher and principal were not entitled to qualified immunity." 755 F.3d at 760 (emphasis added).

Furthermore, the Fifth Circuit acknowledged in *Brinsdon v. McAllen Independent School District* that the right clearly established by the Supreme Court in Barnette contemplated not just oral recitation, but extended to the writing of the Pledge as well where there is evidence that the requirement is imposed because the educator "seek[s] to inculcate beliefs" through the assignment, rather than for purely pedagogical reasons. 863 F.3d 338, 349 (5th Cir. 2017). Such a case "would reach the same result the Supreme Court did in Barnette and *Wooley* [*v. Maynard*]," (in which the Court declared unconstitutional a New Hampshire law mandating that the phrase "Live Free or Die" appear on all license plates, 430 U.S. 705, 707, 717 (1977)).

After Oliver refused to complete the Pledge Assignment, the Defendant subjected her to noticeably harsher treatment than other students. In the span of a week he directed her to move

her seat multiple times, made condescending remarks about her debate team performance, and repeatedly called her by the wrong name. He offered conflicting explanations for this conduct, saying in a meeting with Defendant Walters that it was because she was violating classroom guidelines and that he could not "see [Mari's] eyes" where she was sitting, only to later claim, after the filing of the initial complaint in this matter, that it was in the hopes that her abilities would rub off on other students. See Exhibit "AG" at KISD 10; Exhibit "AY" at KISD 167.

Roughly a month later he played a song, "Jesus Take the Wheel," for the class and gave Mari the distinct impression that he was doing it in order to get a rise out of her. After Mari reported that Arnold was playing sectarian music in class and Arnold was instructed not to play religious music, he abruptly stopped letting the students listen to their own music, explaining "that if her couldn't listen to his music anymore, no one was going to listen to theirs." At the time he engaged in this conduct, Arnold was aware that Oliver objected to the Pledge of Allegiance.

## III. ARNOLD'S QUALIFIED IMMUNITY DEFENSE

The Defendant is not entitled to qualified immunity. As the Fifth Circuit Court of Appeals stated in *Brinsdon v. McAllen Independent School District*, where there is evidence that a teacher acted with the intent "to inculcate beliefs," the Supreme Court's decisions in *West Virginia Board of Education v Barnette*, 319 U.S. 624 (1943), and *Wooley v. Maynard*, 430 U.S. 705 (1977), control. 863 F.3d 338, 349 (5th Cir. 2017). In *Brinsdon*, because the record contained *no* evidence that the teacher in that case had an impermissible intent when assigning the students the task of reciting the Mexican pledge of allegiance, the teacher was entitled to qualified immunity. 863 F.3d at 349-51. The Fifth Circuit explained that, "[i]f there were such

evidence in [that] case, [it] would reach the same result the Supreme Court did in *Barnette* and *Wooley*." *Id.* at 349.

In contrast to the record in *Brinsdon*, the record contains ample evidence that the Defendant did, in fact, give the Pledge Assignment with the intent to inculcate his own beliefs in his students, including Oliver. *Brinsdon* makes clear that the question of whether Defendant is entitled to qualified immunity turns on whether there is evidence that he had an impermissible subjective intent. Oliver contends, with significant evidentiary support, that the Defendant acted with the impermissible intent to inculcate in her and her classmates his own beliefs—his beliefs in what behavior is American, the proper way to protest, and their responsibility to assimilate. For this reason, the Defendant is not entitled to qualified immunity.

**CONCLUSION**

The Court should apply the legal doctrines and standards laid out above, reject the Defendant's continuing claim of qualified immunity, and permit the Plaintiff to present her case to a jury.

Respectfully submitted,

/s/ Geoffrey T. Blackwell
GEOFFREY T. BLACKWELL
American Atheists Legal Center
1201 S. Courthouse Rd. #425
Arlington, VA 22204
Phone: (908) 276-7300, ext. 310
Fax: (908) 344-3927
Email: GBlackwell@atheists.org

RANDALL L. KALLINEN
U.S. Southern District of TX Bar No.:19417
State of Texas Bar No. 00790995
Alexander Johnson
State of Texas Bar No. 24123583
U.S. Southern District of TX Bar No.: 3679181

Kallinen Law PLLC
511 Broadway Street
Houston, Texas 77012

*Attorneys for Plaintiff Mari Oliver*

**CERTIFICATE OF SERVICE**

This is to certify that on January 18, 2022, the foregoing was electronically filed with the clerk of the Court for the United States District Court, Southern District of Texas, via the CM/ECF system, and was delivered to all attorneys of record.

/s/ Geoffrey T. Blackwell
GEOFFREY T. BLACKWELL